**L. Grant Foster, 7202**
gfoster@hollandhart.com
**Brett L. Foster, 6089**
bfoster@hollandhart.com
**Mark A. Miller, 9568**
mmiller@hollandhart.com
HOLLAND & HART LLP
60 East South Temple, Suite 2000
Salt Lake City, Utah 84111-1031
Telephone:  (801) 799-5800
Facsimile:  (801) 799-5700

*Attorneys for Plaintiff*
K-TEC, Inc.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **K-TEC, Inc.**, a Utah corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>**Vita-Mix Corp.**, an Ohio corporation,<br><br>    Defendant. | **MEMORANDUM IN OPPOSITION TO VITA-MIX CORPORATION'S MOTION TO CLARIFY OR AMEND THE STIPULATED PROTECTIVE ORDER**<br><br>Civil Case No. 2:06-CV-00108<br><br>Judge Tena Campbell<br>Magistrate Judge Paul M. Warner |

Plaintiff K-TEC, Inc. ("K-TEC") respectfully submits this Memorandum in Opposition to Vita-Mix Corporation's (Vita-Mix) Motion to Clarify or Amend the Stipulated Protective Order ("Motion").

# INTRODUCTION

K-TEC and Vita-Mix negotiated and agreed to the entry of a Stipulated Protective Order in this case. (Docket No. 19). Although the issue Vita-Mix raises in its Motion was clearly foreseeable at the time, the parties <u>did not agree</u> to preclude third-party discovery from relevant customers without first obtaining leave of Court. Thus, no special third-party discovery provision exists in the current Protective Order. Notwithstanding, Vita-Mix has employed extortive means to compel K-TEC to agree to a facially unreasonable amendment of the Protective Order by refusing to produce admittedly relevant and discoverable information that was formally requested over eight months ago. K-TEC would not capitulate to Vita-Mix's inappropriate demands, which would seriously and unduly increase the expense and time required to conduct routine third-party discovery. Vita-Mix continues to refuse relevant production until its unreasonable demands are met.

Because the parties have agreed to a blanket protective order, **the burden falls on Vita-Mix** to justify the additional protection it seeks by showing good cause under Rule 26(c). Vita-Mix cannot meet this heavy burden, and its conclusory "the-sky-is-falling" assertions that its business relationships are at risk have no basis in fact and ignore the prior course of dealings between the parties in this case. In fact, **K-TEC produced its customer information to Vita-Mix several months ago** under the current Protective Order without demanding any special third-party discovery provisions. Vita-Mix has no reasonable basis for refusing to do likewise.[1]

---

[1] K-TEC views Vita-Mix's Motion as simply a delay tactic to stall legitimate and necessary discovery in view of its recently-filed motion to stay. Similarly, Vita-Mix has recently attempted to stall noticed depositions merely because it has filed a motion to stay.

The obvious reason Vita-Mix wishes to make third-party discovery so burdensome on K-TEC is Vita-Mix knows such discovery will uncover further evidence of its willful infringement of K-TEC's patent. Concealing evidence of willful patent infringement, however, can never constitute good cause for a protective order. The Court should deny this Motion and order Vita-Mix to immediately comply with K-TEC's discovery requests.

## DISCUSSION

In cases where a party seeks to vacate or modify an existing protective order, four factors particularly aid the Court's analysis: (1) the nature of the protective order, (2) the foreseeability of the requested modification at the time the protective order was entered, (3) the parties' reliance on the protective order, and "most significantly" (4) whether good cause exists for the modification. *See Bayer AG and Miles, Inc. v. Barr Laboratories, Inc.*, 162 F.R.D. 456, 462-63 (S.D.N.Y. 1995); *Murata Mfg. Co., LTD. v. Bel Fuse, Inc.*, 234 F.R.D. 175, 179-80 (N.D. Ill. 2006). Although Vita-Mix relies on this same case law in bringing its Motion, it has completely ignored these factors in its briefing.

### I. VITA-MIX CANNOT SHOW GOOD CAUSE FOR AMENDING THE STIPULATED PROTECTIVE ORDER

Turning first to the most important factor, Vita-Mix cannot show good cause and, indeed, fails to even acknowledge its burden to do so. Vita-Mix's motion essentially presumes that the amendment it seeks is guaranteed unless K-TEC can show good cause for not amending the Protective Order. To the contrary, it is Vita-Mix that must show good cause to prevail on its Motion.

### A.   VITA-MIX BEARS THE BURDEN OF SUPPORTING ITS MOTION WITH A SHOWING OF GOOD CAUSE UNDER RULE 26(C)

Vita-Mix styles its motion as one to "clarify or amend" the Protective Order. It is clear, however, that Vita-Mix is seeking an amendment. There is nothing ambiguous about the current Protective Order. Nothing in the Protective Order can reasonably be construed as precluding third-party discovery from either party's customers without first obtaining leave of court. Vita-Mix half-heartedly cites the "Attorneys' Eyes Only" designation as implicitly imposing such a restriction. Vita-Mix is wrong, and the Protective Order is clear. The parties did not agree to any such restriction on third-party discovery. The fact that Vita-Mix invokes the word "clarify" in naming the present Motion is not evidence that such a provision reasonably exists within the current Protective Order. As Vita-Mix well knows, its Motion is clearly a motion for additional protection beyond the terms of the Protective Order.

Paragraph 20 of the Protective Order states: "Each party shall … have the right to petition the Court to modify this Protective Order or for additional protection **under Fed.R.Civ.P. 26(c)**." (Docket No 19) (emphasis added). Rule 26(c) places the burden of showing good cause on the party seeking protection. *See* Fed.R.Civ.P. 26(c). *See also Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986) ("Rule 26(c) places the burden of persuasion on the party seeking the protective order"). This Court recognizes that "the showing of good cause under Rule 26(c) is a heavy burden." *Grundberg v. Upjohn Co.*, 137 F.R.D. 372, 389 (D. Utah 1991). Indeed, "there is general unanimity among the courts that where a party to a stipulated protective order seeks to modify that protective order, that party must demonstrate **particular good cause** in order to gain relief from the agreed to protective order." *Jochims v. Isuzu Motors, Ltd.*, 145 F.R.D. 499, 501

(S.D. Iowa 1992) (citing cases) (emphasis added).  This heavy burden clearly falls on Vita-Mix, not K-TEC.

### B. VITA-MIX CANNOT MEET ITS BURDEN OF SHOWING GOOD CAUSE

#### 1. The Record Strongly Contradicts Vita-Mix's Conclusory Assertions That it Faces A Significant Business Risk

Vita-Mix's arguments take on an alarmist, paranoid tenor in seeking protection from routine third-party discovery.  In an attempt to create the impression of some threat to Vita-Mix's business, Vita-Mix puts forth nothing but conclusory statements like "any contact or discovery initiated by K-TEC is likely to have a significant chilling effect on Vita-Mix's customer relationships."  VM Memo. at 2-3.  Vita-Mix does not present a shred of factual support for its overreaching claims that a "significant risk" exists to justify modification of the Protective Order.  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."  *Grundberg*, 137 F.R.D. at 389 (quoting *Cipollone*, 785 F.2d at 1121).  *See also Anderson v. Cryovac*, 805 F.2d 1, 7 (1st Cir. 1986) ("A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements").

K-TEC agrees that "a patent owner may not use third-party discovery to disrupt an accused infringers business relationships."  VM Memo. at 3.  Simply crying "the sky is falling," however, does not make it so.  There is no evidence to suggest that third-party discovery conducted by K-TEC will unduly interfere with Vita-Mix's business relationships.  In fact, the established history of discovery in this case directly contradicts Vita-Mix's claims of probable harm.

4

For example, K-TEC already learned the identity of some of Vita-Mix's customers through "Attorneys' Eyes Only" email and other communications that were produced. Yet, K-TEC has not in any way harassed these entities, nor has it used the information to disrupt Vita-Mix's business. K-TEC also learned of two of Vita-Mix's suppliers through "attorneys' eyes only" documents and served subpoenas on those third parties requesting reasonable and relevant document production. Vita-Mix made absolutely no objection to this third-party discovery and has never even alleged that K-TEC's discovery requests were improper, unduly burdensome or harassing in any way.

K-TEC obviously has no intention of conducting unnecessary and disruptive discovery. Most of Vita-Mix's largest customers, like Jamba Juice, are already known to K-TEC and the public. In fact, there are few, if any, "secret" Vita-Mix customers. If K-TEC wanted to disrupt Vita-Mix's business relationships, it could easily send out mass-subpoenas throughout the industry requesting information relating to Vita-Mix's blending jars. K-TEC has no desire to pursue such an expansive inquiry. That is why it wants Vita-Mix to produce documents that will enable K-TEC to match up customer names with the customer numbers shown in Vita-Mix's sales data. K-TEC wants to narrowly identify which customers are likely to have relevant and discoverable information relating to Vita-Mix's willful patent infringement.

That Vita-Mix and K-TEC are direct competitors also undercuts Vita-Mix's argument. Every Vita-Mix customer is a potential K-TEC customer. K-TEC communicates with Jamba Juice (a current Vita-Mix customer) and others on a regular basis. K-TEC has every incentive to avoid upsetting or harassing these potential customers. Thus, Vita-Mix has absolutely no basis to suspect or assert that any discovery sought by K-TEC from its customers will be harassing or disruptive.

A modification to the Protective Order as requested by Vita-Mix will effectively impose a presumption that K-TEC will oppress and harass Vita-Mix's customers if given the chance. The record in this case demonstrates quite the contrary and strongly counsels against granting Vita-Mix's Motion.

### 2. The Third-Party Discovery K-TEC May Seek Cannot Be Obtained From Vita-Mix

Vita-Mix argues that "K-TEC has not identified any discovery that it cannot obtain directly from Vita-Mix that would require it to contact Vita-Mix's customers." VM Memo. at 4. This is simply not true. K-TEC provided Vita-Mix with a detailed explanation of the importance of third-party discovery from Vita-Mix's customers well over two months ago. (Ex. A).

Vita-Mix claims that it ceased all sales of an admittedly-infringing blending jar (the "old" jar) the very moment that K-TEC's '117 patent[2] issued in December 2005. According to Vita-Mix, all sales made after December 2005 were of a redesigned version of Vita-Mix's infringing jar (the "new" jar).[3] Verification of this allegation is not possible through Vita-Mix's own records, because Vita-Mix conveniently chose to retain and use the very same product numbers for both the old- and new-style blending jars, which K-TEC suspects was done to conceal Vita-Mix's sales of the old-style jar after the '117 patent issued. *See* Motion to Compel (Docket Nos. 50-51).[4]

Some third-party discovery has already revealed at least one entity that purchased Vita-Mix's old-style jar months after Vita-Mix claims to have stopped selling it. *Id*. This seriously

---

[2] U.S. Patent No. 6,979,117.

[3] The new Vita-Mix jar represents only an insubstantial change to the old Vita-Mix jar, and clearly infringes the '117 patent. However, because Vita-Mix admits that the old jar falls within the claims of the '117 patent, evidence that Vita-Mix continued selling the old jar after the '117 patent issued is clear evidence of willful infringement.

[4] K-TEC hereby incorporates the arguments presented in its Motion to Compel and supporting Memorandum in support of the present Motion.

challenges Vita-Mix's credibility. K-TEC is entitled to pursue a line of discovery through select Vita-Mix customers to determine whether they received the old jar or the new jar subsequent to the issuance of K-TEC's patent. Discovery is always allowed "to flesh out a pattern of facts already known … relating to an issue necessarily in the case." *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1326 (Fed. Cir. 1990).

This discovery cannot be obtained from Vita-Mix for obvious reasons. K-TEC does not believe Vita-Mix has been telling the truth. The whole purpose of the third-party discovery K-TEC may pursue is to show that Vita-Mix's story is not true, which will powerfully support a judgment of *willful* patent infringement. The discovery K-TEC may seek from Vita-Mix's customers will be very focused, relevant, and unimposing. If this discovery has any negative impact on Vita-Mix's business, it will only be due to the evidence of willful infringement that it uncovers. A desire to hide evidence of willful misconduct, however, will never constitute good cause under Rule 26(c).

### 3. **Vita-Mix's Proposed Amendment Unduly Burdens K-TEC and is Premature**

The protection Vita-Mix seeks will substantially and unduly burden K-TEC in its discovery efforts. The discovery deadline in this case is June 8, 2007. There is no reasonable basis to assume that K-TEC will pursue improper third-party discovery. Yet, Vita-Mix has already indicated that it will oppose **any** effort by K-TEC to conduct **any** discovery from **any** of its customers. *See* VM Memo. at 2. Thus, the provision Vita-Mix wants to add to the Protective Order is certain to unduly increase the burden, expense, and time required for K-TEC to seek routine third-party discovery by mandating unnecessary, time-consuming, and expensive motion practice. Discovery is the pursuit of facts and truth. Vita-Mix and its customers can seek

7

protection from a subpoena or other discovery requests as they are presented and to the extent they are improper. As it stands, however, Vita-Mix has withheld its customer information, and K-TEC has not yet served or even proposed a single subpoena or third-party discovery request for Vita-Mix to challenge. Vita-Mix's request for additional protection is, at the very least, premature if not wholly unfounded.

## II.   EVERY OTHER RELEVANT FACTOR COUNSELS AGAINST GRANTING VITA-MIX THE AMENDMENT IT SEEKS

### A.   NATURE OF THE PROTECTIVE ORDER

The Protective Order governing the present case is a "blanket" protective order, allowing the parties to selectively designate certain documents for the level of protection they desire. (Docket No 19). Blanket protective orders "are more difficult to modify or vacate when the parties have stipulated to them" as is the case here. *Murata*, 234 F.R.D. at 179-180 (citing *Bayer*, 162 F.R.D. at 465). The current Protective Order is an extensive 9-page document that was negotiated and agreed to by both K-TEC and Vita-Mix and ultimately approved and entered by the Court. It should be difficult for one party to unilaterally impose an amendment. Thus, this factor strongly supports denying Vita-Mix's Motion.

### B.   FORESEEABILITY

The foreseeability factor asks "whether the need for modification of the order was foreseeable at the time the parties negotiated the original stipulated protective order." *Bayer*, 162 F.R.D. at 466. "Not surprisingly, a party's oversight in not negotiating a provision in a protective order considering a matter which should have been reasonably foreseeable at the time of the agreement has been held not to constitute good cause for relief from the protective order." *Jochims*, 145 F.R.D. at 502.

8

The issue of customer information and its proper use was clearly within the contemplation of the parties at the time they negotiated and agreed to the Protective Order.  Paragraph 2 of the Protective Order defines "Confidential" information as including "customer information" and "customer, distributor or supplier contacts."  (Docket No. 19).  Paragraph 3 defines "Attorneys' Eyes Only" information as including "customer lists."  *Id*.  Thus, there was no doubt in the mind of either party that customer information would be available "for purposes of and use in this action."  *Id*. at ¶ 12.  It hardly needs mentioning that conducting discovery of third-parties is a foreseeable purpose and use of information produced in this case.

Importantly, the **only** basis on which Vita-Mix alleges a likelihood of harm is the fact that K-TEC and Vita-Mix are direct competitors.  This fact was well known to both parties at the time the Protective Order was negotiated.  Notwithstanding, the parties did not find it necessary nor appropriate to include a provision in the Protective Order that would preclude third-party discovery without first obtaining leave of Court.  Vita-Mix certainly could have requested such a provision, but it did not.  Accordingly, this factor also favors denial of Vita-Mix's Motion.

### C. RELIANCE

"[A] party which in good faith negotiates a stipulated protective order and then proceeds to produce documents pursuant to that protective order is entitled to the benefit of its bargain; namely, to rely upon the terms of the stipulated protective order."  *Jochims*, 145 F.R.D. at 502.  Here, both parties have produced thousands of documents under the Protective Order in this case.  Vita-Mix has done so in reliance on the terms of that Order.  K-TEC has done the same and is entitled to continue to rely on the terms of the Protective Order in the future.

Importantly, **K-TEC produced its customer list to Vita-Mix under the current Protective Order several months ago!** Why should not Vita-Mix do the same? K-TEC did not demand additional provisions be included in the Protective Order to curtail third-party discovery, and Vita-Mix did not suggest the inclusion of such a provision at the time K-TEC disclosed its customer information. It is quite clear the protection Vita-Mix seeks is unnecessary and only calculated to improperly delay and impede the discovery of facts that Vita-Mix does not want discovered. K-TEC is confident that Vita-Mix will maintain the confidentiality of its customer information and will not use it to improperly interfere with K-TEC's business relationships. Vita-Mix can be confident that K-TEC will do the same. This factor clearly supports denial of Vita-Mix's Motion and maintaining the status quo that the parties agreed to early on in this case.

## CONCLUSION

Vita-Mix brings the present Motion on the false and presumptive premise that any contact K-TEC may make with its customers to pursue discovery in this action will be unduly harassing and oppressive to Vita-Mix's business relationships. There is no factual support for these assertions, and they contradict the parties' prior dealings in this case. K-TEC is entitled to discover evidence of Vita-Mix's willful patent infringement from Vita-Mix's customers, because the documents produced by Vita-Mix have proven insufficient and unreliable. The Protective Order governing this case was stipulated by the parties, was entered by the Court, and is sufficient to protect the parties' confidential information in this case. Vita-Mix has failed to show good cause in support of its Motion, which is grossly premature. Indeed, the record clearly demonstrates good cause for K-TEC to pursue the third-party discovery it seeks. The Court should deny Vita-Mix's Motion.

Dated this 26th day of February, 2007.

                                              Respectfully Submitted,

                                              s/ Mark A. Miller
                                              L. Grant Foster
                                              Brett L. Foster
                                              Mark A. Miller
                                              HOLLAND & HART LLP

                                              *Attorneys for Plaintiff K-TEC, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2007, I electronically filed the foregoing **MEMORANDUM IN OPPOSITION TO VITA-MIX CORPORATION'S MOTION TO CLARIFY OR AMEND THE STIPULATED PROTECTIVE ORDER** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Marc T. Rasich
David L. Mortensen
Aaron T. Brogdon
STOEL RIVES LLP
201 South Main Street, Suite 1100
Salt Lake City, UT 84111

Michael L. Snyder
David T. Movius
David B. Cupar
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Suite 2100
Cleveland, OH  44114

Edward G. Greive
Ray L. Weber
Laura J. Gentilcore
RENNER KENNER GREIVE BOBAK TAYLOR & WEBER
Fourth Floor, First National Tower
Akron, OH 44308-1456

/s/ Barbara Thurgood