**L. Grant Foster, 7202**
gfoster@hollandhart.com
**Brett L. Foster, 6089**
bfoster@hollandhart.com
**Mark A. Miller, 9568**
mmiller@hollandhart.com
HOLLAND & HART LLP
60 East South Temple, Suite 2000
Salt Lake City, Utah 84111-1031
Telephone: (801) 799-5800
Facsimile: (801) 799-5700

*Attorneys for Plaintiff*
K-TEC, Inc.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **K-TEC, INC.**, a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**VITA-MIX CORP.**, an Ohio corporation,<br><br>Defendant. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PROTECTIVE ORDER, TO QUASH SUBPOENAS, AND FOR ATTORNEYS' FEES AND COSTS PURSUANT TO RULE 45(c)(1)**<br><br>Civil Case No. 2:06-CV-00108<br><br>Judge Tena Campbell<br>Magistrate Judge Paul M. Warner |

Plaintiff K-TEC, Inc. and its counsel, Holland & Hart, LLP ("K-TEC"), present the following memorandum in support of its Motion for Protective Order, to Quash Subpoenas, and for Attorneys' Fees and Costs Pursuant to Rule 45(c)(1).

# INTRODUCTION

In June 2006, Defendant Vita-Mix Corporation ("Vita-Mix") voluntarily and purposefully *withdrew* all allegations and claims of inequitable conduct, patent unenforceability, and unfair competition when it filed its amended answer and counterclaim. Vita-Mix did so after recognizing that such allegations and claims must be pled with particularity under Rule 9 of the Federal Rules of Civil Procedure. Nearly four months later, the October 2006 deadline for amending the pleadings passed without Vita-Mix making any attempt to resurrect its abandoned allegations and claims. Indeed, during the ten months that have passed since Vita-Mix withdrew its general inequitable conduct allegations, Vita-Mix has failed to discover any evidence that would support a particular allegation or claim of inequitable conduct or unfair competition against K-TEC.

Now, just two months prior to the discovery cut-off date, and just days after the Court denied Vita-Mix's motion to stay the case, Vita-Mix has sought, *for the first time*, to depose of L. Grant Foster, one of K-TEC's trial attorneys in this case from Holland & Hart, LLP. K-TEC was understandably surprised by this tactic, especially given Vita-Mix's explanation that Grant Foster's testimony was relevant to claims of inequitable conduct, which Vita-Mix abandoned over ten months ago. Although K-TEC reminded Vita-Mix that there are no allegations of inequitable conduct raised in the pleadings, Vita-Mix served Mr. Foster and Holland & Hart with subpoenas seeking documents and Mr. Foster's deposition on these nonexistent and abandoned claims.

There is not a good faith basis for Vita-Mix's subpoenas. All the factual, non-privileged information that Mr. Foster possesses relating to this case can be obtained directly through other

K-TEC's witnesses and the public file history of the asserted '117 patent.[1] Questions pertaining to inequitable conduct are clearly not relevant to the issues in this case. Vita-Mix's last-ditch attempt to depose K-TEC's trial counsel on non-existent claims and defenses can only be a deliberate attempt at harassment and will unquestionably result in undue burden and expense on K-TEC and its counsel. K-TEC's motion for protective order should be granted and Vita-Mix's subpoenas should be quashed.

In addition, Thomas D. Walk, the attorney that issued the subpoenas, took no steps, let alone reasonable steps, to ensure that the subpoenas were appropriate and would not impose an undue burden or expense upon K-TEC and its counsel. Accordingly, K-TEC should be awarded the attorneys' fees and costs required to respond to the two subpoenas.

## STATEMENT OF FACTS

1. K-TEC filed the instant lawsuit on February 6, 2006. (Docket No. 1.)

2. The case was consolidated with a second infringement action filed by K-TEC in April 2006. (Docket No. 3.)

3. Vita-Mix filed its initial Answer and Counterclaim on May 22, 2006. (Docket No. 8.) In its original Answer and Counterclaim, Vita-Mix raised the following vague and unsupported allegations of patent unenforceability:[2]

- In its original Sixth Affirmative Defense, Vita-Mix alleged that the '117 patent was "unenforceable" and also alleged that K-TEC failed to comply with its duty of candor pursuant to 37 C.F.R. § 1.56. *Id*. at 4.

---

[1] U.S. Patent No. 6,979,117.

[2] A patent may be held unenforceable for inequitable conduct if the patent applicant breached its duty of candor to the United States Patent and Trademark Office (PTO) under 37 C.F.R. § 1.56 by withholding material information from the PTO during the prosecution of the patent application. *Board of Education ex. rel. Bd. of Trustees of Florida State University v. American Bioscience, Inc.*, 333 F.3d 1330, 1343 (Fed. Cir. 2003).

- It its original Eighth Affirmative Defense, Vita-Mix alleged that the '117 patent was "unenforceable." *Id*. at 5.

- In its original declaratory judgment counterclaim, Vita-Mix alleged that the '117 patent was "void and unenforceable." *Id*. at 6.

- In its original unfair competition counterclaim, Vita-Mix accused K-TEC of unfair competition, alleging that K-TEC asserted infringement of the '117 patent "with knowledge that the patent is invalid, unenforceable, and/or not infringed." *Id*. at 7.

- It is original prayer for relief, Vita-Mix sought a declaratory judgment of non-infringement, invalidity, and unenforceability. *Id*. at 7-8.

4. On May 25, 2006, K-TEC advised Vita-Mix that inequitable conduct allegations challenging the enforceability of a patent must be pled with particularity under Rule 9 of the Federal Rules of Civil Procedure, and requested "that Vita-Mix either amend its pleading to satisfy Rule 9 in this regard, or re-file an appropriate pleading without any inequitable conduct/unenforceability allegations." Foster Letter, May 25, 2006 (Ex. A). K-TEC also indicated that the allegations of unclean hands and patent misuse should also be pled under Rule 9 or stricken from the pleading. *Id.* Finally, K-TEC asserted that the counterclaim of unfair competition failed to have legal support, and was likely preempted by the Patent Act. *Id.*

5. On May 31, 2006, Vita-Mix expressly "agree[d] to remove references to inequitable conduct and unenforceability in its answer and counterclaim." Rasich Letter, May 31, 2006 (Ex B). Vita-Mix indicated that it was unwilling at that time to remove patent misuse, unclean hands and unfair competition allegations. *Id*.

6. The next day, K-TEC acknowledged Vita-Mix's agreement to remove the inequitable conduct and unenforceability allegations from its answer and counterclaim, and again

urged Vita-Mix to remove its unfounded unfair competition, unclear hands, and patent misuse claims. Foster Letter, June 1, 2006 (Ex. C).

7. In response, on June 14, 2006, Vita-Mix filed its Amended Answer and Counterclaim, which ***eliminated all allegations and claims of inequitable conduct, unenforceability, and unfair competition***. (Docket No. 10.) Specifically:

- In its amended Sixth Affirmative Defense, Vita-Mix deleted the term "unenforceability" and also deleted its allegation that K-TEC violated its duty of candor under 37 C.F.R. § 1.56. *Id*. at 4.

- In its Amended Answer, Vita-Mix withdrew its original Eighth Affirmative Defense in its entirety, which alleged that the '117 patent was unenforceable. *Id*.

- In its amended declaratory judgment counterclaim, Vita-Mix deleted the allegation that the '117 patent was "void and unenforceable." *Id*. at 6.

- In its amended counterclaim, Vita-Mix completely abandoned its unfair competition claim in its entirety. *Id*.

- In its amended prayer for relief, Vita-Mix removed its request for a judgment of patent unenforceability. *Id*.

8. In July 2006, Vita-Mix served K-TEC with interrogatories, document requests, and admission requests, to which K-TEC responded on September 21, 2006.

9. Pursuant to the Court's Scheduling Order, the deadline to amend pleadings passed on October 2, 2006. (Docket No. 17, p. 3.) Despite having months to conduct discovery, Vita-Mix made no effort or attempt to amend its pleadings and revive its abandoned inequitable conduct allegations prior to the amendment deadline. Vita-Mix has also never identified Mr. L. Grant Foster as a potential witness in its Initial Disclosures or subsequent discovery responses.

10. Discovery in this case is currently set to end on June 8, 2007. The case is currently scheduled to be ready for trial on November 15, 2007. (Docket No. 17, p. 2.)

11. On April 9, 2007, over 14 months after this case began, Vita-Mix indicated *for the first time* that it wanted to depose K-TEC's trial counsel, L. Grant Foster. Walk E-Mail, April 9, 2007 (Ex. D). In fact, Vita-Mix explained that it wanted to take Mr. Foster's deposition "first" before deposing any other witnesses. *Id*.

12. On April 11, 2007, Thomas D. Walk of the law firm of Kirton & McConkie issued and caused to be served upon L. Grant Foster and Holland & Hart two subpoenas; one purporting to command production of documents and another to compel production of documents and appearance at a deposition. *See* Exhibit A to the present Motion. Prior to serving these subpoenas, however, Vita-Mix and its counsel had failed to uncover any evidence that would support a defense or claim of inequitable conduct, unenforceability, or unfair competition, and had never sought leave to amend the pleadings to include such allegations.

13. Vita-Mix explained that it was seeking Mr. Foster's deposition pertaining to "allegations of unenforceability of the '117 patent based upon improper acts committed before the USPTO." Snyder Letter, April 11, 2007 (Ex. E). Indeed, to garner purported support for the proposition, Vita-Mix incredibly asserted that claims of unenforceability based upon inequitable conduct "have been, and continue to be, asserted in Vita-Mix's pleadings." *Id*.

14. Recognizing that Vita-Mix's current counsel entered the case nearly eight months after Vita-Mix abandoned its inequitable conduct allegations, K-TEC provided Vita-Mix's new counsel with a detailed explanation of the history of Vita-Mix's pleadings. Foster Letter, April 11, 2007 (Ex. F).

15. Notwithstanding K-TEC's reasonable efforts to resolve this dispute short of Court intervention, Vita-Mix continues to seek the deposition of K-TEC's trial counsel without justification. *See* Snyder Letter, April 13, 2007 (Ex. G).

Based upon the foregoing facts, K-TEC's motion for protective order and to quash the subpoenas should be granted.

# ARGUMENT

Vita-Mix cannot meet its heavy burden to justify deposing K-TEC's trial counsel. First, the information Vita-Mix seeks cannot be critical to the preparation of Vita-Mix's case, because Vita-Mix has failed to plead a claim or defense of inequitable conduct. Second, not only is the information not relevant to this dispute, the information is privileged and relates to Mr. Foster's representation of K-TEC. Finally, Vita-Mix cannot show that K-TEC's counsel is the only source of any non-privileged information it seeks. Accordingly, the present Motion should be granted and Vita-Mix should be ordered to pay K-TEC's attorneys' fees and costs associated with opposing the unjustified subpoenas.

## II. THE LEGAL STANDARDS

### A. STANDARD FOR SEEKING DISCOVERY FROM OPPOSING COUNSEL

The "tactic of seeking discovery from adversary counsel" is generally disfavored and not to be routinely granted. *Gould Inc. v. Mitsui Mining & Smelting Co., Ltd.*, 825 F.2d 676, 680 n. 2 (2d Cir.1987) (citing *Hickman v. Taylor*, 329 U.S. 495, 513 (1947)). "[D]epositions of opposing counsel should be limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and non-privileged; ***and*** (3) the information is crucial to the preparation of the case." *Boughton v. Cotter Corp.*, 65 F.3d 823, 829-830 (10th Cir. 1995) (citing *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)) (emphasis added). The district court "has the *discretion* under Rule 26(c) to issue a protective order against the deposition of opposing counsel when any one or more of the three *Shelton* criteria for deposition listed above are *not* satisfied." *Id*. (emphasis in original).

1

The Tenth Circuit cited the following rationale from *Shelton* with approval:

> Taking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and cost of litigation. It is not hard to imagine additional pretrial delays to resolve work-product and attorney-client objections, as well as delays to resolve collateral issues raised by the attorney's testimony. Finally, the practice of deposing counsel detracts from the quality of client representation. Counsel should be free to devote his or her time and efforts to preparing the client's case without fear of being interrogated by his or her opponent.

*Id*. (quoting *Shelton*, 805 F.2d at 1327).

### B. INEQUITABLE CONDUCT AND PATENT UNENFORCEABILITY

"A party seeking to have a patent declared unenforceable has a heavy burden to meet," which requires proof of intentional deception against the PTO by clear and convincing evidence. *Hoffmann-La Roche, Inc. v Promega Corp.*, 323 F.3d 1354, 1359 (Fed. Cir. 2003). Unsupported charges of inequitable conduct in patent cases has been "an absolute plague" for decades. *See Burlington Industries, Inc. v. Dayco Corp.*, 849 F.2d 1418, 1422 (Fed. Cir. 1988) (explaining that the charge of inequitable conduct "was formerly known as 'fraud on the Patent Office,' a more pejorative term, but the change in name does not make the thing itself smell any sweeter"). Accordingly, like fraud, inequitable conduct claims "must be pleaded with particularity" and are "subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b)." *Ferguson v. Beauregard/Logic Controls v. Mega Systems, LLC.*, 350 F.3d 1327, 1344 (Fed. Cir. 2003).

### III. VITA-MIX CANNOT MEET THE *SHELTON* CRITERIA

#### A. THE INFORMATION VITA-MIX SEEKS FROM K-TEC'S COUNSEL IS NOT RELEVANT AND CERTAINLY NOT CRUCIAL TO ITS CASE

After K-TEC advised Vita-Mix of the Rule 9 pleading requirement, Vita-Mix recognized that it could not plead a case of inequitable conduct with particularity and promptly withdrew the naked inequitable conduct allegations set forth in its original Answer and Counterclaim. This happened ten months ago. Vita-Mix has since made no attempt to amend its pleadings to re-assert its inequitable conduct claims and allegations. Thus, there is absolutely no question that there are ***no inequitable conduct allegations raised by Vita-Mix in this case***. Vita-Mix's assertions to the contrary are frivolous.

Notwithstanding the unambiguous history and content of its pleadings, Vita-Mix has served subpoenas seeking documents and testimony from K-TEC's trial counsel, which Vita-Mix admits are relevant only to the issue of inequitable conduct. (Ex. E) That issue, however, is not present in this case. Vita-Mix ***never*** pled any inequitable conduct allegations with the requisite particularity under Rule 9 and affirmatively abandoned its general allegations long ago. Thus, the testimony Vita-Mix seeks from K-TEC's trial counsel is not relevant nor likely to lead to the discovery of admissible evidence relating to the claims and allegations in this case. Such testimony certainly cannot be considered "crucial" to Vita-Mix's case. If it were crucial, it would have found its way into Vita-Mix's pleadings at some point prior to the October 2, 2006 amendment deadline.

3

3696705_2.DOC

### B. VITA-MIX CANNOT DEMONSTRATE THAT K-TEC'S COUNSEL IS THE ONLY SOURCE FOR ANY NON-PRIVILEGED, RELEVANT INFORMATION IT SEEKS

Instead of taking other depositions from fact witnesses to see what information could be obtained, Vita-Mix wants to take Mr. Foster's deposition *first*. The subpoenas directed to Mr. Foster, including the subpoena for the taking of his deposition, were the first deposition actions taken by Vita-Mix in this case. Vita-Mix has done nothing to fully explore any matters that are relevant in the case from other witnesses, including the inventor of K-TEC's '117 patent. Under these circumstances, allowing the deposition of opposing counsel is clearly improper. *See, e.g.*, *Boughton*, at 830 ("it is certainly not too much to expect the plaintiffs to make a reasonable effort to seek the information from" sources other than defense counsel). Vita-Mix simply cannot identify any information relevant to claims and defenses at issue in this case that can only be had from K-TEC's trial counsel.

### C. THE INFORMATION VITA-MIX SEEKS IS PRIVILEGED

Rule 45(c)(3)(A)(iii) states that the district court "shall quash … the subpoena if it … requires disclosure of privileged or other protected matter." The scope of Vita-Mix's subpoenas clearly intrude upon work-product documents and attorney-client privileged communications. The subpoenas seek information in Mr. Foster's possession relating to his prosecution of the '117 patent. At the time Mr. Foster was working with K-TEC and prosecuting the application that issued as the '117 patent, Vita-Mix had already copied K-TEC's invention and was selling it. Mr. Foster's mental impressions and work-product during that time was in anticipation of the present litigation, which K-TEC filed within weeks of the '117 patent issuing. Thus, any information in Mr. Foster's possession outside the public prosecution history of the '117 patent is privileged. Vita-Mix has full access to the prosecution history of the '117 patent. Vita-Mix

can depose the inventor of the '117 patent and other fact witnesses with knowledge of the case. The only issue to which Mr. Foster's mental impressions, confidential work-product, and subjective knowledge could possibly be relevant is a claim of inequitable conduct, *which does not exist in this case*. Requiring K-TEC's counsel to divulge confidential and privileged materials that have no relevance to the pleaded issues in this case would unquestionably impose an undue burden on both K-TEC and its counsel and would seriously intrude on the sanctity of the attorney-client relationship.

At this stage, a substantial amount of written discovery has taken place. The fact that Vita-Mix never even attempted to resurrect its inequitable conduct allegations before the amendment deadline simply demonstrates that *there is no evidence* to support an allegation of inequitable conduct against K-TEC or its counsel in this case. Vita-Mix should not be allowed to conduct a fishing expedition by deposing Mr. Foster now. Doing so would encourage dilatory behavior and condone harassing tactics. Vita-Mix cannot establish any one of the *Shelton* criteria. Accordingly, K-TEC's Motion should be granted and the subpoenas quashed.

**D. WHEN NO PARTICULAR ALLEGATIONS OF INEQUITABLE CONDUCT HAVE BEEN PLED, THERE IS NO JUSTIFICATION FOR DEPOSING OPPOSING COUNSEL IN A PATENT CASE**

This Court should be guided by the judicious reasoning of the Southern District of New York, which recently handled a situation remarkably similar to the present Motion. In *Resqnet.com, Inc. v. Lansa, Inc.*, 2004 WL 1627170, 59 F.R.Serv.3d 122 (S.D.N.Y. 2004) (copy attached as Ex. H), the defendant sought to depose the attorney that prosecuted the patents in suit and also acted as the plaintiff's litigation counsel. The defendant in that case, like Vita-Mix here, asserted that plaintiff's counsel's deposition was "necessary in light of [defendant's]

affirmative defense of inequitable conduct." *Id*. at 3. However, the court found that "[defendant] has not made any allegations concerning specific prior art concealed adequate to establish an affirmative defense of inequitable conduct," and further indicated that it would not infer an affirmative defense of inequitable conduct from general allegations that the asserted patents were "unenforceable" nor from a reservation of rights "to assert additional, unspecified affirmative defenses" in the future. *Id.* at 4. Accordingly, the district court found that the defendant was "not entitled to depose [plaintiff's counsel] on issues that have not been pled." *Id.* at 4.

Under the reasoning of *Resqnet.com*, Vita-Mix's original inequitable conduct allegations would have been insufficient to justify deposing Grant Foster, even if they had never been withdrawn, because they were not pled with particularity pursuant to Rule 9. Here, K-TEC directly challenged Vita-Mix's naked inequitable conduct and unenforceability claims at the outset of this case, and Vita-Mix voluntarily withdrew all inequitable conduct claims. Thus, the merits of K-TEC's Motion are even more compelling than the motion granted in *Resqnet.com*. Vita-Mix simply cannot argue in good faith that it has pleaded and preserved a claim of inequitable conduct, when long ago it expressly stated: "Vita-Mix will agree to remove references to inequitable conduct and unenforceability in its answer and counterclaim," and in fact did so in its subsequent pleadings.

In an effort to expand the scope of possible relevance of the deposition of counsel, the defendant in *Resqnet.com* also argued that the testimony was relevant to claim construction, because it concerned the prosecution of the five patents in suit. *Id*. The district court noted, however, that the defendant had already deposed the inventors and further stated:

> The prosecution histories speak for themselves, and the relevant inquiry in terms of prior art and claim construction is how one of ordinary skill in the art would interpret and understand those prosecution histories, not what Resqnet's litigation counsel thinks about them. *See Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1585 (Fed. Cir. 1996). As [defendant] has not specified particular subjects not already covered by prior discovery and has not indicated why the information has not been or cannot be obtained through means other than [plaintiff's counsel's] testimony, it has not established the need for [counsel's] deposition with regard to the prosecution history of various patents.

*Id.*

To the extent Vita-Mix attempts to broaden its claim of relevance regarding the testimony of Grant Foster, the same analysis applies here. Vita-Mix has indicated a desire to take the deposition of the inventor of the '117 patent and other K-TEC employees that are knowledgeable concerning the facts of this case. The prosecution histories relating to the '117 patent speak for themselves. Grant Foster's subjective views, impressions, or opinions with regard to the prosecution history are entirely irrelevant to the interpretation of the '117 patent claims and the determination of infringement and validity. Infringement and validity are the only material issues in this case. Vita-Mix cannot show that any relevant, non-privileged information potentially within Mr. Foster's possession could not be obtained through deposing the inventor or other witnesses. Indeed, Vita-Mix made no attempt to depose anyone for over a year of discovery proceedings in this case, but now demands to depose Mr. Foster before any other witness. Accordingly, Vita-Mix should not be allowed to depose K-TEC's trial counsel. *Id.* (denying defendant's request to depose plaintiff's patent counsel, because "it has not shown that such information could not be obtained for a variety of expert and fact witnesses, without resorting to the deposition of [counsel]").

It is important to recognize that the Southern District of New York granted the motion to quash the subpoena in *Resqnet.com*, even though it rejected the rule of *Shelton* as too "rigid" in favor of the more "flexible approach" established by the Second Circuit. *Id.* at 2 (citing *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65 (2d Cir. 2003)). Because the Tenth Circuit applies the more rigid *Shelton* test, and because Vita-Mix voluntarily withdrew its affirmative defense and counterclaim of inequitable conduct, K-TEC's motion for protective order and to quash the subpoenas should be granted.

## IV. K-TEC IS ENTITLED TO ITS FEES AND COSTS IN OPPOSING THE SUBPOENAS

Rule 45(c)(1) requires an attorney or a party to "take reasonable steps to avoid imposing undue burden or expense on a person" before issuing a subpoena. The Rule further states that the district court "shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction." Because Vita-Mix recently retained new counsel, K-TEC provided Vita-Mix's counsel with a detailed history showing Vita-Mix's unambiguous and voluntary withdrawal of its inequitable conduct claims over ten months ago. (Ex. F). Notwithstanding, Vita-Mix has maintained its facially erroneous position that "allegations of the unenforceability of the '117 patent based on improper acts committed before the USPTO have been, and continue to be, asserted in Vita-Mix's pleadings." (Ex. E). The non-existent inequitable conduct allegations are the only basis on which Vita-Mix seeks to depose K-TEC's counsel. There can be no doubt that Vita-Mix and its counsel failed to take reasonable steps to ensure its subpoenas would not impose undue burden. Indeed, Vita-Mix's motive can only be seen as deliberately harassing, where it has not even tried to depose any other witnesses before demanding the deposition of K-TEC's trial counsel. In granting the present Motion, the Court

8

3696705_2.DOC

should also award K-TEC its fees and costs in opposing Vita-Mix's frivolous subpoenas and impose any other sanction on Vita-Mix and its counsel that the Court deems appropriate.

Dated this 16th day of April, 2007.

                                          HOLLAND & HART, LLP

                                          /s/ Brett L. Foster
                                          L. Grant Foster
                                          Brett L. Foster
                                          Mark A. Miller

                                          *Attorneys for Plaintiff*
                                          K-TEC, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2007, I electronically filed the foregoing **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PROTECTIVE ORDER, TO QUASH SUBPOENAS, AND FOR ATTORNEYS' FEES AND COSTS PURSUANT TO RULE 45(c)(1)** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

>Michael L. Snyder
>David T. Movius
>David B. Cupar
>MCDONALD HOPKINS LLC
>600 Superior Avenue, East, Suite 2100
>Cleveland, OH 44114
>
>Dax D. Anderson
>Thomas D. Walk
>Todd E. Zenger
>KIRTON & MCCONKIE
>60 East South Temple, #1800
>Salt Lake City, UT 84111-1004

/s/ TraciLyn Hales