**L. Grant Foster, 7202**
gfoster@hollandhart.com
**Brett L. Foster, 6089**
bfoster@hollandhart.com
**Mark A. Miller, 9568**
mmiller@hollandhart.com
HOLLAND & HART LLP
60 East South Temple, Suite 2000
Salt Lake City, Utah 84111-1031
Telephone: (801) 799-5800
Facsimile: (801) 799-5700

*Attorneys for Plaintiff*
K-TEC, Inc.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **K-TEC, INC.**, a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**VITA-MIX CORP.**, an Ohio corporation,<br><br>Defendant. | **MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER RE: NOTICE OF DEPOSITION OF THOMAS DICKSON**<br><br>Civil Case No. 2:06-CV-00108<br><br>Judge Tena Campbell<br>Magistrate Judge Paul M. Warner |

Plaintiff K-TEC, Inc. ("K-TEC") respectfully submits this Memorandum in Support of its Motion for Protective Order regarding the Notice of Deposition for Thomas Dickson.

Immediately after the Court denied Defendant Vita-Mix Corporation's ("Vita-Mix") motion to stay, counsel for K-TEC coordinated with counsel for Vita-Mix concerning the depositions K-TEC has been pursuing for months. As the Court is aware, these depositions have been significantly delayed through a series of motions relating to Vita-Mix's desire to stay this case. Within a few days, Vita-Mix provided some proposed deposition dates for three of the six

witnesses K-TEC had originally noticed. Vita-Mix indicated that one witness (Mr. Boozer) was available for deposition on May 9, 2007 in Ohio. *See* Walk e-mail, April 9, 2007, Ex. A. K-TEC has been trying to get Mr. Boozer's deposition, as well as others, for months. Accordingly, when Vita-Mix provided a date, K-TEC immediately noticed the deposition. *See* Boozer notice of deposition, Ex. B.

Vita-Mix's April 9, 2007 email communication was the first ever request from Vita-Mix for available date to depose specific K-TEC witnesses. *Id.* Accordingly, on April 10, 2007, K-TEC informed Vita-Mix that it had not yet discussed deposition scheduling with K-TEC, but would do so promptly and provide Vita-Mix with the availability of the witnesses as soon as possible. *See* Foster Letter, April 10, 2007, Ex. C. The very next day – before K-TEC had an opportunity to coordinate with its client and obtain available deposition dates – Vita-Mix inexplicably noticed the deposition of Thomas Dickson for May 9, 2007 in Salt Lake City, the same day on which the parties had already agreed to hold the deposition of Mr. Boozer in Ohio. *See* deposition notice of Thomas Dickson, Ex. D. K-TEC immediately advised Vita-Mix of the conflict, and requested that it withdraw the deposition notice. K-TEC has provided several potential dates for Mr. Dickson's deposition. *See* Foster email, April 14, 2007, Ex. E. Vita-Mix has indicated that it is "happy to work with [K-TEC] on an alternative date for the deposition of Mr. Dickson." Snyder Letter, April 13, 2007, Ex. F. To date, however, Vita-Mix has been unable or unwilling to withdraw the deposition notice. K-TEC has filed the present Motion to obtain the automatic stay provided under DUCivR 26-2, but continues to hope that Vita-Mix will follow through with selecting a mutually-agreeable date for Mr. Dickson's deposition.

Mr. Dickson is the President of K-TEC and the inventor of the invention claimed in K-TEC's '117 patent. Vita-Mix is certainly entitled to take his deposition, but Vita-Mix should be required to do so when it does not conflict with a previously-scheduled deposition occurring in Ohio, and when Mr. Dickson is reasonably available. Mr. Dickson is not available for deposition on May 9, 2007. Even if he were, the Court should enter a protective order to protect K-TEC from the undue burden and expense of forcing its counsel to depose one witness in Ohio at the same time as defending Mr. Dickson's deposition in Utah. *See* Fed. R. Civ. P. 26(c).

Rule 30 requires that the party desiring a deposition reasonably notice the deposition. K-TEC has been seeking depositions for months and finally obtained a mutually-agreeable date for Mr. Boozer. K-TEC immediately noticed Mr. Boozer's deposition for the agreed May 9, 2007 date in Ohio. It is patently unreasonably for Vita-Mix to subsequently schedule Mr. Dickson's deposition on the same day in Salt Lake City, Utah, especially where K-TEC has provided several dates on which Mr. Dickson is available and May 9, 2007 is not one of those dates. Accordingly, K-TEC's motion for protective order should granted. A proposed order is submitted herewith as Exhibit G.

Dated this 16th day of April, 2007.

    HOLLAND & HART, LLP

    /s/ Brett L. Foster
    L. Grant Foster
    Brett L. Foster
    Mark A. Miller

    *Attorneys for Plaintiff*
    K-TEC, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2007, I electronically filed the foregoing **MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER RE: NOTICE OF DEPOSITION OF THOMAS DICKSON** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

>Michael L. Snyder
>David T. Movius
>David B. Cupar
>MCDONALD HOPKINS LLC
>600 Superior Avenue, East, Suite 2100
>Cleveland, OH 44114
>
>Dax D. Anderson
>Thomas D. Walk
>Todd E. Zenger
>KIRTON & MCCONKIE
>60 East South Temple, #1800
>Salt Lake City, UT 84111-1004

              /s/ TraciLyn Hales