Thomas D. Walk (#5555)
Todd E. Zenger (#5238)
Dax D. Anderson (#10168)
KIRTON & McCONKIE, PC
1800 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT 84145
Telephone: (801) 328-3600
Facsimile: (801) 321-4893

Michael L. Snyder (*pro hac vice*)
David T. Movius (*pro hac vice*)
David B. Cupar (*pro hac vice*)
McDONALD HOPKINS LLC
600 Superior Avenue, E., Suite 2100
Cleveland, OH 44114
Telephone: (216) 348-5400
Facsimile: (216) 348-5474

*Attorneys for Vita-Mix Corporation*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **K-TEC, INC.,** a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>**VITA-MIX CORP.**, an Ohio corporation,<br><br>Defendant. | **VITA-MIX CORPORATION'S MEMORANDUM IN OPPOSITION TO K-TEC, INC.'S MOTION FOR PROTECTIVE ORDER, TO QUASH SUBPOENAS, AND FOR ATTORNEYS' FEES AND COSTS PURSUANT TO RULE 45(C)(1)**<br><br>Case No. 2:06cv00108<br><br>Judge Tena Campbell<br><br>Magistrate Judge Paul M. Warner |

Vita-Mix Corporation ("Vita-Mix") respectfully submits this memorandum in opposition to K-TEC, Inc.'s ("K-TEC") Motion for Protective Order, to Quash Subpoenas, and for Attorneys' Fees and Costs Pursuant to Rule 45(c)(1) ("Motion") (Dkt. No. 116).

{1181271:2}

I.  **INTRODUCTION**

As is common during discovery in patent and trademark infringement cases, Vita-Mix seeks the deposition of L. Grant Foster, the prosecuting attorney for U.S. Patent No. 6,979,117 (the "'117 patent"), and the related documents in the possession of his firm Holland & Hart LLP ("Holland & Hart"). Mr. Foster is a necessary fact witness who has sole first-hand knowledge on key non-privileged facts in this case because he prosecuted the application for the patent-at-issue, the '117 patent, and each application relating to the '117 patent. Likewise, Holland & Hart also has key non-privileged documents in its possession, custody or control pertaining to the preparation and prosecution of the '117 patent and related applications.

While K-TEC claims to be "understandably surprised" by Vita-Mix seeking such ordinary and necessary discovery, it should not be. As one Court has explained, "when a party employs a counsel to represent it in a case where an attorney has played a role in the underlying facts, *both the attorney and the party have every reason to expect that the attorney's deposition may be requested.*" *United Phosphorous Ltd., v. Midland Fumigant, Inc.,* 164 F.R.D. 245, 249 (D. Kan. 1995) (allowing discovery of litigation counsel who also served as prosecution counsel) (emphasis added). Accordingly, discovery of Mr. Foster and Holland & Hart are proper and K-TEC's Motion should be denied for at least the following six reasons:

*First*, it is well settled that in patent infringement cases, the individuals who prosecuted the '117 patent can be and are routinely deposed due to their exclusive, first-hand knowledge and relevant mental impressions of the facts that are material and relevant to an accused infringer's defenses. This is particularly true in this case because: (i) Mr. Foster was solely responsible for preparing documents and conducting *ex parte* written and oral communications with the United States Patent and Trademark Office ("USPTO") during prosecution; (ii) Mr. Foster's patent

preparation and USPTO communications are non-privileged, are not protected by work product, and are highly relevant to Vita-Mix's claims and defenses including at least inequitable conduct and invalidity; and (iii) Mr. Foster's deposition (and later trial) testimony along with documents to be produced are crucial to this case because the document and deposition topics bear directly on Vita-Mix's claims and defenses. K-TEC has not argued any basis that would overcome this well-settled basis for the subpoenaed discovery.

***Second***, K-TEC, Mr. Foster and Holland & Hart cannot shield themselves from discovery merely because Mr. Foster is part of K-TEC's trial counsel team. K-TEC made the knowing decision to retain Mr. Foster as trial counsel, and courts have routinely held that trial counsel who was also prosecution counsel, can be deposed. *See United Phosphorous,* 164 F.R.D. at 249.

***Third***, numerous courts have flatly rejected K-TEC's claim that Mr. Foster's work during patent prosecution constitutes "work product" and have instead held that work done during prosecution is expressly separate from litigation such that it is ***not*** "work product."

***Fourth,*** K-TEC's last-ditch argument that Vita-Mix is not allowed to seek highly relevant discovery because Vita-Mix's claims and defenses somehow were not technically pled correctly is wholly without merit. As set forth in Vita-Mix's motion for leave to amend its answer to add new and additional facts to its existing affirmative defenses and to add a counterclaim consistent with those additional facts. (Dkt. No. 121). Therefore, discovery regarding Mr. Foster and Holland & Hart is proper regardless of how the Court rules on Vita-Mix's motion for leave to amend its answer.

***Fifth,*** K-TEC falsely states that Mr. Foster was the first deposition Vita-Mix sought. In fact, Vita-Mix provided K-TEC a list of individuals to be deposed that included Mr. Foster and

iii

asked for suitable deposition dates for each of those individuals. Vita-Mix subpoenaed Mr. Foster and Holland & Hart only after K-TEC refused to proceed without issuance of a subpoena.

**Sixth,** K-TEC's Motion should be denied because K-TEC failed to meet and confer with Vita-Mix regarding this discovery issue before filing its Motion as required by Fed. R. Civ. P. 26(c) and DUCivR 37-1.

## II. FACTUAL BACKGROUND

Mr. Foster and Holland & Hart prosecuted the '117 patent. (*See* '117 patent, Dkt. No. 1, Exh. A.) Thomas Dickson, the alleged sole inventor of the '117 patent, appointed Mr. Foster "to prosecute [the patent] application and to transact all business in the Patent and Trademark Office connected therewith." (*See* Exh. 1, Declaration of Patent Application for '117 patent.) Mr. Dickson further asked the USPTO to direct all correspondence and telephone calls to Mr. Foster. (*See id.*) As evidenced by the prosecution history documents, Mr. Foster submitted or signed *every single* document to the USPTO during prosecution of the '117 patent. (*See* Exh. 2.) Mr. Foster also had a personal *ex parte* meeting, known as an "Examiner's Interview," during the prosecution of the '117 patent where only he and the Examiner were present. (Exh. 3, August 9, 2005 Examiner's Interview.)

In addition to his responsibility for prosecuting the '117 patent, Mr. Foster also has prosecuted each of the two patents and one patent application relating to the '117 patent – U.S. Patent Nos. 6,811,303 and 6,854,876, and U.S. Application No. 11/318,830. As with the prosecution of the '117 patent, Mr. Foster submitted or signed all documents to the USPTO and was the only person in at least six more *ex parte* Examiner Interviews with different examiners in those related applications. (See Exh. 4.)

iv
{1181271:2}

Vita-Mix already has asserted the invalidity and unenforceability of the '117 patent in its Amended Answer. (Dkt. No. 11, Amended Answer.) Vita-Mix has moved for leave to amend its Amended Answer to further plead new and additional facts obtained during discovery pertaining to its existing Affirmative Defenses and seeks leave to add a counterclaim consistent with those Affirmative Defenses. (Dkt. No. 121.) Thus, the discovery of Mr. Foster and Holland & Hart are consistent with the affirmative defenses and claims that Vita-Mix has already pled and such discovery should go forward regardless of how the Court rules on Vita-Mix's motion for leave.

As a part of its discovery of the claims and defenses pled, Vita-Mix provided to K-TEC a list of persons that Vita-Mix sought to depose. (Exh. 5, April 9, 2007 e-mail from Thomas D. Walk, Esq. to Brett Foster, Esq.) Mr. Foster was included on that list as one of the individuals. (*Id.*) K-TEC refused to provide a single date for Mr. Foster, leaving Vita-Mix no choice but to serve subpoenas. Because Vita-Mix is entitled to discovery in response to those subpoenas, the Court should deny the Motion and order discovery to move forward as soon as possible.

## III. ARGUMENT

### A. Legal Standards

"An attorney, even an attorney for a party to the suit, is subject to being deposed." *Kelling v. Bridgestone/Firestone, Inc.*, 153 F.R.D. 170, 171 (D. Kan. 1994). Thus, it is well established that the prosecuting attorney can be deposed – *even if that prosecuting attorney is litigation counsel* – to determine his first-hand knowledge on a variety of issues, including inequitable conduct, invalidity, proper ownership/inventorship, and the prosecution of the patent-at-issue. *See Hay & Forage Indus. v. Ford New Holland, Inc.*, 132 F.R.D. 687, 689-90 (D. Kan. 1990) (allowing discovery of litigation counsel who also served as patent prosecution counsel); *aaiPharma, Inc. v. Kremers Urban Dev. Co.*, 361 F.Supp.2d 770 (N.D. Ill. 2005) (same); *Alcon Labs., Inc. v. Pharmacia Corp.*, 225 F.Supp.2d 340 (S.D.N.Y. 2002) (same); *Amicus Comms. v. Hewlett-Packard Co., Inc.*, 1999 U.S. Dist. LEXIS 20901 at *2 (D.D.C. 1999) (same) (Exh. 6); *Environ Prods. Inc. v. Total Containment Inc.*, 41 U.S.P.Q.2d 1302 (E.D. Pa. 1996) (same); *Bulk Lift Int'l, Inc. v. Flexcon & Sys., Inc.*, 122 F.R.D. 482, 484-85 (W.D. La. 1988) (same); *United Phosphorus,* 164 F.R.D. at 249 (allowing discovery of litigation counsel who served as trademark prosecution counsel). Thus, the prosecuting attorney **cannot** rely on his or her status as trial counsel to avoid discovery to which an accused infringer would otherwise be entitled. *See id.*

Consistent with the many courts around the country that routinely allow discovery of litigation counsel who also served as prosecution counsel of the patent-in-suit, the Tenth Circuit allows for discovery from litigation counsel when: (1) no other means exist to obtain the information than to depose the prosecuting attorney; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case. *Boughton v. Cotter Corp.*, 65 F.3d 823, 829-830 (10th Cir. 1995) (*citing Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)). The deposition testimony that Vita-Mix seeks from Mr. Foster indisputably satisfies each of these three conditions.

### B. No Other Means Exist To Obtain Key Discoverable Information Other Than From L. Grant Foster Or Holland & Hart.

1

The information Vita-Mix seeks from Mr. Foster and Holland & Hart cannot be obtained by other methods of discovery. For example, Mr. Foster was the only person to appear for more than six of telephonic and in-person *ex parte* "Examiner's Interviews" before the USPTO during the prosecution of the '117 patent and applications related to the '117 patent. (*See* Exh. 3 and 4.) The *ex parte* representations made (or not made) by Mr. Foster on behalf of K-TEC during those Examiner Interviews before the USPTO played a key role in Vita-Mix's claims and defenses in this case.

Likewise, Mr. Foster submitted or signed each and every *ex parte* document during the prosecution of the '117 patent and the related applications. (*See* Exh. 2.) Because Mr. Foster (on behalf of Holland & Hart) was solely involved in the *ex parte* prosecution of the '117 patent and related applications, including the foregoing Examiner Interviews with the USPTO, Mr. Foster is the best and only source for discovery on these issues. *See United States Fidelity & Guaranty v. Braspetro Oil Serv. Co.,* Nos. 97 Civ. 6124, 98 Civ. 3099, 2000 WL 1253262, at *4 (S.D.N.Y. Sep. 1, 2000) ("[i]n any event, the [party seeking discovery is] *entitled to question the direct participants* … rather than being forced to attempt to glean information from second-hand sources.") (emphasis supplied); *Calvin Klein Trademark Trust v. Wachner,* 124 F.Supp.2d 207, 211 (S.D.N.Y. 2000) ("[b]ut here, it is obvious that the … lawyer .. is in a far better position than anyone else to testify as to exactly what he and his colleagues stated.").

Furthermore, Mr. Foster has sole first-hand knowledge regarding the decisions that were made in disclosing to – and withholding from – the USPTO information material to patentability. For example, Mr. Foster alone has discoverable first-hand knowledge as to why he did not disclose to the USPTO a prior patent infringement lawsuit between K-TEC and Vita-Mix back in March 2005. (*See K-TEC, Inc. v. Vita-Mix Corp.,* Case No. 2:05CV00209 (the "Prior Action").)

The Federal Circuit has held that actions such as Mr. Foster's failure to disclose the Prior Action to the USPTO constitute inequitable conduct. *See Critikon, Inc. v. Becton Dickinson Vascular Access,* 120 F.3d 1253, 1255 (Fed. Cir. 1997) (failure to disclose litigation involving related patent suits constitutes inequitable conduct).Vita-Mix is entitled to depose Mr. Foster to determine why he only disclosed favorable information to the USPTO, when he had a duty to disclose *all* information – favorable or unfavorable – that is material to patentability.

K-TEC's Motion does not address the fact that Mr. Foster and Holland & Hart are the *only* sources of key discoverable information that pertains to Vita-Mix's claims and defenses. Because Mr. Foster is the sole possessor of key discoverable information, his deposition is the *only* means for Vita-Mix to discover his mental impressions and exclusive first-hand knowledge of the facts pertaining to invalidity and inequitable conduct. *See, e.g., Environ Prods., Inc.,* 41 U.S.P.Q.2d at 1306 ("[t]he affirmative defense of inequitable conduct makes [the attorney's] mental impressions during the reexamination proceedings an issue in this litigation."); *Alcon Labs., Inc.,* 225 F.Supp.2d at 344 (same). Vita-Mix has a right to determine why Mr. Foster failed to disclose information material to patentability from the USPTO because only Mr. Foster can state why such material information was withheld.

### C. Discovery From Mr. Foster And Holland & Hart Is Highly Relevant, Not Privileged, And Not Protected Work Product.

Accused infringers routinely obtain from prosecuting attorneys a wide range of relevant, non-privileged discovery, including the following:

- Papers submitted to the USPTO;
- Inventorship issues;
- Technical information communicated to the attorney and meant primarily for aid in completing applications;

3

- Documents written by or obtained from third parties even though attached to communications seeking or giving legal advice;

- Patent disclosures, draft patent applications, technical non-legal matters related to the final patent or studies of the prior art; and

- Information in the lawyer's possession, custody or control or obtained from third parties that is material to patentability.

*See, e.g., Sneider v. Kimberly-Clark Corp.,* 91 F.R.D. 1, 5, 7 (N.D. Ill. 1980); *see also Duplan Corp. v. Deering Miliken, Inc.,* 397 F. Supp. 1146, 1168-69 (D.S.C. 1975); *Jack Winter, Inc. v. Koratron Co.,* 54 F.R.D. 44, 47 (N.D. Ca. 1971). These are the exact documents, information, and deposition topics that Vita-Mix seeks from Mr. Foster and Holland & Hart. (*See* Dkt. No. 116, Subpoenas.)

Furthermore, the facts Vita-Mix seeks to discover are, by definition, non-privileged. *See aaiPharma, Inc.,* 361 F.Supp.2d at 777 (ordering trial counsel who served as prosecuting counsel to appear for deposition). Likewise, "work performed by an attorney to prepare and prosecute a patent application does not fall within the parameters of work product protection[.]" *See Amicus,* 1999 U.S. Dist. LEXIS 20901 at *6-7 (Exh. 6); *see also Choat v. Rome Indus., Inc.* 462 F. Supp. 728, 732 (N.D. Ga. 1978). The work product immunity doctrine therefore does ***not*** apply to the materials or deposition topics requested by the Vita-Mix subpoenas. *See id.* Vita-Mix is, therefore, entitled to the documents requested and the deposition of Mr. Foster. *See Niagara Mohawk Power Corp. v. Stone & Webster Eng'g Corp.,* 125 F.R.D. 578, 594 (N.D.N.Y. 1989) ("an attorney cannot avoid a deposition by asserting that he or she has no relevant, non-privileged information, and that at a minimum, the attorney must submit to a deposition so that his lack of knowledge may be tested and any claimed privilege be placed on the record[.]")

Furthermore, Vita-Mix properly pled invalidity and unenforceability so that it is entitled to discovery consistent with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(b)(1)

("Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party"); *see also* MOORES FEDERAL PRACTICE, § 26.43 ("A third party defendant could, prior to the 2000 amendments to Rule 26(b)(1), seek discovery from the plaintiff even though the plaintiff has not asserted a claim against the third party defendant … [Such] rulings, too, *will remain authoritative* under Rule 26(b)(1) as changed by the 2000 amendments." (emphasis added)). Thus, any ruling on Vita-Mix's motion for leave to amend (Dkt. No. 121) has no bearing on K-TEC's Motion because Courts readily allow parties to amend pleadings *after* discovery is conducted. *See id. See also Enzo Life Sciences, Inc. v. Diogene Corp.,* 270 F. Supp.2d 484, 487-90 (D. Del. 2003) (answer amended to add claim of inequitable conduct after Vita-Mix confirmed a new set of supporting facts); *Rhone-Poulenc Argo S.A. v. Monsanto Co.,* 73 F. Supp.2d 537, 538-40 (M.D.N.C. 1999) (leave freely granted to add claim of inequitable conduct one month after the close of factual discovery based upon new evidence); Fed. R. Civ. P. 15(a).

K-TEC cites to only one unreported and distinguishable case to support its Motion. The sole unreported *ResQNet* case cited by K-TEC is distinguishable because the accused infringer never asserted, pled, or moved for leave to amend its answer to add the defense of inequitable conduct. In contrast to *ResQNet*, Vita-Mix has asserted, pled, and moved for leave to amend to add new facts pertaining to inequitable conduct. (*See* Dkt. Nos. 11 and 121.) *See also aaPharma*, 361 F.Supp.2d at 773, n.4 (distinguishing *ResQNet* on the basis that the accused infringer sought a defense of inequitable conduct). Also, unlike the accused infringer in *ResQNet*, Vita-Mix has shown numerous specific instances where Mr. Foster is the only person having key factual and discoverable information based on his numerous *ex parte* written and oral communications with the USPTO, including at least six (6) *ex parte* oral Examiner Interviews. (Exh. 3 and 4.) Thus, K-

5

TEC's single *ResQNet* case is distinguishable and the more than half dozen cases cited by Vita-Mix supports why the discovery and deposition of Mr. Foster and Holland & Hart are appropriate. *See Hay,* 132 F.R.D. at 689-90 (allowing discovery of litigation counsel who also served as patent prosecution counsel); *aaiPharma,* 361 F.Supp.2d at 774 (same); *Alcon Labs.,* 225 F.Supp.2d 340 (same); *Amicus,* 1999 U.S. Dist. LEXIS 20901, at *2 (same) (Exh. 6); *Environ,* 41 U.S.P.Q.2d 1302 (same); *Bulk Lift,* 122 F.R.D. at 484-85 (same); *United Phosphorus,* 164 F.R.D. at 249 (allowing discovery of litigation counsel who served as trademark prosecution counsel). Therefore, Vita-Mix meets the second prong of the test in *Boughton*.

### D. The Discovery Vita-Mix Seeks Is Crucial To The Case.

Information is considered "crucial" to a case if it bears directly on any of the issues or defenses involved. *See Alcon Labs.,* 225 F.Supp.2d at 345. It is without dispute that Mr. Foster's mental impressions are crucial to the issues of inequitable conduct and invalidity of the '117 patent because this case is dispositive if Vita-Mix is successful on either of those issues. *See id.* Accordingly, Vita-Mix has a compelling need to depose Mr. Foster to discover direct evidence in his sole possession on Vita-Mix's claims and defenses. Vita-Mix meets the third prong of the test in *Boughton*.

### E. K-TEC's Failure To Meet And Confer Serves As A Basis To Deny Its Motion.

Having established the three prongs of the *Boughton* standard, Vita-Mix further submits that K-TEC failed to meet and confer on this issue prior to filing its Motion. As required by Local Rules and the Federal Rules of Civil Procedure, K-TEC failed to make any effort to resolve this issue before filing its Motion. Fed. R. Civ. P. 26(c); DUCivR 37-1. K-TEC's failure

to meet and confer in good faith with Vita-Mix before filing its Motion serves as a basis for denying its Motion.

## IV. CONCLUSION

For the foregoing reasons, Vita-Mix requests that: (1) the Court deny K-TEC's Motion for Protective Order, to Quash Subpoenas, and for Attorneys' Fees and Costs Pursuant to Rule 45(c)(1); (2) the Court order Mr. Foster to appear for a deposition and (3) Mr. Foster and Holland & Hart produce responsive documents pursuant to the subpoenas.

DATED: May 4, 2007　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/David B. Cupar
　　　　　　　　　　　　　　　　　　Thomas D. Walk (#5555)
　　　　　　　　　　　　　　　　　　Todd E. Zenger (#5238)
　　　　　　　　　　　　　　　　　　Dax D. Anderson (#10168)
　　　　　　　　　　　　　　　　　　KIRTON & McCONKIE, PC
　　　　　　　　　　　　　　　　　　1800 Eagle Gate Tower
　　　　　　　　　　　　　　　　　　60 East South Temple
　　　　　　　　　　　　　　　　　　Salt Lake City, UT 84145
　　　　　　　　　　　　　　　　　　Telephone: (801) 328-3600
　　　　　　　　　　　　　　　　　　Facsimile: (801) 321-4893

　　　　　　　　　　　　　　　　　　Michael L. Snyder (*pro hac vice*)
　　　　　　　　　　　　　　　　　　David T. Movius (*pro hac vice*)
　　　　　　　　　　　　　　　　　　David B. Cupar (*pro hac vice*)
　　　　　　　　　　　　　　　　　　McDONALD HOPKINS LLC
　　　　　　　　　　　　　　　　　　600 Superior Avenue, E., Suite 2100
　　　　　　　　　　　　　　　　　　Cleveland, OH 44114
　　　　　　　　　　　　　　　　　　Telephone: (216) 348-5400
　　　　　　　　　　　　　　　　　　Facsimile: (216) 348-5474

　　　　　　　　　　　　　　　　　　*Attorneys for Vita-Mix Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 4, 2007, a copy of the foregoing ***Vita-Mix Corporation's Memorandum in Opposition to K-TEC's Motion for Protective Order, to Quash Subpoenas, and for Attorneys' Fees and Costs Pursuant to Rule 45(c)(1)*** was filed with the Clerk of Court using the ECF/CM filing system that sent notice to the following:

> L. Grant Foster, Esq.
> Brett L. Foster, Esq.
> Mark A. Miller, Esq.
> HOLLAND & HART LLP
> 60 East South Temple, Suite 2000
> Salt Lake City, UT 84111-1031
>
> *Attorneys for K-TEC, Inc.*

                                          /s/David B. Cupar
                                    *One of the Attorneys for Vita-Mix Corporation*