Thomas D. Walk (#5555)
KIRTON & McCONKIE, PC
1800 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT 84145
Telephone: (801) 328-3600
Facsimile: (801) 321-4893

Michael L. Snyder (*pro hac vice*)
David T. Movius (*pro hac vice*)
David B. Cupar (*pro hac vice*)
McDONALD HOPKINS LLC
600 Superior Avenue, E., Suite 2100
Cleveland, OH 44114
Telephone: (216) 348-5400
Facsimile: (216) 348-5474

*Attorneys for Vita-Mix Corporation*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **K-TEC, INC.,** a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>**VITA-MIX CORP.**, an Ohio corporation,<br><br>Defendant. | **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR ALTERNATIVELY FOR SUMMARY JUDGMENT OF PATENT INFRINGEMENT CLAIM AGAINST THE FIRST VITA-MIX JAR IN THE AMENDED COMPLAINT**<br><br>Case No. 2:06cv00108<br><br>The Honorable Tena Campbell<br>Magistrate Judge Paul M. Warner |

Vita-Mix Corporation ("Vita-Mix") submits this memorandum in support of its motion to dismiss or alternatively for summary judgment of K-TEC, Inc.'s ("K-TEC") Patent Infringement Claim Against The First Vita-Mix Jar in its Amended Complaint. (Dkt. No. 246.)

**I.      INTRODUCTION**

K-TEC's Amended Complaint incorrectly alleges that Vita-Mix's activities regarding the First Vita-Mix jar constitutes infringement of U.S. Patent No. 7,281,842 ("'842 patent"). This is futile because Vita-Mix ceased all manufacture, use, offer for sale, and sale of the First Vita-Mix jar nearly two years *prior to* the October 16, 2007 issuance of the '842 patent.

K-TEC's sole factual allegation against the First Vita-Mix jar is that "brochures depicting the First Vita-Mix Jar that have remained continuously available on its Internet website to the present day." (Dkt. No. 246, Amd. Compl. at ¶ 30.) Even taking K-TEC's sole allegation as true, K-TEC's infringement claim fails as a matter of controlling statutory and Federal Circuit law for two independent reasons: (1) there can be no "offer for sale" because Vita-Mix *cannot* sell the First Vita-Mix jar before the expiration of the '842 patent since it changed its mold and disassembled its inventory nearly two years *prior to* the issuance of the '842 patent; and (2) brochures with photographs of Vita-Mix's First jar on its Internet website do *not* constitute an offer for sale.

The Court correctly ignored K-TEC's baseless argument regarding the First Vita-Mix jar at the preliminary injunction hearing. Since the hearing, Vita-Mix provided K-TEC every opportunity to assert the facts it has to claim that Vita-Mix has "offered for sale" the First Vita-Mix jar in violation of the '842 patent. K-TEC's failure to plead a single fact to support its infringement claim shows that Vita-Mix is entitled to dismissal as a matter of law on this issue.

**III.    LAW AND ARGUMENT**

    **A.    Vita-Mix's Motion to Dismiss or Summary Judgment Is Proper
    Because K-TEC Failed to Allege a Single Fact That Supports Its Claim**

This Court has previously decided motions to dismiss or alternatively for summary judgment. *MediaNews Group, Inc. v. McCarthey,* 432 F.Supp.2d 1213 (D.Utah,2006) (partially

2

granting motion to dismiss or for summary judgment). A motion to dismiss is properly granted when a complaint or counterclaim provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly,* ---U.S. ----, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. The factual allegations within the claim "must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the [pleading]." *Id.* at 1969. For purposes of making the dismissal determination, a court must accept all the well-pleaded allegations of the claim as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. *Id.* at 1965; *Alvarado v. KOB-TV, L.L.C.,* 493 F.3d 1210, 1215 (10th Cir.2007); *Moffett v. Halliburton Energy Servs., Inc.,* 291 F.3d 1227, 1231 (10th Cir.2002). However, a court need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee County Bd. of County Comm'rs,* 263 F.3d 1151, 1154-55 (10th Cir.2001) (citations omitted). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellman,* 935 F.2d 1106, 1109-10 (10th Cir.1991). These deferential rules, however, do not allow the court to assume that a plaintiff can prove facts that it has not alleged nor that the defendants have violated the laws in ways that have not been alleged. *Associated Gen. Contractors v. Cal. State Council of Carpenters,* 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983). In sum, the claimant must allege facts sufficient to state a claim for relief that is plausible on its face. *Twombly,* 127 S.Ct. at 1974.

Federal Rule of Civil Procedure 56 permits the entry of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " Fed.R.Civ.P. 56(c); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250-51, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Adler v. Wal-Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir.1998).

At the preliminary injunction hearing the Court correctly refused to hear K-TEC's "new" evidence that Vita-Mix has continued to offer for sale the First Vita-Mix jar because K-TEC failed to raise it in its complaint or its preliminary injunction motion. (Dkt. No. 229, Hearing Txt. at 44.) Since then, K-TEC has had every opportunity to amend its complaint to allege facts it believes supports its infringement claim against the First Vita-Mix jar. Despite its attempt to offer "evidence" at the preliminary injunction hearing, K-TEC's Amended Complaint merely identifies one factual allegation and fails to identify any evidence, including the evidence that it was going to present at the preliminary injunction hearing. As set forth below, even if the Court takes K-TEC's sole allegation as true, K-TEC's claim fails as a matter of law.

      **B.**    **K-TEC's Sole Factual Allegation Against the First Vita-Mix Jar Is Not an Offer for Sale and No Facts Exist to Support Its Claim**

The Federal Circuit has held that an "offer to sell" under 35 U.S.C. §271(a) must be shown by a "'manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it.'" *Rotec Indus., Inc. v. Mitsubishi Corp.,* 215 F.3d 1246, 1257 (Fed. Cir. 2000) (quoting Restatement (Second) of Contracts § 24 (1979)). To constitute a commercial "offer to sell" under traditional contract principles, such an offer requires price terms. *See MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.,* 420 F.3d 1369, 1376 (Fed. Cir. 2005) ("[T]he e-mails, while

4

containing a description of the allegedly infringing wafers, do not contain any price terms. Accordingly, on their face, the e-mails cannot be construed an on "offer" which Samsung Austin could make into a binding contract by simple acceptance.").

By statutory definition, "an 'offer for sale' or an 'offer to sell' by a person other than the patentee, or any designee of the patentee, *is that in which the sale will occur before the expiration of the term of the patent*." 35 U.S.C. § 271(i) (emphasis added). "That is, in addition to the requirement that the offer itself be made 'during the term of the patent,' *see* 35 U.S.C. § 271(a), the sale contemplated by the offer must also be during the term of the patent." *Wing Shing Prods., Ltd.,* 479 F.Supp. 2d 388, 407 (S.D. N.Y. 2007) (granting summary judgment because no actual sale contemplated in United States during patent term); *Cybiotronics, Ltd. v. Golden Source Elec., Ltd.,* 130 F.Supp. 2d 1152, 1170 (C.D. Cal. 2001) (same). Therefore, an offer for sale only creates a cause of action for direct infringement against an offeror whose offer is never "consummated by an eventual (independently infringing) sale." *Id.*

Furthermore, a mere Internet advertisement or brochure of an accused product without price terms or ability to actually sell that which is advertised is *not* an "offer for sale" under § 271. *Air Turbine Tech., Inc. v. Atlas Copco AB,* 295 F.Supp. 2d 1334, 1341-42 (S.D. Fla. 2003) (granting summary judgment because "catalog and website that does not contain pricing information does not constitute offer for sale"); *Xactware, Inc. v. Symbility Solution Inc.,* 402 F.Supp.2d 1359, 1368 (D. Utah 2005) (Greene, J.) (granting motion to dismiss because advertisement does not "create a power of acceptance" or "a communication with a third party" necessary to create an offer for sale); *Intel Corp. v. Silicon Storage Tech. Inc.,* 20 F.Supp. 2d 690, 696 (D. Del. 1998) (mere advertisements directed at national audience and contained no pricing information insufficient to constitute offer for sale). "Given its more recent analysis of "offer to

5

{1450547:2}

sell" in *Rotec Industries,* it appears that for the Federal Circuit to consider an advertisement to be an offer the advertisement must – at the very least – contain detailed product and pricing information. In this case neither the website nor the brochure enables a consumer to make an informed choice to purchase one of the accused products." *Mahurkar v. C.C. Bard, Inc.,* 2003 WL 355636 at *7 (N.D. Ill. 2003) (advertisement did not constitute offer for sale). "Therefore the lack of definite terms in a communication makes that communication only an advertisement or a solicitation" as opposed to an offer for sale under 35 U.S.C. § 271. *Xactware,* 402 F.Supp. 2d at 1368. *See also Moldflow Corp. v. Simcon, Inc.,* 296 F.Supp.2d 34, 43-44 (D. Mass. 2003) (no offer for sale because materials did not include information about quantity, time of delivery or terms of payment necessary to create power of acceptance); *ESAB Group, Inc. v. Centricut, LLC,* 34 F. Supp.2d 323, 333 (D.S.C. 1999).

K-TEC's *only* factual allegation in its Amended Complaint is that "Vita-Mix did not and has not ceased to offer for sale the First Vita-Mix Jar through brochures depicting the First Vita-Mix Jar that have remained continuously available on its Internet website to the present day." (Dkt. No. 246, Amd. Compl. at ¶ 30.) Even viewed in a light most favorable to K-TEC, its sole allegation fails as a matter of law for two independent reasons: (1) it is impossible for Vita-Mix to sell the First Vita-Mix jar before the expiration of the '842 patent because Vita-Mix destroyed its mold and inventory for the First Vita-Mix jar nearly two years *prior to* issuance of the '842 patent; and (2) inadvertent photographs of Vita-Mix's First jar on its Internet website does *not* constitute an offer for sale. *K-TEC* acknowledged at the preliminary injunction hearing that Vita-Mix has not manufactured or sold the First Vita-Mix jar since *prior to* the '842 patent issuance:

> The Court: But there's no question that the first - the first Vita-Mix jar is not being sold now; right?

6

> Mr. Foster: I believe, your honor, what we have - if I may use a little bit of the desk here. I believe what we have, this is the K-TEC jar. This is the first jar that we're talking about, the first X.P. Container [First Vita-Mix jar]. *This is the second one [Second Vita-Mix jar]. I believe it is correct to say that this is the only jar that is being manufactured and sold.* However, the court is aware that infringement consists of not only making and selling, but offering for sale. And despite claims that they've stopped advertising, we will show that to this day they continue to advertise a jar they know infringes. That's part of the infringement analysis –

(Dkt. No. 229, Hearing Txt. at 9 (emphasis added).) K-TEC's own acknowledgement evidences that it cannot prove its sole allegation because K-TEC cannot prove that a sale will occur before the expiration of the '842 patent. 35 U.S.C. § 271(i). K-TEC's own acknowledgement that no facts exist to support its "offer for sale" claim alone serves as a basis to dismiss it as a matter of law.

Consistent with K-TEC's own acknowledgment, K-TEC's claim should be dismissed because Vita-Mix submitted declarations to the Court more than a year ago stating that: (1) the mold for the First Vita-Mix jar was changed in October 2005 so that it could only make the Second Vita-Mix jar; and (2) Vita-Mix disassembled *all* of the First Vita-Mix jars prior to January 1, 2006. (Exh. 1, John Barnard Decl. at ¶ 7; Exh. 2, Steve Zimmerman Decl. at ¶ 5.[1]) Thus, "Vita-Mix did not and has not produced or sold any old Vita-Mix Jar on or after December 27, 2005." (Exh. 1, Barnard Decl. at ¶ 9.) Therefore, no facts exist to meet the statutory requirement for an offer for sale and K-TEC's claim must be dismissed as a matter of law.

Furthermore, K-TEC's sole "offer for sale" allegation fails as a matter of law because Internet advertisements and brochures alone do not constitute an offer for sale. K-TEC acknowledged at the preliminary injunction hearing that it did not allege infringement of the First Vita-Mix jar in either its complaint or preliminary injunction motion. (Dkt. No. 229, Hearing

---

[1] Vita-Mix previously submitted these declarations to the Court in its opposition to K-TEC's motion to compel (Dkt. No. 73) and submits them with this memorandum for the Court's convenience. Vita-Mix has moved alternatively for summary judgment if the Court finds it necessary to grant Vita-Mix's motion based on these declarations.

{1450547:2}

Txt. at 44 ("we specifically don't allege jar number one.").) Despite K-TEC's incorrect attempt to present purported "Internet brochures" for the first time at the preliminary injunction hearing, K-TEC *did not* submit any such "brochure" in its Amended Complaint. Instead, K-TEC's Amended Complaint merely includes photographs of the First Vita-Mix jar to make the unsupported allegation that "Vita-Mix makes, uses, and/or offers [it] for sale." (*Id.* at ¶ 13 and Exh. B.) After raising the "Internet brochures" as an issue and having an opportunity to plead in its Amended Complaint, K-TEC's failed to evidence an actual offer for sale as defined by statute and controlling Federal Circuit precedent. Therefore, K-TEC's patent infringement claim also should be dismissed on this ground.

## III.  CONCLUSION

For the foregoing reasons, Vita-Mix requests the Court to grant its motion to dismiss or alternatively for summary judgment of K-TEC's patent infringement claim against the First Vita-Mix jar.

Respectfully submitted,

Dated: April 14, 2008

/s/ Thomas D. Walk
Thomas D. Walk
KIRTON & McCONKIE, PC

*Attorney for Vita-Mix Corporation*