Thomas D. Walk (#5555)
KIRTON & McCONKIE, PC
1800 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT 84145
Telephone: (801) 328-3600
Facsimile: (801) 321-4893

Michael L. Snyder (*pro hac vice*)
David T. Movius (*pro hac vice*)
David B. Cupar (*pro hac vice*)
McDONALD HOPKINS LLC
600 Superior Avenue, E., Suite 2100
Cleveland, OH 44114
Telephone: (216) 348-5400
Facsimile: (216) 348-5474

*Attorneys for Vita-Mix Corporation*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **K-TEC, INC.,** a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>**VITA-MIX CORP.**, an Ohio corporation,<br><br>Defendant. | **VITA-MIX CORPORATION'S ANSWER AND COUNTERCLAIM TO PLAINTIFF'S AMENDED COMPLAINT**<br><br>Case No. 2:06cv00108<br><br>The Honorable Tena Campbell<br>Magistrate Judge Paul M. Warner |

Defendant Vita-Mix Corporation ("Defendant" or "Vita-Mix"), for its Answer and Counterclaim to the Amended Complaint filed by plaintiff K-TEC, Inc. ("Plaintiff" or "K-TEC"), states as follows:

**FIRST DEFENSE**

1. Denies for lack of knowledge that K-TEC's principal place of business is 1206 South 1680 West, Orem, Utah 84058 and denies the remaining allegations of Paragraph 1 of the Amended Complaint.

{1447406:2}

2. Admits that Vita-Mix is an Ohio corporation having a place of business at 8615 Usher Road, Cleveland, Ohio 44138 and that Vita-Mix makes and sells blenders, and denies the remaining allegations of Paragraph 2 of the Amended Complaint.

3. Admits that the Amended Complaint alleges a claim for patent infringement and that the Court has subject matter jurisdiction, and denies the remaining allegations in Paragraph 3 of the Amended Complaint.

4. Denies the allegations of Paragraph 4 of the Amended Complaint.

5. Admits that venue is proper in the District of Utah, and denies the remaining allegations of Paragraph 5 of the Amended Complaint.

6. Denies the allegations of Paragraph 6 of the Amended Complaint.

7. Denies for lack of knowledge the allegations of Paragraph 7 of the Amended Complaint.

8. Admits that Application No. 10/150,919 (the "'919 application"), was filed in May 2002, and denies the remaining allegations of Paragraph 8 of the Amended Complaint.

9. Admits that U.S. Patent No. 6,979,117 (the "'117 patent"), entitled "Blending Jar Apparatus with Truncated Wall," issued on December 27, 2005, and denies the remaining allegations of Paragraph 9 of the Amended Complaint.

10. Admits that U.S. Patent No. 7,281,842 (the "'842 patent"), entitled "Blending Jar Apparatus Having a Generally Rectangular Shape," issued on October 16, 2007, and that a copy of the '842 patent is attached as Exhibit A to the Amended Complaint, and denies the remaining allegations of Paragraph 10 of the Amended Complaint.

11. Denies the allegations of Paragraph 11 of the Amended Complaint.

12. Denies the allegations of Paragraph 12 of the Amended Complaint.

13. Denies the allegations of Paragraph 13 of the Amended Complaint.

14. Denies the allegations of Paragraph 14 of the Amended Complaint.

15. Denies the allegations of Paragraph 15 of the Amended Complaint.

16. Denies the allegations of Paragraph 16 of the Amended Complaint.

17. Admits that Vita-Mix began selling commercial blenders in about 1991, and denies the remaining allegations of Paragraph 17 of the Amended Complaint.

18. Admits that Vita-Mix has received customer complaints, and denies the remaining allegations of Paragraph 18 of the Amended Complaint.

19. Admits that Vita-Mix has worked to improve the quality of its blender products, and denies the remaining allegations of Paragraph 19 of the Amended Complaint.

20. Admits that in or around June 2001, Vita-Mix filed a patent application that speaks for itself, and denies the remaining allegations of Paragraph 20 of the Amended Complaint.

21. Denies the allegations of Paragraph 21 of the Amended Complaint.

22. Denies the allegations of Paragraph 22 of the Amended Complaint.

23. Denies the allegations of Paragraph 23 of the Amended Complaint.

24. Admits that Vita-Mix issued a press release in or about March 2003 that speaks for itself, and denies the remaining allegations of Paragraph 24 of the Amended Complaint.

25. Admits that the First Vita-Mix Jar was effective for its intended purpose, and denies the remaining allegations of Paragraph 25 of the Amended Complaint.

26. Admits that K-TEC initiated a lawsuit against Vita-Mix on or about February 6, 2006, the record of which speaks for itself, and denies the remaining allegations of Paragraph 10 of the Complaint.

27. Admits that Vita-Mix sent a letter to K-TEC on or around February 9, 2006 that speaks for itself, and denies the remaining allegations of Paragraph 27 of the Amended Complaint.

28. Denies for lack of knowledge the allegations of Paragraph 28 of the Amended Complaint.

29. Denies the allegations of Paragraph 29 of the Amended Complaint.

30. Denies the allegations of Paragraph 30 of the Amended Complaint.

31. Denies the allegations of Paragraph 31 of the Amended Complaint.

32. Admits that Vita-Mix did not issue an additional press release, and denies the remaining allegations of Paragraph 32 of the Amended Complaint.

33. Denies the allegations of Paragraph 33 of the Amended Complaint.

34. Admits the allegations of Paragraph 34 of the Amended Complaint.

35. Denies the allegations of Paragraph 35 of the Amended Complaint.

36. Denies the allegations of Paragraph 36 of the Amended Complaint.

37. Denies the allegations of Paragraph 37 of the Amended Complaint.

38. Admits that K-TEC filed a complaint in Case No. 2:07-cv-785, the record of which speaks for itself, which was consolidated into the present case, and denies the remaining allegations of Paragraph 38 of the Complaint.

39. Denies the allegations of Paragraph 39 of the Amended Complaint.

40. Denies the allegations of Paragraph 40 of the Amended Complaint.

41. Denies the allegations of Paragraph 41 of the Amended Complaint.

42. Denies the allegations of Paragraph 42 of the Amended Complaint.

43. Denies the allegations of Paragraph 43 of the Amended Complaint.

44. Repeats and incorporates its prior responses as if fully written herein in response to Paragraph 44 of the Amended Complaint.

45. Denies the allegations of Paragraph 45 of the Amended Complaint.

46. Denies the allegations of Paragraph 46 of the Amended Complaint.

47. Denies the allegations of Paragraph 47 of the Amended Complaint.

48. Denies the allegations of Paragraph 48 of the Amended Complaint.

49. Denies the allegations of Paragraph 49 of the Amended Complaint.

50. Denies the allegations of Paragraph 50 of the Amended Complaint.

51. Denies the allegations of Paragraph 51 of the Amended Complaint.

52. Denies each and every allegation contained in the Amended Complaint, including headings, parentheticals or unnumbered paragraphs, except as expressly admitted in this Answer.

## SECOND DEFENSE

53. The Amended Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

54. The '842 patent is invalid for failure to comply with the conditions of patentability set forth in Title 35, United States Code, including, but not limited to 35 U.S.C. §§ 102, 103, and 112.

## FOURTH DEFENSE

55. Vita-Mix does not infringe or induce infringement of any valid claims of the '842 patent.

## FIFTH DEFENSE

56. K-TEC's claims are barred, in whole or in part, by 35 U.S.C. § 287.

## SIXTH DEFENSE

57. K-TEC's claims are barred on the basis of unclean hands.

## SEVENTH DEFENSE

58. K-TEC's claims are barred on the basis of estoppel.

## EIGHTH DEFENSE

59. K-TEC's claims are barred on the basis of laches.

## NINTH DEFENSE

60. K-TEC's claims are barred on the basis of abandonment.

## TENTH DEFENSE

61. K-TEC's claims are barred on the basis of acquiescence.

## ELEVENTH DEFENSE

62. K-TEC is not entitled to injunctive relief because Vita-Mix has not infringed and is not infringing the '842 patent and the '842 patent is not valid, any purported injury to K-TEC is not immediate or irreparable, K-TEC would have an adequate remedy at law, and the public interest and the balance of hardships disfavors an injunction under the circumstances here.

## TWELFTH DEFENSE

63. K-TEC is estopped from construing the claims of the '842 patent in such a way as may cover any of Vita-Mix's products by reasons of statements made to the United States Patent and Trademark Office ("USPTO") during the prosecution of the application that led to the issuance of the '842 patent.

## THIRTEENTH DEFENSE

64. K-TEC's claims are barred or limited by its failure to mitigate damages.

## FOURTEENTH DEFENSE

65. K-TEC's claims are barred under the doctrine of waiver.

## FIFTEENTH DEFENSE

66. K-TEC lacks the capacity and has no authority or standing to bring some or all of its claims.

## SIXTEENTH DEFENSE

67. K-TEC has misused the '842 patent.

68. Vita-Mix expressly reserves the right to supplement or amend its Answer as any further defenses are made known during discovery.

## COUNTERCLAIM

Defendant/Counterclaimant Vita-Mix Corporation ("Vita-Mix"), by and through its undersigned counsel, counterclaims against Plaintiff/Counterdefendant K-TEC, Inc. ("K-TEC") and avers as follows:

### Jurisdiction and Venue

1. This Counterclaim is brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States based upon an actual controversy between Vita-Mix and K-TEC with respect to the validity, enforceability, scope and alleged infringement of U.S. Patent No. 7,281,842 (the "'842 patent").

2. The Court has jurisdiction over the subject matter of these Counterclaims pursuant to 18 U.S.C. §§ 1331, 1338 and 2201.

3. Venue is proper under 28 U.S.C. §§ 1391(b) and 1400, and by K-TEC's choice of forum.

### General Allegations

4. Vita-Mix is an Ohio corporation having its principal place of business at 8615 Usher Road, Cleveland, Ohio 44138.

5. Upon information and belief, K-TEC is a Utah corporation having its principal place of business at 1206 South 1680 West, Orem, Utah 84058.

6. K-TEC claims that Vita-Mix infringes and induces infringement of the '842 patent.

7. K-TEC's claimed earliest filing date for the '842 patent is May 17, 2002.

8. K-TEC sold blender jars capable of stacking more than one year prior to the earliest filing date for the '842 patent.

9. Vita-Mix owns U.S. Patent Nos. 7,063,456 to *Miller et al.* (the "*Miller* '456 patent") and 7,267,478 to *Miller et al.* (the "*Miller* '478 patent") each of which are entitled "Container for a Blender," copies of which are attached as Exhibits 1 and 2, respectively.

10. The *Miller* '456 patent and the *Miller* '478 patent have an earliest filing date of June 26, 2001.

11. The earliest filing date for the *Miller* '456 patent and the *Miller* '478 patent predates the earliest filing date for the '842 patent.

### First Counterclaim – Declaration of Non-Infringement

12. Vita-Mix reavers and incorporates by reference each averment contained in the preceding Paragraphs of the Counterclaim as if fully set forth herein.

13. Vita-Mix does and has not infringed, or induced others to infringe, the '842 patent under 35 U.S.C. § 271.

14. K-TEC's conduct renders this an exceptional case under 35 U.S.C. § 285, and Vita-Mix is accordingly entitled to an award of its attorneys' fees, costs and expenses.

### Second Counterclaim – Declaration of Invalidity

15. Vita-Mix reavers and incorporates by reference each averment contained in the preceding Paragraphs of the Counterclaim as if fully set forth herein.

16. The '842 patent is invalid for failure to comply with the conditions of patentability set forth in Title 35, United States Code, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

17. K-TEC's conduct renders this an exceptional case under 35 U.S.C. § 285, and Vita-Mix is accordingly entitled to an award of its attorneys' fees, costs and expenses.

### Third Counterclaim – Interference Pursuant to 35 U.S.C. § 291

18. Vita-Mix reavers and incorporates by reference each averment contained in the preceding Paragraphs of the Counterclaim as if fully set forth herein.

19. Claim 5 of the *Miller* '456 patent and claims 1-15 of the '842 patent recite interfering subject matter.

20. The *Miller* '456 patent has substantially the same subject matter in similar form as the '842 patent.

21. As set forth in the claim charts attached as Exhibit 3, if considered prior art to the '842 patent, the claimed invention of the *Miller* '456 patent anticipates or renders obvious the claimed invention of the '842 patent.

22. As set forth in the claim charts attached as Exhibit 3, if considered prior art to the *Miller* '456 patent, the claimed invention of the '842 patent anticipates or renders obvious the claimed invention of the the *Miller* '456 patent.

23. Claims 1-2 of the *Miller* '478 patent and claims 1-15 of the '842 patent recite interfering subject matter.

24. The *Miller* '478 patent has substantially the same subject matter in similar form as the '842 patent.

25. As set forth in the claim charts attached as Exhibit 4, if considered prior art to the '842 patent, the claimed invention of the *Miller* '478 patent anticipates or renders obvious the claimed invention of the '842 patent.

26. As set forth in the claim charts attached as Exhibit 4, if considered prior art to the *Miller* '456 patent, the claimed invention of the '842 patent anticipates or renders obvious the claimed invention of the *Miller* '478 patent.

27. Because the earliest filing date of the *Miller* '456 patent and the *Miller* '478 patent predate the earliest filing date for the '842 patent, the *Miller* '456 patent and the *Miller* '478 patent are senior as between the interfering patents.

28. Pursuant to 35 U.S.C. § 291, Vita-Mix, as the owner of the *Miller* '456 patent and the *Miller* '478 patent, seeks relief against K-TEC as the owner of the '842 patent. Because the *Miller* '456 patent and the *Miller* '478 patent and the '842 patent are interfering patents, Vita-Mix requests that this Court adjudge the question of the validity of these patents and thereby make a determination as to the priority of invention for Vita-Mix's *Miller* '456 patent and *Miller* '478 patent.

29. Because there is interfering subject matter between the *Miller* '456 patent and the *Miller* '478 patent and the '842 patent, Vita-Mix seeks a declaratory judgment of priority of invention as to any such interfering claims of the *Miller* '456 patent and the *Miller* '478 patent, thus rendering invalid any such interfering claims of the '842 patent. Vita-Mix accordingly seeks a declaratory judgment of priority of invention for its *Miller* patent and an assignment of ownership of the claims of the '842 patent to Vita-Mix.

## Fourth Counterclaim – Inequitable Conduct

30. During prosecution of the '842 patent, Vita-Mix filed its *Ex Parte* Reexamination Request against U.S. Patent No. 6,979,117 (the "'117 patent") that the USPTO docketed as U.S. Reexamination No. 90/008,814 ("*ex parte* Reexamination Request").

31. The '842 patent is a continuation application of the application that issued as the '117 patent.

32. Vita-Mix served a copy of the *ex parte* Reexamination Request on counsel for K-TEC the same day that it filed that document with the USPTO.

33. K-TEC and its counsel had an affirmative duty to disclose the *ex parte* Reexamination Request to the USPTO but failed to do so.

34. The USPTO found substantial new questions of patentability against the '117 patent and ordered reexamination of the '117 patent based on the *ex parte* Reexamination Request.

35. The USPTO also *sua sponte* ordered merger of U.S. Reexamination No. 90/008,814 with U.S. Reexamination No. 95/000,228.

36. The *ex parte* Reexamination Request was material to the patentability during prosecution of the '842 patent.

37. K-TEC and its counsel failed to disclose the *ex parte* Reexamination Request during the prosecution of the '842 patent with the intent to deceive the USPTO.

38. Therefore, K-TEC and its counsel committed inequitable conduct to procure one or more claims of the '842 patent.

39. Furthermore, during the prosecution of the '842 patent, the USPTO rejected pending claims as anticipated by the *Miller* '456 patent.

40. K-TEC's patent counsel read the *Miller* '456 patent before responding to the USPTO's rejection based on the *Miller* '456 patent.

41. K-TEC and its counsel amended the rejected pending claims to include a "generally rectangular" limitation and represented to the USPTO that the *Miller* '456 patent does not disclose this limitation.

42. However, the *Miller* '456 patent specification discloses a "square" or "rectangular" configuration for the side walls and for the opening formed by the sidewalls.

43. Column 3, lines 25-29 of the *Miller* '456 patent discloses that the bottom wall can be a "square" or "rectangular" configuration:

> bottom surface **16**. That is, irrespective of the shape of surface **16**, be it circular, square, rectangular, or a non-symmetrical shape such as shown in FIGS. **3**, **4** and **6**, the axis of rotation of blades **21**, as defined by shaft **22**, is not positioned on the centroid of the bottom surface **16**.

44. K-TEC and its counsel did not identify to the USPTO the teaching set forth in column 3, lines 25-29 when they represented that the *Miller* '456 patent does not disclose a "generally rectangular" limitation.

45. Furthermore, column 2, lines 62-66 of the *Miller* '456 patent discloses that the side walls extend upwardly from the perimeter of the bottom surface and that the side walls generally define an open top for the container:

> Container **15** includes a bottom surface **16** with a side wall **17** extending upwardly from the perimeter of the bottom surface **16**. Side wall **17** is quite often transparent and generally defines an open top for container **15** which can be closed, as desired, by a cover or lid **18**. Container **15** is most

46. K-TEC and its counsel did not identify to the USPTO the teaching set forth in column 2, lines 62-66 when they represented that the *Miller* '456 patent does not disclose a "generally rectangular" limitation.

47. K-TEC and its counsel's incorrect representation to the USPTO that the *Miller* '456 patent does not disclose "generally rectangular" side walls or opening was material to patentability.

48. Upon information and belief, K-TEC and its counsel's incorrect and material misrepresentation regarding the *Miller* '456 patent was done with the intent to deceive the USPTO into issuing K-TEC a patent.

49. The engagement of K-TEC and its counsel in inequitable conduct renders this an exceptional case within the provision of 35 U.S.C. § 285, and Vita-Mix is accordingly entitled to an award of its attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Vita-Mix prays that the Court enter an Order:

A. Dismissing K-TEC's Amended Complaint with prejudice in its entirety;

B. Declaring that Vita-Mix does not infringe any claim of the '842 patent;

C. Declaring that the '842 patent and each and every claim thereof is invalid;

D. Finding that, to the extent that there is interfering subject matter between the *Miller* '456 patent and the *Miller* '478 patent and the '842 patent, there is priority of invention as to any such interfering claims of the *Miller* '456 patent and the *Miller* '478 patent;

E. Finding that that the '842 patent is unenforceable due to inequitable conduct;

F. Permanently enjoining and restraining K-TEC, its officers, employees, agents and all persons in active concert or participation with K-TEC from asserting that Vita-Mix's sales activities constitute an infringement of the '842 patent, and from any and all acts giving rise to Vita-Mix's Counterclaim;

G. Ordering that the USPTO assign the claims of the '842 patent to Vita-Mix pursuant to 35 U.S.C. § 291;

H. Awarding Vita-Mix its attorneys' fees, costs and expenses pursuant to 35 U.S.C. § 285 and this Court's inherent authority to award such fees, costs and expenses; and

I. Granting Vita-Mix such other and further relief, both legal and equitable, as the Court deems just and proper.

**JURY DEMAND**

Vita-Mix demands a jury as to all issues triable to a jury as matter of law.

Respectfully submitted,

/s/David B. Cupar
Thomas D. Walk (#5555)
KIRTON & McCONKIE, PC
1800 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT 84145
Telephone: (801) 328-3600
Facsimile: (801) 321-4893

Michael L. Snyder (*pro hac vice*)
David T. Movius (*pro hac vice*)
David B. Cupar (*pro hac vice*)
McDONALD HOPKINS LLC
600 Superior Avenue, E., Suite 2100
Cleveland, OH 44114
Telephone: (216) 348-5400
Facsimile: (216) 348-5474

*Attorneys for Vita-Mix Corporation*