# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| K-TEC, INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>VITA-MIX CORP., an Ohio corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:06-cv-108-TC-PMW<br><br>Chief District Judge Tena Campbell<br><br>Magistrate Judge Paul M. Warner |

Chief District Judge Tena Campbell referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is K-TEC, Inc.'s ("K-TEC") motion to compel.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

In its motion, K-TEC asks the court to compel Vita-Mix Corp. ("Vita-Mix") to produce all communications relating to the noninfringement advice of Vita-Mix's counsel. Based on the content of a Vita-Mix sales memorandum and the deposition testimony of a Vita-Mix employee,

---

[1] *See* docket no. 321.

[2] *See* docket no. 242.

K-TEC argues that Vita-Mix has waived the attorney-client privilege with respect to those communications.

In response, Vita-Mix argues that the sales memorandum and deposition testimony do not constitute a waiver of the attorney-client privilege. Vita-Mix also asserts that while K-TEC's motion addresses waiver of the attorney-client privilege, it fails to discuss waiver of protection under the work-product doctrine. Finally, Vita-Mix argues that K-TEC's motion fails to comply with rule 37-1(b) of the Rules of Practice for the United States District Court for the District of Utah. *See* DUCivR 37-1(b).

At the outset, the court notes that its determinations about whether a waiver occurred under either the attorney-client privilege or the work-product doctrine are reviewed for abuse of discretion. *See United States v. Ary*, 518 F.3d 775, 782 (10th Cir. 2008). Before analyzing whether a waiver occurred, however, the court will address Vita-Mix's second argument referenced above. Vita-Mix correctly asserts that K-TEC's motion fails to discuss the issue of waiver under the work-product doctrine. While that is true, the court notes that the same standard for waiver applies to both the attorney-client privilege and the work-product doctrine. *See id.* at 783. For that reason, and in the interests of judicial economy, the court has determined that its conclusion with respect to whether a waiver occurred will apply with equal weight to both the attorney-client privilege and the work-product doctrine, notwithstanding K-TEC's failure to raise an argument concerning the latter in its motion and supporting memorandum.

After reviewing the sales memorandum and deposition testimony at issue, the court has determined that they do not constitute a waiver of the attorney-client privilege or the
2

work-product doctrine. Contrary to K-TEC's interpretation, the sales memorandum and the deposition testimony do not disclose the substance or contents of any communications Vita-Mix had with its counsel. *See In re Qwest Commc'ns, Int'l Inc.*, 450 F.3d 1179, 1185 (10th Cir. 2006) ("[T]he attorney-client privilege is lost if the client discloses the *substance* of an otherwise privileged communication to a third party." (emphasis added) (quotations and citation omitted)). Instead, both merely disclose the fact that Vita-Mix or its employees had communicated with or received advice from counsel. *See, e.g.*, *United States v. O'Malley*, 786 F.2d 786, 794 (7th Cir. 1986) ("[A] client does not waive his attorney-client privilege merely by disclosing a subject which he had discussed with his attorney. In order to waive the privilege, the client must disclose the communication with the attorney itself." (quotations and citations omitted)). While there are portions of the sales memorandum and the deposition testimony that describe actions taken or to be taken by Vita-Mix and its sales force, those portions do not contain language indicating that Vita-Mix's counsel specifically advised those actions or reveal the substance of any communications between Vita-Mix and its counsel.

With respect to the two cases that K-TEC primarily relies upon, the court has determined that they are distinguishable from this case. Unlike the instant case, both of those cases involved circumstances in which the content of specific attorney-client communications were disclosed. *See In re Target Tech. Co. LLC*, 208 F. App'x 825, 826-27 (Fed. Cir. 2006) (unpublished) (upholding the district court's determination that the attorney-client privilege was waived when the client issued a sales letter disclosing the client's specific request to counsel and the response received from counsel); *In re VISX, Inc.*, 18 F. App'x 821, 824 (Fed. Cir. 2001) (unpublished)

3

(upholding the district court's determination that the attorney-client privilege was waived when the client filed a document with the United States Patent and Trademark Office that made representations about the contents of specific attorney-client communications). In this case, as discussed above, the sales memorandum and the deposition testimony do not reference the content of any attorney-client communications; rather, they merely indicate that Vita-Mix or its employees had communicated with or received advice from counsel. Further, even if K-TEC had been able to persuade the court that those two unpublished cases are similar to the instant case, both cases represent nonbinding, nonprecedential authority that this court is not required to follow.

Turning to Vita-Mix's final argument, the court has determined that K-TEC's motion fails to comply with rule 37-1(b). *See* DUCivR 37-1(b) (providing that motions to compel "must be accompanied by a copy of the discovery request, the response to the request to which objection is made, and a succinct statement, separately for each objection, summarizing why the response received was inadequate"). In its reply memorandum, K-TEC does not dispute that its motion fails to comply with rule 37-1(b). Instead, K-TEC contends that Vita-Mix's argument with respect to K-TEC's noncompliance with rule 37-1(b) "has no substantive basis" because "[t]here is no question that K-TEC has requested the attorney-client communications at issue in the present [m]otion."[3] That argument misses the mark. While it may be true that K-TEC has indeed requested those communications, that does not excuse K-TEC's failure to comply with

---

[3] Docket no. 268 at 6.

rule 37-1(b). Further, the court finds it telling that K-TEC goes to some length in its reply memorandum to comply with the requirements of rule 37-1(b) and, at the same time, makes the contradictory and conclusory claim that there is "no substantive basis"[4] for the argument that its motion and supporting memorandum fail to comply with rule 37-1(b). While the court has already determined that K-TEC's substantive arguments fail, K-TEC's failure to comply with rule 37-1(b) provides further support for denying the instant motion.

Based on the foregoing discussion, K-TEC's motion to compel[5] is **DENIED**.

**IT IS SO ORDERED**.

DATED this 7th day of August, 2009.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[4] *Id*.

[5] *See* docket no. 242.