IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| K-TEC, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>VITA-MIX CORP.,<br><br>    Defendant. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:06-CV-108-TC-PMW |

  Plaintiff K-TEC, Inc. (K-TEC) owns U.S. Patent No. 6,9117 (the "'117 Patent") and U.S. Patent No. 7,281,842 (the "'842 Patent"). Both patents describe a generally rectangular blending jar with a fifth truncated wall designed to eliminate the problem of cavitation. K-TEC contends that Defendant Vita-Mix Corp.'s blending jar infringes both patents. The matter is now before the court for claim construction.

**ANALYSIS**

  K-TEC argues that at this point, the court needs to construe only one term, "truncated wall." Vita-Mix disagrees, urging the court to construe several disputed terms. And although the parties have briefed all of the disputed terms and the court heard argument on them all, the court agrees with K-TEC. Because "truncated wall" is a key term, found in every asserted claim of K-TEC's patents, the court will construe only that term. If later the court needs to construe other terms, it will.

**"Truncated Wall"**

K-TEC's Proposed Construction: "[A] wall (planar or non-planar) that truncates, in essence, the typical corner that would otherwise be formed between two side walls." (Pl.'s Claim Constr. Brief at 14, Docket No. 335.)

Vita-Mix's Proposed Constructions: "A distinct planar wall that is not a curved area or surface that forms corners with the adjacent two side walls and truncates the corner that would otherwise be formed between the two adjacent side walls." (Def.'s Claim Constr. Brief at 1, Docket No. 340.)

Vita-Mix has proposed a second, alternative construction: "A wall (planar or non-planar), that truncates, in essence, the typical corner that would otherwise be formed between two side walls, that forms corners with the two side walls and that is not a single, continuously curving surface." (Id.)

K-TEC, in its opening brief, set forth its reasons why it believed the "planar" limitation proposed by Vita-Mix, was wrong. K-TEC pointed out that some of the claims of its patents expressly include "a planar truncated wall" while others do not. For example, Claim 1 of the '117 Patent describes "a fifth truncated wall disposed between two of the four side walls." (Pl.'s Claim Constr. Brief, Ex. A, Column 8.) Dependent Claim 8 recites "an apparatus according to claim 1, wherein the four side walls and the fifth truncated wall are planar." (Id.) Similarly, the '842 Patent, Claim 1, reads, "a fifth truncated wall disposed between two of the four side walls." (Pl.'s Claim Constr. Brief, Ex. B, Column 8.) Dependent Claim 7 of the '842 Patent contains the planar limitation: "an apparatus according to claim 1, wherein the fifth truncated wall is planar." (Id.) Independent Claim 11 discusses a "fifth truncated wall." (Id. at Column 9) Dependent

Claim 12 again contains the planar limitation: "The blending container of claim 11 wherein the fifth truncated wall is planar." (Id.) Consequently, K-TEC argues, Vita-Mix's proposed construction runs afoul of the doctrine of claim differentiation. K-TEC stresses that "the only difference between claim 8 and claim 1 in the '117 patent is the 'planar' limitation. Likewise, the only difference between claims 7 and 12 and claims 1 and 11 in the '842 patent, respectively, is that 'the fifth truncated wall is planar.'" (Pl.'s Claim Constr. Brief, at 16-17.) K-TEC maintains, citing the decision in Sunrace Roots Enterprises Co., LTD. v. SRAM Corp., 336 F3d. 1298, 1303 (Fed. Cir. 2003), that because the only difference between these independent and dependent claims is the planar limitation, there is a strong presumption that the planar limitation should not be read into the independent claims.

Vita-Mix presents several arguments in support of its constructions. First, it argues that during the PTO's reexamination of the '117 Patent, K-TEC distinguished its patent from an earlier patent, U.S. Patent No. 7,063,456 (the "Miller Patent") by disclaiming "all curved areas or surfaces." (Def.'s Claim Constr. Brief, at 2.) Vita-Mix makes a similar argument concerning the prosecution of the '876 Patent, contending that K-TEC distinguished a "truncated wall" from three prior art references by disclaiming curved or non-planar walls. Vita-Mix accuses K-TEC of now taking an opposite position in litigation. That is, contending that a truncated wall can include a curved area located nearest to the axis of the blades. Vita-Mix relies on the decision in Southwall Tech., Inc. v. Cardinal IGO Co., 54 F.3d 1570 (Fed. Cir. 1995). There the court rejected an interpretation of a claim term that during prosecution, the patentee had surrendered. 54 F.3d at 1578 ("A patentee may not proffer an interpretation for the purposes of litigation that would alter the indisputable public record consisting of the claims, the specification and the

3

prosecution history, and treat the claims as a 'nose of wax.'").

K-TEC denies that it disclaimed "curved walls" during prosecution of either of its patents. K-TEC contends that Vita-Mix has taken K-TEC's comments out of context. Pointing to its response to the PTO Examiner during reexamination of the '117 Patent, K-TEC maintains that the entire response makes clear that K-TEC distinguished its claimed truncated wall from the Miller patent "<u>not because it curved</u>, but because it did not truncate a typical corner that otherwise would be formed." (Pl.'s Reply Brief at 9, Docket No. 346.)

K-TEC's arguments concerning prosecution of the '876 Patent is much the same. According to K-TEC, Vita-Mix has again taken K-TEC's statements out of context and omitted other "critical statements" from the prosecution history. (<u>Id.</u> at 11.)

The court agrees with K-TEC. K-TEC's response to the Examiner during the reexamination of the '117 Patent shows that K-TEC explained that "[t]he claimed truncated wall may be planar or curved, as long as it truncates a typical corner that would otherwise be formed if the truncated wall were not present." (Pl.'s Claim Constr. Brief, Ex. P, at 3-5.) K-TEC's position was that the Examiner had mistakenly viewed a surface (surface 27) in the Miller Patent as a truncated wall when, in fact "surface 27 cannot be fairly considered a truncated wall . . . because the two side walls allegedly truncated by surface 27 <u>would never intersect with each other and thus would never form a corner</u>, much less a typical corner that would otherwise be formed." (<u>Id.</u> at 4.)[1]

---

[1] The court agrees with K-TEC that the words "by" and "between" are used interchangeably in the specification of the '117 Patent when describing "truncated wall" and the formation of corners.

4

Similarly, a careful examination of the '876 Patent's prosecution history bears out K-TEC's contention that it did not disclaim curved walls during this reexamination. In response to the Examiner's rejection of certain claims based on K-TEC's prior art jars, K-TEC emphasized that "[a] truncated wall may comprise both planar and non-planar shapes (e.g., rounded) so long as the wall truncates, in essence, the typical corner that would otherwise be formed by the intersection of two of the four side walls . . . ." (Pl.'s Claim Constr. Brief, Ex. M, at 8-9.)

Also during the reexamination of the '876 Patent, the Examiner rejected certain claims on the grounds that it would have been obvious to combine the square blending jar in the Dickson '086 Patent with an ornamental pitcher in a design patent issued to Grimes. Contrary to Vita-Mix's contentions, K-TEC did not, in its response to the Examiner, disclaim curved walls. Instead, K-TEC argued that the Dickinson '086 Patent taught away from the Grimes Patent because the Dickinson '086 Patent taught the use of a square jar because the long blade in Dickinson would not work in the non-square jar configuration of Grimes.

Vita-Mix next argues that because the specifications of the K-TEC patents do not disclose non-planar walls, the claims themselves be construed to encompass non-planar walls. But, as K-TEC correctly points out, the specifications of the K-TEC patents do not describe the configuration of the truncated wall. The configuration of the truncated wall is not essential to its claimed novelty: a shift in the vortex resulting in a reduction of cavitation during blending.

Case law supports K-TEC's position. For example, in Computer Docking Station Corp. v. Dell, 519 F.3d 1366, 1374 (Fed. Cir. 2008), the court cautioned: "Occasionally specification explanations may lead one of ordinary skill to interpret a claim term more narrowly than its plain meaning suggests. Nonetheless, this court will not countenance the importation of claim

5

limitations from a few specification statements or figures into the claims . . . ." The court in Aktiebolag v. Andrx Pharm., Inc. (In re Omeprazole Patent Litigation), 483 F.3d 1364, 1372 (Fed. Cir. 2007), stated: "Absent some clear intent to the contrary, this court does not import examples from the specification into the claims." And recently, in Kara Tech. Inc. v. Stamps.com Inc, 2009 WL 3030360 (Fed. Cir. Sept. 24, 2009), the court emphasized, again, that "[t]he claims, not specification embodiments, define the scope of patent protection. The patentee is entitled to the full scope of his claims, and we will not limit him to his preferred embodiment or import a limitation from the specification into the claims."

Vita-Mix's proposed constructions includes a limitation that requires the truncated wall to form corners with two side walls. But this limitation is found only in Claim 15 of the '117 patent, which reads: "An apparatus according to Claim 14, wherein the intersecting corners formed by the four side walls further comprise two intersecting corners formed by the truncated wall and the two of the four side walls." (Def.'s Claim Constr. Brief, Ex. A) Consequently, the court will not read the limitation of Claim 15 into the other claims; to do so would violate the doctrine of claim differentiation.

**ORDER**

For the above reasons, the court accepts K-TEC's proposed construction of "truncated wall."

DATED this 23d day of October, 2009.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge