**L. Grant Foster, 7202**
gfoster@hollandhart.com
**Brett L. Foster, 6089**
bfoster@hollandhart.com
**Mark A. Miller, 9563**
mmiller@hollandhart.com
HOLLAND & HART LLP
60 East South Temple, Suite 2000
Salt Lake City, Utah 84111-1031
Telephone:  (801) 799-5800
Facsimile:  (801) 799-5700

*Attorneys for Plaintiff*
K-TEC, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **K-TEC, Inc.**, a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**Vita-Mix Corp.**, an Ohio corporation,<br><br>Defendant. | **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT**<br><br>Civil Case No. 2:06-CV-00108<br><br>Chief Judge Tena Campbell |

Plaintiff K-TEC, Inc. ("K-TEC") submits the following Memorandum in support of its Motion for Summary Judgment of Infringement against Defendant Vita-Mix Corp. ("Vita-Mix").

## INTRODUCTION

This is a simple infringement case. K-TEC invented and patented a novel "truncated wall" blending jar. K-TEC's patents have been examined and reexamined by the Patent Office, which has concluded in several proceedings that K-TEC's invention is novel and non-obvious. Vita-Mix studied and copied K-TEC's blending jar invention after its own designs failed to achieve the improved blending performance its customers demanded and has been selling its replica of K-TEC's invention ever since. The claims in the K-TEC patents are simply written. The configuration of Vita-Mix's accused jars is equally simple and undisputed. In view of the Court's interpretation of the only genuinely disputed claim term – truncated wall – no reasonable jury could conclude that the Vita-Mix jars do not infringe the asserted claims of the K-TEC patents. The Court should, therefore, enter summary judgment of infringement against Vita-Mix.

## STATEMENT OF FACTS

**I.   THE INVENTION OF THE '842 PATENT**

1.  K-TEC owns U.S. Patent No. 6,979,117 (the '117 patent) (Ex. A) and U.S. Patent No. 7,281,842 (the '842 patent) (Ex. B) (collectively "the K-TEC patents").

2.  The K-TEC patents both describe and claim a unique "truncated wall" blending jar invention that increases the efficiency in blending various beverages, such as frozen smoothie beverages. One embodiment of the claimed invention is shown below in Figures 10 and 11 of the K-TEC patents.[1]

---

[1] The relevant prosecution history and details of the K-TEC patents has been set forth in K-TEC's claim construction briefing, which is incorporated herein by this reference. *See* Opening Claim Construction Brief (Dkt. Nos. 335-338); Reply Claim Construction Brief (Dkt. No. 346).

4632968_1.DOC



Fig.10    Fig.11

## A. ASSERTED CLAIMS

In the present Motion, K-TEC seeks summary judgment of infringement with respect to claim 4 of the '117 patent and claims 1, 9, and 11 of the '842 patent.[2]

3. Claim 4 of the '117 patent reads:

> 4.[3] An apparatus, comprising:
>
> a movable blending member;
>
> a blending jar, the blending jar comprising:
>
> > a bottom wall with a central axis;
> >
> > four side walls extending from the bottom wall that form intersecting corners;
> >
> > a fifth truncated wall disposed between two of the four side walls;

---

[2] Although K-TEC asserts claims 2-4 and 18-35 of the '117 patent and all claims in the '842 patent in this case, as set forth in its current Infringement Contentions (Dkt. No. 300), K-TEC has limited the claims asserted in the present Motion in the interest of efficiency and judicial economy. In so doing, K-TEC does not waive its infringement allegations regarding any of the additional claims recited in its Infringement Contentions.

[3] Claim 4 depends from claim 1 and, therefore, includes all limitations set forth in claim 1. Accordingly, for purposes of the present Motion, the introductory phrase of claim 4 that states "An apparatus according to claim 1" will be replaced by the claim limitations of claim 1 for ease of presentation and analysis.

3

a handle secured to the blending jar at the truncated fifth wall;

wherein the fifth truncated wall is positioned closer to the central axis than the intersecting corners formed by the four side walls;

wherein the four side walls are arranged in a generally rectangular, tapered shape.  ('117 patent, col. 8, lines 15-35).

4. Claim 1 of the '842 patent reads as follows:

1. A blending jar apparatus, comprising:

a blending jar having a blending element which rotates on a central axis, the jar to hold at least one foodstuff to be blended, the blending jar comprising:

a bottom wall;

four side walls extending from the bottom wall, the four side walls defining an opening having a generally rectangular shape, the opening being configured to receive the at least one foodstuff;

a fifth truncated wall disposed between two of the four side walls;

a handle secured to the blending jar adjacent to the fifth truncated wall;

wherein the fifth truncated wall is positioned closer to the central axis than corners formed by the four side walls.  ('842 patent at col. 8, lines 17-31).

5. Claim 9 of the '842 patent reads as follows:

9. A blending jar apparatus, comprising:

a blending jar having a blending element which rotates on an axis, the jar to hold at least one foodstuff to be blended, the blending jar comprising:

four planar side walls extending upward from a bottom wall, the four side walls defining a generally rectangular area, the axis being centrally located relative to corners forming the generally rectangular area;

4

> a fifth truncated wall disposed between two of the four side walls; and
>
> wherein the fifth truncated wall is positioned closer to the axis than corners formed by the four side walls. (*Id*. at col. 8, lines 49-61).

6. Claim 11 of the '842 patent reads as follows:

> 11. A blending container comprising:
>
> a mixing blade which rotates on an axis;
>
> a bottom positioned below the mixing blade;
>
> four walls which extend upward from the bottom and define an at least substantially rectangular shaped opening through which one or more ingredients may be positioned inside the blending container, the axis being central to corners formed by the four walls; and
>
> a fifth truncated wall which extends upward from the bottom and is positioned between two of the four walls, the fifth truncated wall being positioned closer to the axis than a corner formed where the other two of the four walls meet. (*Id*. at col. 8, line 65 – col. 9, line 10).

## II.    CLAIM CONSTRUCTION – TRUNCATED WALL

7. The Court has interpreted "truncated wall" to mean ***a wall (planar or non-planar) that truncates, in essence, the typical corner that would otherwise be formed between two side walls***. Order and Memorandum Decision Re: Claim Construction (Dkt. No. 358).

8. The meaning of the remaining terms in the asserted claims "as understood by a person of skill in the art" is straightforward and "readily apparent." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005) (*en banc*). They "are not technical terms of art, and do not require elaborate interpretation." *Brown v. 3M*, 265 F.3d 1349, 1352 (Fed. Cir. 2001). Thus, the Court's infringement analysis should "involve[] little more than the application of the widely accepted

meaning of commonly understood words." *Phillips*, 415 F.3d at 1314 (*citing Brown*, 265 F.3d at 1352).

### III. ACCUSED PRODUCTS

9. Shortly after K-TEC introduced its truncated wall blending container, Vita-Mix copied K-TEC's invention to make the First Vita-Mix Jar, as demonstrated below.[4]



**K-TEC PATENTS**
**(FIG. 10)**

**K-TEC JAR**
**(EX. C)**

**FIRST VITA-MIX JAR**
**(EX. D)**

10. The structure of the First Vita-Mix Jar is undisputed and embodies every limitation recited in claim 4 of the '117 patent. *See* Claim Chart (Ex. G); Argument Section I, *infra*.; First Vita-Mix Jar (Ex. D); '117 patent, col. 8, lines 15-35 (Ex. A).

---

[4] The details and evidence of Vita-Mix's copying are set forth, in part, in K-TEC's claim construction briefing and exhibits, which are incorporated by this reference. *See* Opening Claim Construction Brief at 2-6 (Dkt. No. 335); Reply Claim Construction Brief at 1-6 (Dkt. No. 346). The fact of Vita-Mix's copying, while beyond dispute in K-TEC's view, need not be found as a matter of law to enter a judgment of infringement. For purposes of this Motion, it simply provides context to the origin of Vita-Mix's infringing products.

4632968_1.DOC

11. In 2005, Vita-Mix made an inconsequential and deliberately invisible change to its accused jar by slightly rounding the truncated wall under the handle.[5]



**FIRST VITA-MIX JAR (EX. D)**     **SECOND VITA-MIX JAR (EX. E)**

12. The structural configuration of Vita-Mix's accused jars is readily apparent and undisputed.[6] (Exs. D, E).

13. The Second Vita-Mix Jar embodies every limitation recited in claim 4 of the '117 patent. *See* Claim Chart (Ex. H); Argument Section II, *infra*.; Second Vita-Mix Jar (Ex. E); '117 patent, col. 8, lines 15-35 (Ex. A).

---

[5] The details of Vita-Mix's faux design change are also set forth in K-TEC's claim construction briefing and exhibits, which are incorporated by this reference. *See* Opening Claim Construction Brief at 6-8 (Dkt. No. 335); Reply Claim Construction Brief at 5-6 (Dkt. No. 346). Again, the insignificant nature of Vita-Mix's design change is not a fact that need be found as a matter of law to enter summary judgment of infringement. For purposes of this Motion, it simply provides context to the origin of Vita-Mix's infringing products.

[6] K-TEC will provide the Court with a sample of the K-TEC Jar (bates no. K000897), the First Vita-Mix Jar (bates no. V000372), and the Second Vita-Mix Jar (V000442) for evaluation in connection with this Motion.

4632968_1.DOC

14. The Second Vita-Mix Jar also embodies every limitation recited in claim 1 of the '842 patent. *See* Claim Chart (Ex. I); Argument Section II, *infra*.; Second Vita-Mix Jar (Ex. E); '842 patent at col. 8, lines 17-31 (Ex. B).

15. The Second Vita-Mix Jar also embodies every limitation recited in claim 9 of the '842 patent. *See* Claim Chart (Ex. I); Argument Section II, *infra*.; Second Vita-Mix Jar (Ex. E); '842 patent at col. 8, lines 49-61 (Ex. B).

16. The Second Vita-Mix Jar also embodies every limitation recited in claim 11 of the '842 patent. *See* Claim Chart (Ex. I); Argument Section II, *infra*.; Second Vita-Mix Jar (Ex. E); '842 patent at col. 8, line 65 – col. 9, line 10 (Ex. B).

17. Vita-Mix has made, used, and sold the Second Infringing Jar since at least January 4, 2006 to the present, throughout the terms of both K-TEC patents. *See* Response to Interrogatories at 3 (Ex. J).

With regard to the First Vita-Mix Jar, there is a genuine issue of material fact concerning whether Vita-Mix continued to make, use, sell, or offer for sale the First Vita-Mix Jar after the '117 patent issued on December 27, 2005.[7] Accordingly, in the present Motion, K-TEC seeks: (a) summary judgment that the First Vita-Mix Jar embodies every limitation in claim 4 of the '117 patent such that Vita-Mix will be liable for infringement if the jury finds that Vita-Mix made, used, sold, or offered for sale the First Vita-Mix Jar after December 27, 2005, and (b) summary judgment that Vita-Mix has infringed both of the K-TEC patents through its sales of the Second Vita-Mix Jar.

---

[7] This issue is addressed in connection with Vita-Mix's Motion for Summary Judgment of Non-infringement. K-TEC does not assert infringement against the First Vita-Mix Jar with respect to the '842 patent.

## ARGUMENT

"[W]hoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States … during the term of the patent therefore, infringes the patent." 35 U.S.C. § 271(a). The determination of whether a patent claim has been infringed requires a two-step analysis. *Stumbo v. Eastman Outdoors, Inc.*, 508 F.3d 1358, 1361 (Fed. Cir. 2007). "First, the claim must be properly construed to determine its scope and meaning." *Id.* (quoting *Carroll Touch, Inc. v. Electro Mech. Sys., Inc.*, 15 F.3d 1573, 1576 (Fed. Cir. 1993)). The Court has completed this step. "Second, the claim as properly construed must be compared to the accused device or process." *Id.* Infringement is determined under the *all limitations rule*, which "holds that an accused product or process is not infringing unless it contains each limitation of the claim, either literally or by an equivalent." *Freedman Seating Co. v. American Seating Co.*, 420 F.3d 1350, 1358 (Fed. Cir. 2005). "To find literal infringement, each limitation of the claim must be present in the accused device." *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1330 (Fed. Cir. 2001).

Summary judgment of patent infringement is warranted when the properly construed claims encompass the undisputed structure of the accused device. *See, e.g., McGinley v. Franklin Sports, Inc.*, 262 F.3d 1339, 1349 (Fed. Cir. 2001) ("Therefore, we affirm the district court's grant of summary judgment of infringement"); *Invitrogen Corp. v. Clontech Labs., Inc.*, 429 F.3d 1052 (Fed. Cir. 2005) (affirming summary judgment of infringement); *Gemtron Corp. v. Saint-Gobain Corp.*, 572 F.3d 1371, 1381 (Fed. Cir. 2009) (same).

I.  **THE FIRST VITA-MIX JAR UNDISPUTEDLY EMBODIES EVERY ELEMENT OF THE ASSERTED CLAIMS, BECAUSE IT IS A REPLICA OF THE PREFERRED EMBODIMENT**

Throughout this case, Vita-Mix has never disputed the fact that the First Vita-Mix Jar satisfies every limitation in the asserted claims.[8]  Indeed, it cannot.  The First Vita-Mix Jar is a replica of the preferred embodiment of K-TEC's claimed invention.  Accordingly, *any* reasonable interpretation of the asserted claims will encompass the First Vita-Mix Jar.  *See Burke Inc. v. Bruno Indep. Living Aids Inc.*, 183 F.3d 1334, 1341 (Fed. Cir. 1999) (A "district court's claim interpretation … [that] would exclude the preferred embodiment described in the specification … cannot be sustained"); *Nellcor Puritan Bennett Inc. v. Masimo Corp.*, 402 F.3d 1364, 1368 (Fed. Cir. 2005) (The fact that a particular construction "would have the effect of placing all the embodiments of the invention outside the scope of the claims is powerful evidence that the construction is incorrect"); *Hoechst Celanese Corp. v. BP Chem. Ltd.*, 78 F.3d 1575, 1581 (Fed. Cir. 1996) ("[I]t is unlikely that an inventor would define the invention in a way that excluded the preferred embodiment, or that persons of skill in this field would read the specification in such a way"); *Primos, Inc. v. Hunter's Specialties, Inc.*, 451 F.3d 841, 848 (Fed. Cir. 2006) ("we also should not normally interpret a claim term to exclude a preferred embodiment").  It is, therefore, beyond genuine dispute that the First Vita-Mix Jar embodies every limitation in at least claim 4 of the '117 patent.

---

[8] Vita-Mix's own internal records reveal its understanding.  *See, e.g.,* Vita-Mix Engineering Staff Meeting Minutes, October 2005 (Ex. W to K-TEC Reply CC Brief) (Dkt. No. 346) ("K-Tech paid the filing fee on their patent, so Vita-Mix has two months to make changes to the XP containers and avoid infringements on the container"); December 28, 2005 Email (Ex. X to K-TEC Reply CC Brief) (Dkt. No. 346) ("the K-Tec patent for the MP container was issued December 27th"); Sales Memorandum, January 1, 2006 (Ex. I to K-TEC Opening CC Brief) (Dkt. No. 336) (discussing the "5th side, which is what Blendtec has patented").

4632968_1.DOC

Beyond the common sense analysis above, the following color-coded chart and the charts attached as Exhibit G also demonstrate beyond dispute that the First Vita-Mix Jar meets every limitation in claim 4 of the '117 patent.

| Claim 4 ('117 Patent) | First Vita-Mix Jar (Exhibits D, G) |
|---|---|
| An apparatus, comprising:<br><br>a **movable blending member**;<br><br>a blending jar, the blending jar comprising:<br><br>**a bottom wall** with a **central axis**;<br><br>**four side walls** extending from the **bottom wall** that form **intersecting corners**;<br><br>**a fifth truncated wall** disposed between two of the **four side walls**;<br><br>**a handle** secured to the blending jar at the **truncated fifth wall**;<br><br>wherein the **fifth truncated wall** is positioned closer to the **central axis** than **intersecting corners** formed by the **four side walls**;<br><br>wherein the **four side walls** are arranged in a generally rectangular, tapered shape. | |

Accordingly, the Court should enter summary judgment that the First Vita-Mix Jar satisfies every limitation of claim 4 of the '117 patent.

11

4632968_1.DOC

## II. VITA-MIX INFRINGES THE '842 PATENT THROUGH MAKING AND SELLING THE SECOND VITA-MIX JAR

It is undisputed that Vita-Mix has been continuously making and selling the Second Vita-Mix Jar since the '117 patent issued in December 2005 and since the '842 patent issued in October 2007. To reiterate, as demonstrated below, the Second Vita-Mix Jar replicates the structure of the preferred embodiment in the K-TEC patents with the sole exception of the truncated wall being slightly curved.[9]

   

**K-TEC PATENTS, FIG. 10**         **SECOND VITA-MIX JAR (EX. E)**

Consequently, as the Court has rightly concluded, there is no need for the Court to construe any other claim limitations (*i.e.*, beyond the "truncated wall" limitation), because no reasonable interpretation thereof would exclude the configuration of either of the accused Vita-Mix jars with respect to all features other than the truncated wall element. *See Abbott Labs. v. Baxter Pharm. Prods., Inc.*, 471 F.3d 1363, 1368 (Fed. Cir. 2005) (where the result is the same

---

[9] *See also* Opening Claim Construction Brief at 6-8 (Dkt. No. 335); Reply Claim Construction Brief at 5-6 (Dkt. No. 346).

12

"under any definition of the term … we need not construe the phrase with … exactitude to reach our decision"); *Acumed LLC v. Stryker Corp.*, 483 F.3d 800, 806 (Fed. Cir. 2007) ("a sound claim construction need not always purge every shred of ambiguity" especially where the "accused product is in no danger of falling within that area").[10]

Because the Court has correctly construed "truncated wall" to encompass both planar and non-planar shapes, it is beyond dispute that the Second Vita-Mix Jar satisfies every limitation in at least claim 4 of the '117 patent and claims 1, 9, and 11 of the '842 patent. As is apparent from the undisputed structure of the Second Vita-Mix Jar (*see* figures, *supra*), the curved wall beneath the handle unquestionably truncates, in essence, the typical corner that would otherwise be formed by two of the side walls in precisely the same manner as the planar truncated wall of K-TEC's preferred embodiment. In other words, there is no doubt that the curved truncated wall of the Second Vita-Mix Jar perfectly satisfies the Court's definition for "truncated wall." The fact that the Second Vita-Mix Jar embodies every limitation of the asserted claims is also shown in extraordinary detail in the following charts and in the charts of Exhibits H and I.

---

[10] Furthermore, Vita-Mix has not demonstrated how any proper interpretation of the other claim limitations would meaningfully impact the merits. *See* Menell, Peter S., Powers, Matthew D. and Carlson, Steven C., *Patent Claim Construction: A Modern Synthesis and Structured Framework* at 19 (September 21, 2009) (available at SSRN: http://ssrn.com/abstract=1476395; Berkeley Technology Law Journal, forthcoming) ("***It is all too common for the parties to propose differing construction but be unable to articulate why the differences matter***. … For many claim terms, attempting to 'construe' the claim language adds little in the way of clarity. …  where the intrinsic evidence and extrinsic evidence do not meaningfully add to the definition of a term, it is appropriate (and often preferred) to allow straightforward claim language to stand as-is.") (emphasis added).

4632968_1.DOC

| Claim 4 ('117 Patent) | Second Vita-Mix Jar (Exhibits E, H) |
|---|---|
| An apparatus, comprising:<br><br>a **movable blending member**;<br><br>a blending jar, the blending jar comprising:<br><br>**a bottom wall** with a **central axis**;<br><br>**four side walls** extending from the **bottom wall** that form **intersecting corners**;<br><br>**a fifth truncated wall** disposed between two of the **four side walls**;<br><br>**a handle** secured to the blending jar at the **truncated fifth wall**;<br><br>wherein the **fifth truncated wall** is positioned closer to the **central axis** than **intersecting corners** formed by the **four side walls**;<br><br>wherein the **four side walls** are arranged in a generally rectangular, tapered shape. | <br><br> |

4632968_1.DOC

| Claim 1 ('842 Patent) | Second Vita-Mix Jar (Exhibits E, I) |
|---|---|
| A blending jar apparatus, comprising:<br><br>a blending jar having a **blending element** which rotates on a **central axis**, the jar to hold at least one foodstuff[11] to be blended, the blending jar comprising:<br><br>**a bottom wall**;<br><br>**four side walls** extending from the **bottom wall**, the **four side walls** defining **an opening having a generally rectangular shape**, the opening being configured to receive the at least one foodstuff;<br><br>**a fifth truncated wall** disposed between two of the **four side walls**;<br><br>**a handle** secured to the blending jar adjacent to the **fifth truncated wall**;<br><br>wherein the **fifth truncated wall** is positioned closer to the **central axis** than **corners** formed by the **four side walls**. |  |

---

[11] Attached as Exhibit F is a Vita-Mix brochure showing that the Second Vita-Mix Jar is configured to receive, hold, and blend food products.

15

4632968_1.DOC

| Claim 9 ('842 Patent) | Second Vita-Mix Jar (Exhibits E, I) |
|---|---|
| A blending jar apparatus, comprising:<br><br>a blending jar having a **blending element** which rotates on an **axis**, the jar to hold at least one foodstuff[12] to be blended, the blending jar comprising:<br><br>four planar side walls extending upward from **a bottom wall**, the four side walls defining **a generally rectangular area**, the **axis** being centrally located relative to **corners** forming the **generally rectangular area**;<br><br>**a fifth truncated wall** disposed between two of the four side walls; and<br><br>wherein the **fifth truncated wall** is positioned closer to the **axis** than **corners** formed by the four side walls. |  |

---

[12] *See* Exhibit F.

16

4632968_1.DOC

| Claim 11 ('842 Patent) | Second Vita-Mix Jar (Exhibits E, I) |
|---|---|
| A blending container comprising:<br><br>**a mixing blade** which rotates on an **axis**;<br><br>**a bottom** positioned below the **mixing blade**;<br><br>**four walls** which extend upward from the **bottom** and define **an at least substantially rectangular shaped opening** through which one or more ingredients[13] may be positioned inside the blending container, the **axis** being central to **corners** formed by the **four walls**; and<br><br>**a fifth truncated wall** which extends upward from the **bottom** and is positioned between two of the **four walls**, the **fifth truncated wall** being positioned closer to the **axis** than a **corner** formed where the other two of the **four walls** meet. |  |

---

[13] *See* Exhibit F.

4632968_1.DOC

Accordingly, the Court should enter summary judgment of infringement against Vita-Mix for making and selling the Second Vita-Mix Jar.

## CONCLUSION

In view of the Court's claim construction order and the undisputed configuration of the accused Vita-Mix jars, the Court should grant this Motion and enter summary judgment that (a) the First Vita-Mix Jar satisfies every limitation of claim 4 of the '117 patent, and (b) Vita-Mix infringes at least claim 4 of the '117 patent and claims 1, 9, and 11 of the '842 patent through making and selling the Second Vita-Mix Jar.

Dated this 28th day of October, 2009.

        Respectfully Submitted,

        /s/ Mark A. Miller
        L. Grant Foster
        Brett L. Foster
        Mark A. Miller
        HOLLAND & HART LLP

        *Attorneys for Plaintiff K-TEC, Inc.*

# Index to Exhibits

Exhibit A    U.S. Patent No. 6,979,117

Exhibit B    U.S. Patent No. 7,281,842

Exhibit C    Photographs, K-TEC Patented Jar

Exhibit D    Photographs, First Vita-Mix Jar

Exhibit E    Photographs, Second Vita-Mix Jar

Exhibit F    Vita-Mix Brochures

Exhibit G    Claim Charts, First Vita-Mix Jar and '117 Patent

Exhibit H    Claim Charts, Second Vita-Mix Jar and '117 Patent

Exhibit I    Claim Charts, Second Vita-Mix Jar and '842 Patent

Exhibit J    Vita-Mix's Responses to Interrogatories