Thomas D. Walk (#5555)
Todd E. Zenger (#5238)
Dax D. Anderson (#10168)
KIRTON & McCONKIE, PC
1800 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT 84145
Telephone: (801) 328-3600
Facsimile: (801) 321-4893

Michael L. Snyder (*pro hac vice*)
David T. Movius (*pro hac vice*)
David B. Cupar (*pro hac vice*)
McDONALD HOPKINS LLC
600 Superior Avenue, E., Suite 2100
Cleveland, OH 44114
Telephone: (216) 348-5400
Facsimile: (216) 348-5474

*Attorneys for Vita-Mix Corporation*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **K-TEC, INC.,** a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>**VITA-MIX CORP.**, an Ohio corporation,<br><br>Defendant. | **VITA-MIX CORPORATION'S MEMORANDUM IN OPPOSITION TO K-TEC, INC.'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS**<br><br>Case No. 2:06cv00108<br><br>Judge Tena Campbell<br><br>Magistrate Judge Paul M. Warner |

Vita-Mix Corporation ("Vita-Mix") submits this memorandum in opposition to K-TEC, Inc.'s ("K-TEC") Motion for Protective Order and to Quash Subpoenas. (Dkt. No. 357.)

{1926357:4}

I.      **INTRODUCTION**

Attorneys prosecuting a patent application before the United States Patent and Trademark Office ("USPTO") have a statutory duty of candor to provide the USPTO with information known to be material to patentability. 37 C.F.R. § 1.56; *Dayco Prods., Inc. v. Total Containment, Inc.*, 329 F.3d 1358, 1362-63 (Fed. Cir. 2003); Manual of Patent Examining Procedure (M.P.E.P.) § 2001. When done with deceptive intent, breaching this duty of candor constitutes inequitable conduct and renders a patent unenforceable. *Dayco*, 329 F.3d at 1363.

During the prosecution of U.S. Patent Nos. 6,979,117 (the "'117 patent") and. 7,281,842 (the "'842 patent"), L. Grant Foster ("Mr. Foster") did not comply with his statutory duty of candor when he failed to disclose to the USPTO material information from other related applications adverse to patentability. The USPTO later used the very information that Mr. Foster failed to disclose to reject a child K-TEC patent application. K-TEC did not dispute that rejection so that the application abandoned. The next question becomes: did Mr. Foster act with deceptive intent in failing to disclose material information to the USPTO? This question is crucial to determining inequitable conduct. Mr. Foster cannot hide and prevent Vita-Mix from discovering facts related to answer that question. *See McKesson Info. Solutions, Inc. v. Bridge Med., Inc.*, 487 F.3d 897, 919 (Fed. Cir. 2007) (affirming inequitable conduct and deceptive intent from the prosecuting attorney's testimony).

As is common during discovery in patent infringement cases, Vita-Mix has every right to depose Mr. Foster, the person who prosecuted the '117 and '842 patents, and seek the related documents in the possession of his firm Holland & Hart LLP ("Holland & Hart"). There can be no legitimate dispute that Mr. Foster is a necessary fact witness in this case. Specifically: (i) Mr. Foster was solely responsible for preparing documents and conducting *ex parte* written and oral

ii

communications with the USPTO during prosecution; (ii) Mr. Foster's patent preparation and USPTO communications are non-privileged, are not protected by work product, and are highly relevant to Vita-Mix's claims and defenses including at least inequitable conduct and invalidity; and (iii) Mr. Foster's testimony along with documents to be produced are crucial to this case because they bear directly on Vita-Mix's claims and defenses. Likewise, Holland & Hart also has key non-privileged documents in its possession, custody or control pertaining to the preparation and prosecution of the '117 and '842 patents and related applications.

Faced with tough questioning why Mr. Foster failed to disclose material information to the USPTO that likely could have precluded these patents from issuing, K-TEC attempts to shield him from discovery. K-TEC attempts to justify this by arguing that Grant Foster's name appears on the pleadings. The reality is that Grant Foster has had no involvement in this case and is not trial counsel. Controlling law prohibits K-TEC from shielding him from discovery by placing his name on the pleadings when he has no involvement. Therefore, controlling law does not support K-TEC's improper attempt to shield discoverable facts by naming Mr. Foster on the pleadings.

Furthermore, numerous courts have flatly rejected K-TEC's claim that Mr. Foster's work during patent prosecution constitutes "work product" and have instead held that work done during USPTO prosecution is expressly separate from litigation so that it is ***not*** "work product."

Finally, K-TEC's last-ditch argument that Vita-Mix's claims and defenses somehow were not technically pled correctly is wholly without merit. If K-TEC truly believed its argument, then it would have moved to dismiss on that ground years ago. It did no such thing. Vita-Mix's answer and counterclaim correctly alleges inequitable conduct because K-TEC and its counsel Mr. Foster failed to disclose to the USPTO material information from related co-pending

applications. (Dkt. No. 126.). Vita-Mix is entitled to discovery to support that defense. Therefore, K-TEC's motion to quash should be denied.

## II.     FACTUAL BACKGROUND

Mr. Grant Foster and his Holland & Hart firm prosecuted the '117 and '842 patents. (Exh. 1 & 2, front pages). Thomas Dickson, the alleged sole inventor of the '117 and '842 patents, appointed Mr. Foster "to prosecute [the patent] application and to transact all business in the Patent and Trademark Office connected therewith." (Exh. 3, Thomas Dickson Declaration.) Mr. Dickson further asked the USPTO to direct all correspondence and telephone calls to Mr. Foster. (*Id.*) Mr. Foster submitted or signed *nearly every* document to the USPTO during prosecution of the '117 and '842 patents. (Exh. 4; Dkt. No. 126, page iv.) Mr. Foster also had two personal *ex parte* meetings, known as "Examiner's Interviews," during the prosecution of the '842 patent where only he and the Examiner were present <u>without</u> a written transcript of those interviews. (Exh. 5, August 15, 2006 and April 5, 2007 Interview Summaries.) Likewise, Mr. Foster submitted nearly all documents to the USPTO during the '117 patent prosecution and was the only person in at least six more *ex parte* Examiner Interviews with different examiners in those related applications. (*See* Dkt. No. 126, page iv.)  Significantly, there is no transcript of the statements made during those Examiner Interviews.

In addition to his responsibility for prosecuting the '117 and '842 patents, Mr. Foster also prosecuted each of the patents and applications relating to the '117 and '842 patents – U.S. Patent Nos. 6,811,303 and 6,854,876 and U.S. Application No. 11/823,625 (the "'625 application").

During prosecution of the applications that became the '117 and 842 patents, Mr. Foster failed to disclose to the USPTO information that is material to patentability. During prosecution

iv

of the '117 patent, Mr. Foster failed to disclose a prior patent infringement action between K-TEC and Vita-Mix that K-TEC voluntarily dismissed because Mr. Foster failed to disclose to the USPTO K-TEC's own prior art that invalidated its patent. (*See* Dkt. No. 126, page 2.) During prosecution of the '842 patent, Mr. Foster failed to disclose to the USPTO documents in co-pending reexaminations that show how to correctly apply prior art to the '842 patent. The reexamination documents Mr. Foster withheld from the USPTO in the '842 prosecution included Vita-Mix's reexamination requests and the Court's Order staying the case pending reexamination initiated by Vita-Mix. (*See, e.g.,* Dkt. Nos. 53, 133, and 139.)

After the '842 patent issued, K-TEC filed the '625 application, whichclaims priority to the '842 patent. Significantly, the USPTO used the very information in the documents Mr. Foster previously failed to disclose to reject the '625 application. (Exh. 6, April 7, 2009 Office Action.) Faced with the rejection based on information he previously failed to disclose Mr. Foster and K-TEC allowed the '625 application to go abandoned. (Exh. 7, October 8, 2009 Notice of Abandonment.) These facts beg the following questions:

- Because the USPTO rejected the child application based on the very information Mr. Foster failed to disclose, would the USPTO have rejected (instead of allowed) the '117 or the '842 patents had Mr. Foster actually complied with his statutory duty of disclosure good faith and candor?

- Why did Mr. Foster fail to comply with his statutory duty to disclose information material to patentability?

Vita-Mix already asserted the invalidity and unenforceability in its Answer to K-TEC's Amended Complaint. (Dkt. No. 262.) Only Mr. Foster can explain why he failed to disclose material information to the USPTO during prosecution of the '117 and '842 patents. Thus, the discovery of Mr. Foster and Holland & Hart are consistent with the affirmative defenses and claims that Vita-Mix has already pled.

As a part of its discovery of the claims and defenses pled, Vita-Mix provided K-TEC with a list of persons including Mr. Foster that Vita-Mix sought to depose. K-TEC refused to provide a single date for Mr. Foster, leaving Vita-Mix no choice but to serve subpoenas. Because Vita-Mix is entitled to discovery in response to those subpoenas, the Court should deny the Motion and order discovery to move forward as soon as possible.

III.  ARGUMENT

    A.  Legal Standards

Vita-Mix is entitled to discovery from Mr. Foster – a fact witness - consistent with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party"); *see also* MOORES FEDERAL PRACTICE, § 26.43 ("A third party defendant could, prior to the 2000 amendments to Rule 26(b)(1), seek discovery from the plaintiff even though the plaintiff has not asserted a claim against the third party defendant … [Such] rulings, too, *will remain authoritative* under Rule 26(b)(1) as changed by the 2000 amendments." (emphasis added)). *See V. Mane Fils, v. Int'l Flavors and Fragrances, Inc.*, 2008 WL 3887621, at *3, n.1 (D.N.J. 2008) (denying plaintiff's motion to quash and stating that all that was relevant to the motion to quash was that defendant pled inequitable conduct as affirmative defense and was entitled to discovery to support that defense).

Courts have routinely rejected K-TEC's incorrect argument that Grant Foster's mere name on the pleadings – despite the fact that he has had no involvement in this case – somehow shields him as a fact witness from discovery. "An attorney, even an attorney for a party to the suit, is subject to being deposed." *Kelling v. Bridgestone/Firestone, Inc.*, 153 F.R.D. 170, 171 (D. Kan. 1994). Thus, it is well established that the USPTO prosecuting attorney can be deposed – *even if that prosecuting attorney is litigation counsel* – to determine his first-hand knowledge on a variety of issues, including inequitable conduct, invalidity, proper ownership/inventorship, and the prosecution of the patent-at-issue. *See Hay & Forage Indus. v. Ford New Holland, Inc.,* 132 F.R.D. 687, 689-90 (D. Kan. 1990) (allowing discovery of litigation counsel who also served as patent prosecution counsel); *aaiPharma, Inc. v. Kremers Urban Dev. Co.,* 361 F.Supp.2d 770 (N.D. Ill. 2005) (same); *Alcon Labs., Inc. v. Pharmacia Corp.,* 225 F.Supp.2d 340 (S.D.N.Y.

2002) (same); *Amicus Comms. v. Hewlett-Packard Co., Inc.,* 1999 U.S. Dist. LEXIS 20901 at *2 (D.D.C. 1999); *Environ Prods. Inc. v. Total Containment Inc.,* 41 U.S.P.Q.2d 1302 (E.D. Pa. 1996) (same); *Bulk Lift Int'l, Inc. v. Flexcon & Sys., Inc.,* 122 F.R.D. 482, 484-85 (W.D. La. 1988) (same); *United Phosphorus Ltd. v. Midland Fumigant, Inc.,* 164 F.R.D. 245, 249 (D. Kan. 1995) (allowing discovery of litigation counsel who served as trademark prosecution counsel).

Thus, the prosecuting attorney *cannot* rely on his or her status as trial counsel to avoid discovery to which an accused infringer would otherwise be entitled. *See aaiPharma, Inc.*, 361 F.Supp.2d at 775 ("[I]t would be unfair to accused patent infringers if patentees could shield potentially harmful discovery related to their knowledge of prior art merely by using their prosecution counsel, or patentability opinion counsel, as trial counsel."). If the numerous courts have allowed discovery of trial counsel to proceed, then the discovery of Mr. Foster – who is <u>not</u> trial counsel – should certainly proceed.

Consistent with the many courts around the country that routinely allow discovery of litigation counsel who also served as prosecution counsel of the patent-in-suit, the Tenth Circuit allows for discovery from litigation counsel when: (1) no other means exist to obtain the information than to depose the prosecuting attorney; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case. *Boughton v. Cotter Corp.,* 65 F.3d 823, 829-830 (10th Cir. 1995) (*citing Shelton v. American Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir. 1986)). The discovery and deposition testimony that Vita-Mix seeks from Mr. Foster indisputably satisfies each of these three conditions.

B.  **No Other Means Exist To Obtain Key Discoverable Information Other Than From L. Grant Foster Or Holland & Hart.**

The information Vita-Mix seeks from Mr. Foster and Holland & Hart cannot be obtained by other methods of discovery. *Boughton*, 65 F.3d at 829-830. To prove inequitable conduct, the

{1926357:4}

accused infringer must show evidence of: (i) affirmative misrepresentations of a material fact, failure to disclose material information, or submission of false material information; and (ii) an intent to deceive. *Larson Mfg. Co. of South Dakota, Inc. v. Aluminart Prods. Ltd.*, 559 F.3d 1317, 1338 (Fed. Cir. 2009) (remanding inequitable conduct based on prosecuting attorney's failure to disclose information in copending applications). Contrary to K-TEC's assertions, controlling laws demonstrates that information outside of the public prosecution histories is necessary to the issues of inequitable conduct and invalidity. *Id. See also McKeeson* at 924.

Mr. Foster failed to comply with his statutory requirement of disclosing to the USPTO material documents from the U.S. Reexamination Nos. 95/000,28, 95/000,256, 90/008,824. Those documents Mr. Foster failed to disclose identify how to appropriately apply prior art that invalidates K-TEC's patents. The Federal Circuit has held that actions such as Mr. Foster's constitute inequitable conduct. *See McKesson* at 924 (affirming inequitable conduct where attorney did not apprise the examiner of an adverse decision by another examiner in related application). *See also Larson*, 559 F.3d at 1338 (finding non-disclosed office actions from related applications were material); *Dayco*, 329 F.3d at 1368 (same). Again, why did Mr. Foster fail to comply with his statutory duty to disclose such material information? If Mr. Foster's failure to comply constitutes inequitable conduct, then Vita-Mix certainly has a right to its discovery.[1]

Likewise, the prosecution history from the '117 patent shows that Mr. Foster failed to disclose to the USPTO a prior patent infringement lawsuit between K-TEC and Vita-Mix back in March 2005. (*See* Dkt. No. 126, page 2.) The Federal Circuit has held that such actions constitute inequitable conduct. *Critikon, Inc. v. Becton Dickinson Vascular Aceess.*, 120 F.3d 1253, 1255

---

[1] K-TEC denies Mr. Foster intended to deceive the USPTO, yet refuses to make him available for deposition as to why he failed to comply with his statutory requirement to disclose material information to the USPTO. K-TEC cannot have it both ways. Either K-TEC must make Mr. Foster available for deposition or it should be precluded from denying Mr. Foster's intent to deceive.

{1926357:4}

(Fed. Cir. 1997) (failure to disclose litigation involving related patent suits constitutes inequitable conduct).

Only Mr. Foster can explain his impressions and basis for choosing to disclose certain information to the USPTO and withholding other material information. Mr. Foster alone has discoverable first-hand knowledge as to why he did not disclose material information related to other applications. This information is clearly related to Vita-Mix's ability to prove the deceptive intent prong of inequitable conduct. *See, e.g., Environ Prods., Inc.,* 41 U.S.P.Q.2d at 1306 ("[t]he affirmative defense of inequitable conduct makes [the attorney's] mental impressions during the reexamination proceedings an issue in this litigation."); *Alcon Labs., Inc.,* 225 F.Supp.2d at 344 (same). Thus, Vita-Mix is entitled to depose Mr. Foster to determine *why* he only disclosed favorable information or the existence of other applications to the USPTO, when he had a duty to disclose *all* information – favorable or unfavorable – that is material to patentability. This alone should be sufficient to deny K-TEC's motion to quash.

There is still other evidence, however, that can only be obtained from Mr. Foster. For example, Mr. Foster was the only person to appear for the telephonic and in-person *ex parte* "Examiner's Interviews" before the USPTO during the prosecution of the '117 and '842 patents and applications related to these patents. (*See* Exh. 5 and Dkt. No. 126, page 2.)  The *ex parte* representations made (or not made) by Mr. Foster on behalf of K-TEC during those Examiner Interviews before the USPTO play a key role in Vita-Mix's claims and defenses in this case. The interview summaries, however, do not provide a transcript of the discussion that took place during those interviews. Mr. Foster is the only source for that information. *See V. Mane Fils,* 2008 WL 3887621 at *4 (finding that prosecuting attorney is the only source for information involving conversations between the attorney and the patent examiner). *See also United States*

*Fidelity & Guaranty v. Braspetro Oil Serv. Co.,* Nos. 97 Civ. 6124, 98 Civ. 3099, 2000 WL 1253262, at *4 (S.D.N.Y. Sep. 1, 2000) ("[i]n any event, the [party seeking discovery is] *entitled to question the direct participants* … rather than being forced to attempt to glean information from second-hand sources.") (emphasis supplied); *Calvin Klein Trademark Trust v. Wachner,* 124 F.Supp.2d 207, 211 (S.D.N.Y. 2000) ("[b]ut here, it is obvious that the … lawyer .. is in a far better position than anyone else to testify as to exactly what he and his colleagues stated.").

Mr. Foster is the only source for: (1) explaining why he failed to disclose statutorily required material information to the USPTO; and (2) information related to the prosecution of the patents at issue. Therefore, Vita-Mix meets the first prong of *Boughton*.

### C. Discovery From Mr. Foster And Holland & Hart Is Not Privileged, Not Protected Work Product, And Is Highly Relevant.

#### 1. *The Information Sought is Not Privileged and Not Work Product*

The facts Vita-Mix seeks to discover are, by definition, non-privileged and not work product. *See aaiPharma, Inc.,* 361 F.Supp.2d at 777 (ordering trial counsel who served as prosecuting counsel to appear for deposition). Likewise, "work performed by an attorney to prepare and prosecute a patent application does not fall within the parameters of work product protection[.]" *See Amicus,* 1999 U.S. Dist. LEXIS 20901 at *6-7; *Choat v. Rome Indus., Inc*. 462 F. Supp. 728, 732 (N.D. Ga. 1978).

Mr. Foster had a duty to disclose material information to the USPTO. *See,* 37 C.F.R. §1.56; *Dayco*, 559 F.3d at 1326; and M.P.E.P. § 2001. The work in performing – or failing to perform – this duty is part of the work performed to prepare and prosecute a patent application. Thus, Mr. Foster's actions, impressions, and decisions as they relate to why he failed to comply with his statutory duty of disclosure are also part of this ordinary work performed by an attorney

to prosecute a patent application and <u>are not privileged or work product</u>. *See General Strap*, 2006 WL 525794 at *3 (E.D.N.Y. 2006) (work to prepare and prosecute a patent application is not created in anticipation of litigation and is not work-product). *See Niagara Mohawk Power Corp. v. Stone & Webster Eng'g Corp.,* 125 F.R.D. 578, 594 (N.D.N.Y. 1989) ("an attorney cannot avoid a deposition by asserting that he or she has no relevant, non-privileged information, and that at a minimum, the attorney must submit to a deposition so that his lack of knowledge may be tested and any claimed privilege be placed on the record[.]"). Mr. Foster's impressions and basis surrounding his decision to disclose or withhold material information from the USPTO during the prosecution of the patents at issue is neither privileged nor work product. Therefore, Vita-Mix is entitled to the documents requested and the deposition of Mr. Foster.

    2. <u>The Information Sought is Relevant</u>

As described above, proving inequitable conduct requires proving: (i) misrepresentation of or failure to disclose material information to the USPTO; and (ii) deceptive intent. *Dayco*, 329 F.3d at 1367. The prosecution histories demonstrate that Mr. Foster failed to fulfill his duty of candor during prosecution of the '117 and '842 patents. That leaves deceptive intent. The reasons why information was withheld are relevant to proving deceptive intent. *Id.* Consequently, "[b]ecause the knowledge and actions of [the prosecuting] attorney are chargeable to the applicant, his or her knowledge and mental state are highly relevant to showing any intent to deceive or mislead the USPTO into issuing the patent." *Ed Tobergate Assoc. Co. v. Russell Brands, LLC.*, 2009 WL 2406257 at *7 (D. Kan. 2009). Therefore, Mr. Foster's impressions and mental state surrounding his decision to not disclose material information to the USPTO are relevant.

{1926357:4}

Because K-TEC denies that Mr. Foster did not withhold material information or did not act with deceptive intent, Mr. Foster's deposition and discovery become particularly relevant. Vita-Mix, therefore, is particularly entitled to discovery of Mr. Fosters' impressions and mental state as it relates to K-TEC's denial.

Mr. Foster's deposition and discovery is particularly relevant because the USPTO later applied the very information Mr. Foster failed to disclose to reject the '625 application, which is the child to the '842 patent. *See McKesson*, 487 F.3d at 919 (quoting *Dayco*, 329 F.3d at 1368) ("[K]nowledge of a potentially different interpretation is clearly information that an examiner could consider important when examining an application."). K-TEC has since abandoned the '625 application based on the USPTO rejection. (Exh. 7.) This begs the highly relevant question of why did Mr. Foster fail to disclose documents and information in the '117 and '842 patents that the USPTO later found relevant to reject the '625 application that K-TEC allowed to go abandoned? Thus, Mr. Foster's mental impressions as to why he failed to fulfill his statutory duty to disclose material information are relevant to Vita-Mix's inequitable conduct claim. *See* 37 C.F.R. §1.56(b) (material information includes information that "refutes, or is inconsistent with, a position taken in (i) opposing an argument of unpatentability relied on by the [Patent] Office, or (ii) asserting an argument of patentability."). *See also, McKesson*, 487 F.3d at 918 (affirming inequitable conduct based on attorney failure to disclose adverse decision of examiner in related application).

The discovery sought by Vita-Mix is relevant, non-privileged, and not work product. Therefore, Vita-Mix meets the second prong of the test in *Boughton*.

    D.    <u>**The Discovery Vita-Mix Seeks Is Crucial To The Case.**</u>

Information is considered "crucial" to a case if it bears directly on any of the issues or defenses involved. *See Alcon Labs.*, 225 F.Supp.2d at 345. Mr. Foster's discovery and deposition goes to Vita-Mix's affirmative defenses and counterclaims. Mr. Foster failed to disclose statutorily required material information to the USPTO during prosecution of the '117 and '842 patents. Mr. Foster's impressions and basis for failing to fulfill his duty of candor bears directly on inequitable conduct, and namely on the issue of deceptive intent. *See id. See also Ed Tobergate Assoc.*, 2009 WL 2406257 at *7. Accordingly, Vita-Mix has a compelling need to depose Mr. Foster to discover direct evidence in his sole possession on Vita-Mix's claims and defenses. Therefore, Vita-Mix meets the third prong of the test in *Boughton*.

## IV.   CONCLUSION

In view of the foregoing, Vita-Mix requests that the Court: (1) deny K-TEC's Motion for Protective Order and to Quash Subpoenas (Dkt. No. 357); (2) order Mr. Foster to appear for a deposition; and (3) order Mr. Foster and Holland & Hart produce responsive documents pursuant to the subpoenas.

DATED: November 9, 2009              Respectfully submitted,

/s/David B. Cupar
David B. Cupar (*pro hac vice*)
McDONALD HOPKINS LLC

*Attorney for Vita-Mix Corporation*

8

{1926357:4}

## CERTIFICATE OF SERVICE

I hereby certify that, on November 9, 2009, a copy of the foregoing ***Vita-Mix Corporation's Memorandum in Opposition to K-TEC's Motion for Protective Order, to Quash Subpoenas, and for Attorneys' Fees and Costs Pursuant to Rule 45(c)(1)*** was filed with the Clerk of Court using the ECF/CM filing system that sent notice to the following:

    L. Grant Foster, Esq.
    Brett L. Foster, Esq.
    Mark A. Miller, Esq.
    HOLLAND & HART LLP
    60 East South Temple, Suite 2000
    Salt Lake City, UT 84111-1031

    *Attorneys for K-TEC, Inc.*

    /s/David B. Cupar
    *One of the Attorneys for Vita-Mix Corporation*