IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| K-TEC, INC., <br><br> Plaintiff, <br><br> vs. <br><br> VITA-MIX CORPORATION, <br><br> Defendant. | ORDER <br><br> AND <br><br> MEMORANDUM DECISION <br><br> Case No. 2:06-CV-108-TC |

Plaintiff K-TEC, Inc. owns U.S. Patent No. 6,797,117 (the "'117 Patent") and U.S. Patent No. 7,281,842 (the "'842 Patent"). Both patents describe a generally rectangular blending jar with a fifth truncated wall designed to eliminate the problem of cavitation. K-TEC contends that Defendant Vita-Mix Corporation's blending jar infringes both patents. The parties have filed numerous motions which are now before the court.

This order addresses K-TEC's Motion to Dismiss or Alternatively for Summary Judgment on Inequitable Conduct Counterclaim (Dkt. No. 354). The order also resolves the following related motions: K-TEC's Motion for Protective Order and to Quash Subpoenas (Dkt. No. 356), Vita-Mix's Motion for Continuance Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure (Inequitable Conduct) (Dkt. No. 379), Vita-Mix's Motion to Strike Plaintiff's Improper Request for Sanctions under Rule 11 of the Federal Rules of Civil Procedure (Dkt. No. 381), Vita-Mix's Motion for Entry of Default Judgment (Dkt. No. 385), and Vita-Mix's Motion

to Strike K-TEC's Reply to Vita-Mix's Counterclaim (Dkt No. 428).

Because Vita-Mix has not identified any material prior art that K-TEC withheld from the Patent Office during the prosecution of the '842 Patent, the court grants K-TEC's motion for summary judgment on Vita-Mix's inequitable conduct counterclaim.[1] The court grants K-TEC's motion for a protective order and to quash subpoenas because the materials that Vita-Mix is seeking to discover is not material in light of the court's grant of summary judgment. For essentially the same reason, the court denies Vita-Mix's motion for a continuance pursuant to Rule 56(f). The court denies Vita-Mix's motion to strike as moot because the court has concluded that an award of attorney's fees is not warranted. The court denies Vita-Mix's motion for default judgment because the basis cited by Vita-Mix is unfounded and contrary to the purpose and policy of Rule 55. Finally, the court denies Vita-Mix's motion to strike K-TEC's Notice and Reply (i.e., answer) to Vita-Mix's counterclaims as moot.

## ANALYSIS[2]

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Justice v. Crown Cork and Seal Co., Inc., 527 F.3d 1080, 1085 (10th Cir. 2008). The court must construe all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party.

---

[1] Consequently, the court need not decide K-TEC's alternative motion to dismiss Vita-Mix's inequitable conduct counterclaim.

[2] The procedural history of K-TEC's patents and the parties' interactions with the Patent Office are exhaustively discussed in the pleadings. The court will not repeat it here.

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Seegmiller v. LaVerkin City, 528 F.3d 762, 766 (10th Cir. 2008). Summary judgment should be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

**K-TEC's Motion for Summary Judgment on Inequitable Conduct Counterclaim**

Defendant Vita-Mix alleges in its counterclaim that K-TEC engaged in inequitable conduct during the prosecution of the '842 patent. Specifically, Vita-Mix contends that K-TEC failed to disclose to the Patent Office Vita-Mix's *Ex Parte* Request regarding the '117 patent during the two-month period between the Notice of Allowance and issuance of the '842 patent.

A patent can be deemed unenforceable for inequitable conduct "if an applicant, with intent to mislead or deceive the examiner, fails to disclose material information or submits materially false information to the PTO during prosecution." Digital Control Inc. v. Charles Mach. Works, 437 F.3d 1309, 1313 (Fed. Cir. 2006). In order to show that K-TEC engaged in inequitable conduct in the prosecution of the '842 patent, Vita-Mix must present "evidence of affirmative misrepresentations of a material fact, failure to disclose material information, or submission of false material information, coupled with an intent to deceive." Purdue Pharma L.P. v. Boehringer Ingelheim GMBH, 237 F.3d 1359, 1366 (Fed. Cir. 2001) (internal quotation marks omitted).

The Federal Circuit has directed that a court review a claim of inequitable conduct through two steps. First, a court determines whether the withheld prior art reference "meets a threshold level of materiality and intent to mislead," then, second, whether "in light of all the

3

circumstances," the patent applicant's conduct is sufficiently culpable that the patent should be declared unenforceable. Dayco Prods., Inc. v. Total Containment, Inc., 329 F.3d 1358, 1363 (Fed. Cir. 2003). Both intent and materiality must be proven by clear and convincing evidence. Purdue Pharma L.P., 237 F.3d at 1366.

Information is "material" for purposes of evaluating alleged inequitable conduct if a reasonable examiner would have considered it important in deciding whether to allow a patent application and it is not merely cumulative to that information already considered by the patent examiner. Digital Control, 437 F.3d at 1316, 1319.

It is undisputed here that Vita-Mix's *Ex Parte* Request did not contain any prior art that the Patent Office did not fully consider during the original examination of the claims of the '842 patent. The *Ex Parte* Request cited Miller, Hobbs, Grimes, and Prothe. All of these prior art references were expressly cited, considered, discussed and thoroughly evaluated by the Patent Office during the original prosecution of the '842 patent. Furthermore, the Patent Office rejected Vita-Mix's contention that it had presented something "new" regarding the patentability of the '842 patent claims. (USPTO Order Denying *Inter Partes* Reexamination at pp. 5-13 (Ex. G to K-TEC's Amended Mem. Supp. Mot. Summ. J. on Inequitable Conduct Claim) (Dkt No. 359)).)

Vita-Mix also maintains that K-TEC's arguments in favor of patentability over the prior art misled the Patent Office. But this argument is not persuasive. The Federal Circuit recently stated that "our precedent has made clear that an applicant is free to advocate its interpretation of its claims and the teachings of prior art." Innogenetics v. Abbott Labs., 512 F.3d 1363, 1379 (Fed. Cir. 2008). The court pointed out that since the prior art reference had been "submitted for the patent examiner to examine herself, she was free to accept or reject the patentee's arguments

4

distinguishing its invention from the prior art." Id.

For these reasons, the court concludes that Vita-Mix has not shown that K-TEC failed to disclose material information or submitted materially false information to the Patent Office during prosecution of the '842 patent and similarly, has not shown any deceptive intent on the part of K-TEC.

**Related Motions**

Vita-Mix seeks a continuance pursuant to Rule 56(f) so that it can obtain discovery related to the prosecution of K-TEC's patents. But the record clearly shows that Vita-Mix failed to establish that K-TEC did not disclose material information to the Patent Office. For that reason, Vita-Mix's claim of inequitable conduct fails.

For the same reason, the court grants K-TEC's motion to quash subpoenas and for a protective order.

Although Vita-Mix's claim of inequitable conduct is without merit, the court cannot conclude that it was entirely baseless, and so K-TEC's request for sanctions is denied. Consequently, Vita-Mix's motion to strike is denied as moot.

Vita-Mix's motion for default judgment under Rule 55 goes against the policy and purpose of Rule 55. Default judgment is a harsh sanction and is disfavored by the courts, which prefer to resolve disputes on the merits. Ruplinger v. Rains, 946 F.2d 731, 732 (10th Cir. 1991); Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970). Rule 55 provides that a default judgment may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or <u>otherwise defend</u>" against the movant's claims." Fed. R. Civ. P. 55(a) (emphasis added). As K-TEC points out in its opposition brief, the procedural history of

this case is complicated.  But throughout the litigation, Vita-Mix clearly had notice of K-TEC's position on the counterclaims Vita-Mix raised, primarily because K-TEC has vigorously prosecuted the suit at all points during the litigation.  The purpose of Rule 55 is to protect a party "when the adversary process has been halted because of an essentially unresponsive party.  In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights."  <u>H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe</u>, 432 F.2d 689, 691 (D.C. Cir. 1970), <u>quoted in</u> Wright & Miller 10A Fed. Prac. & Proc. Civ. § 2681 (3d ed. 2009 update) ("History and Policy of Default Judgments").  That is not the situation facing the court.  This case has been fully fought from the day it was filed.  Equities dictate that default judgment is not appropriate under the circumstances.  Accordingly, Vita-Mix's motion for default judgment (Dkt. No. 385) is denied.  Consequently, Vita-Mix's motion to strike K-TEC's Reply (Answer) to Vita-Mix's Counterclaim (Dkt. No. 428) is moot and, accordingly, denied.

       SO ORDERED this 2nd day of February, 2010.

                              BY THE COURT:

                              */s/ Tena Campbell*

                              TENA CAMPBELL
                              Chief Judge