IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| K-TEC, INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>VITA-MIX CORP., an Ohio corporation,<br><br>Defendant. | ORDER<br><br>Case No. 2:06-cv-108-TC-PMW<br><br>Chief District Judge Tena Campbell<br><br>Magistrate Judge Paul M. Warner |

Chief District Judge Tena Campbell referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court are K-TEC, Inc.'s ("K-TEC") (1) motion for protective order;[2] (2) motion to compel production of Vita-Mix Corp.'s ("Vita-Mix") prototypes, design matrix, and meeting notes;[3] and (3) motion to compel Vita-Mix's knowledge of K-TEC's patent applications and publications.[4]  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda.  See DUCivR 7-1(f).  The court will address the motions in turn.

---

[1] See docket no. 321.

[2] See docket no. 392.

[3] See docket no. 394.

[4] See docket no. 396.

## I. Motion for Protective Order

In this motion, K-TEC seeks a protective order from Vita-Mix's efforts to remove the "Attorneys' Eyes Only" designation K-TEC has placed on certain deposition testimony. The only reason Vita-Mix provided in support of its need for removal of that designation is to use the testimony in question to support its inequitable conduct counterclaim.

Vita-Mix previously filed a motion for leave to amend its answer and counterclaim to expand its allegations of inequitable conduct against K-TEC.[5] In an order dated February 1, 2010, Judge Campbell denied that motion.[6] In addition, in a memorandum decision and order dated February 2, 2010, Judge Campbell granted K-TEC's motion for summary judgment on Vita-Mix's inequitable conduct counterclaim.[7]

Based on those rulings, Vita-Mix's allegations and counterclaims concerning inequitable conduct are no longer part of this case, which effectively renders this issue moot. Because Vita-Mix has not proffered any other need for removal of the "Attorneys' Eyes Only" designation from the deposition testimony in question, the court concludes that said removal is unnecessary. Accordingly, K-TEC's motion for protective order[8] is **GRANTED**.

---

[5] *See* docket no. 383.

[6] *See* docket no. 440.

[7] *See* docket no. 443.

[8] *See* docket no. 392.

**II.  Motion to Compel Production of Prototypes, Design Matrix, and Meeting Notes**

The court has determined that this motion deserve little discussion.  K-TEC seeks an order compelling production of Vita-Mix's prototypes, design matrix, and meeting notes.  In response, Vita-Mix argues, and has repeatedly indicated to K-TEC, that it has provided all of the responsive information and documents in its possession.

The court cannot order Vita-Mix to produce information or documents that it claims it does not possess.  Accordingly, K-TEC's motion to compel production of prototypes, design matrix, and meeting notes[9] is **DENIED**.  At the same time, Vita-Mix shall provide K-TEC and the court with a sworn affidavit indicating that it has produced all information and documents responsive to the discovery requests at issue.  Obviously, if Vita-Mix subsequently attempts to use evidence at trial that is the subject of that affidavit, K-TEC is free to file any appropriate motion in limine based on the Vita-Mix affidavit.

Vita-Mix has requested an award of fees and expenses incurred in connection with this motion.  The court concludes that such an award is not appropriate or warranted under the circumstances.

**III.  Motion to Compel Knowledge of Patent Applications and Publications**

The court has determined that this motion likewise deserves little discussion.  In essence, K-TEC's motion seeks certifications from Vita-Mix to confirm the responses Vita-Mix has provided to certain discovery requests and deposition questions.  To support its argument that

---

[9] *See* docket no. 394.

such certifications are needed, K-TEC points to conflicting evidence in the record concerning when Vita-Mix had knowledge about K-TEC's patent applications and publications.

The court concludes that the certifications K-TEC seeks are unnecessary. It is not unexpected that there is conflicting evidence in the record or that the parties disagree about either the relevance or weight of the evidence, particularly given the contentious nature of this litigation to date. Those issues, however, are not appropriately resolved during discovery. Instead, they will be resolved during a later stage in this case. Accordingly, Plaintiff's motion to compel Vita-Mix's knowledge of K-TEC's patent applications and publications[10] is **DENIED**.

**IT IS SO ORDERED**.

DATED this 8th day of February, 2010.

> BY THE COURT:
>
> _____
> PAUL M. WARNER
> United States Magistrate Judge

---

[10] *See* docket no. 396.