IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| K-TEC, INC.,<br><br>    Plaintiff,<br><br>  vs.<br><br>VITA-MIX CORPORATION,<br><br>    Defendant. | ORDER<br><br><br><br><br><br>Case No. 2:06-CV-108 |

  K-TEC owns U.S. Patent No. 6,979,117 and U.S. Patent No. 7,281,842 (collectively the "K-TEC Patents"). K-TEC sued Vita-Mix for infringing these patents. Vita-Mix has challenged the validity of the K-TEC Patents based on the sketches and ideas of one of its former employees, Brent Miller, which Vita-Mix has labeled the "Miller Invention." In this motion, K-TEC moves for summary judgment on Vita-Mix's claim that the Miller Invention anticipates the K-TEC patents. K-TEC argues that the Miller Invention does not qualify as prior art and that all invalidity challenges based on the Miller Invention fail as a matter of law. K-TEC also seeks to exclude evidence and argument relating to the Miller Invention at trial. Essentially, K-TEC wants the court to limit the scope of prior art to Mr. Miller's patented blending jar invention, U.S. Patent No. 7,063,456 (the Miller Patent), and to exclude concepts that were not disclosed in the application for that patent.

  Vita-Mix contends that the K-TEC patents are invalid because Mr. Miller's work, both the Miller Invention and the Miller Patent, anticipate the K-TEC Patents. Vita-Mix previously

tried to invalidate the K-TEC Patents by arguing to the patent re-examiner that the Miller Patent anticipated K-TEC's patents, but the patent office upheld K-TEC's Patents. In spite of this, Vita-Mix continues to argue before the court that the Miller Invention, consisting of Miller's notes, ideas, and failed experiments not described in the Miller Patent, is prior art that anticipates the K-TEC Patents.

In its argument Vita-Mix conflates the Miller Invention and the Miller Patent. Although the majority of the "undisputed facts" recited in Vita-Mix's opposition memorandum relate to the Miller Invention, their argument is devoted primarily to the Miller Patent. Vita-Mix claims that the Miller Invention is relevant to determining what the Miller Patent discloses. Vita-Mix points to two specific aspects of Mr. Miller's work not found in the Miller Patent that it claims anticipate the K-TEC patents: Mr. Miller's experiments with a clay model in 1998 and a square-within-a-square concept depicted in some June 2000 drawings. K-TEC argues that neither of these ideas can be prior art because the only person that has testified of their existence is Mr. Miller and because neither idea was reduced to practice. K-TEC further contends that the Miller Invention is not prior art and the court cannot look to extrinsic evidence to determine what was disclosed in the Miller Patent. The court agrees that it is improper to consider evidence outside the Miller Patent to determine what the patent discloses. The court also agrees that neither of Mr. Miller's ideas were ever reduced to practice.[1]

The Miller Invention is inadmissible to attack the invalidity of the K-TEC Patents because it was never reduced to practice. Reduction to practice has taken place "[o]nce the

---

[1] Because the court determines that the Miller Invention was never reduced to practice, the court need not decide whether Mr. Miller's experiments were corroborated by the deposition testimony of his co-workers or by his notes.

invention has been shown to work for its intended purpose." Loral Fairchild Corp. v. Matsushita Elec. Indus., 266 F.3d 1358, 1362 (Fed. Cir. 2001). "[A]ccidental, unappreciated reduction to practice should not constitute a 'true' reduction to practice for the purposes of determining priority of invention or anticipation." Mycogen Plant Sci., Inc. v. Monsanto Co., 243 F.3d 1316, 1336 (Fed. Cir. 2001). Neither Mr. Miller's clay model experiments nor his square-within-a-square concept was reduced to practice. In his deposition testimony, Mr. Miller stated that the clay model leaked when he tested it with water and that he never tested the clay model with a viscous liquid. Mr. Miller also never created a blending jar that utilized his square-within-a-square concept. Even if the Miller Invention described a theory or idea that could be put to use to improve blending in a similar way to the way described in the K-TEC patents, neither Mr. Miller nor Vita-Mix appreciated the existence of these ideas. This is especially obvious considering that Vita-Mix never sought to patent the Miller Invention but did patent Mr. Miller's other inventions.

Because the Miller Invention is not prior art, the court may only consider it as extrinsic evidence to the Miller Patent. A court may consider extrinsic evidence to determine the meaning of a claim only in order to determine "what the reference meant to persons of ordinary skill in the field of the invention, not to fill gaps in the reference." Scripps Clinic & Research Foundation v. Genentech, Inc., 927 F.2d 1565, 1576 (Fed. Cir. 1991). Evidence of the Miller Invention would be admissible only for this limited purpose. Vita-Mix seeks to use the Miller Invention to expand the claims of the Miller Patent rather than to demonstrate the patent's meaning. This is an improper use of extrinsic evidence.

Accordingly, the court GRANTS K-TEC's motion for summary judgment (Docket No. 459). The Miller Invention is not prior art and evidence and argument relating to the Miller

Invention are excluded from trial.

DATED this __13__ day of April, 2010.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge