IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| K-TEC, INC., <br><br>           Plaintiff, <br><br>vs. <br><br>VITA-MIX CORPORATION, <br><br>           Defendant. | MEMORANDUM DECISION and ORDER <br><br><br><br><br><br>Case No. 2:06-CV-108 |

      K-TEC brought suit against Vita-Mix, claiming that Vita-Mix has infringed two K-TEC blending jar device patents: U.S. Patent No. 6,979,117 (the '117 patent) and U.S. Patent No. 7,281,842 (the '842 patent) (collectively the K-TEC patents). K-TEC has moved for summary judgment on Vita-Mix's 35 U.S.C. § 112 defenses.  Vita-Mix argues that the K-TEC patents are invalid because the terms "truncated wall," "bottom wall with a central axis," and "intersecting corners" are fatally indefinite.  Vita-Mix further argues that the court's adoption of K-TECs proposed construction for "truncated wall" exacerbated the indefiniteness of K-TEC's patents by introducing the terms "in essence" and "typical corner," which Vita-Mix contends are also indefinite.  In support of its position, Vita-Mix has presented expert testimony that one skilled in the art would not be able to decipher these terms.  The court holds that the K-TEC patents are not invalid for indefiniteness and GRANTS K-TEC's motion for summary judgment.

      ANALYSIS

The court grants summary judgment when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The court "view[s] the evicence and make[s] all reasonable inferences in the light most favorable to the nomoving party." N. Natural Gas Co. v. Nash Oil & Gas, Inc., 526 F.3d 626, 629 (10th Cir. 2008).

### 35 U.S.C. § 112

Under § 112, a patent specification must be described "in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains . . . to make and use the same . . . ." 35 U.S.C. § 112. Whether a claim satisfies the definiteness requirement is a question of law, "drawn from the court's performance of its duty as the construer of patent claims." Atmel Corp. v. Info. Storage Devices, Inc., 198 F.3d 1374, 1378 (Fed.Cir.1999). In ruling on a claim of patent indefiniteness, a court must determine whether those skilled in the art would understand what is claimed when the claim is read in the context of the entire patent, including the specification. Personalized Media Communications, Inc. v. Int'l Trade Comm'n, 161 F.3d 696, 705 (Fed. Cir. 1998). "[I]f the claim is subject to construction, i.e., it is not insoluably ambiguous, it is not invalid for indefiniteness." Bancorp Servs., L.L.C. v. Hartford Life Ins. Co., 359 F.3d 1367, 1371 (Fed. Cir. 2004). As a result of this standard, as well as the statutory presumption of validity afforded to issued patents, the court resolves close questions of indefiniteness in favor of the patentee. Id.

### Truncated Wall

Vita-Mix first contends that a person skilled in the art cannot translate the term "truncated

wall" into a meaningfully precise claim scope. The court construed "truncated wall" in its claim construction order to mean "[A] wall (planar or non-planar) that truncates, in essence, the typical corner that would otherwise be formed between two side walls." (Claim Constr. Order, Docket No. 358 at 2-4.) Although the court has construed "truncated wall," Vita-Mix contends that the court's claim construction order not only does not end the indefiniteness inquiry but also that it created further ambiguity about the meaning of "truncated wall" by adding the terms "in essence" and "typical corner." K-TEC counters that "truncated wall" cannot be indefinite as a matter of law because the court was able to construe it in the claim construction order and applied it in the infringement order (Memorandum Decision and Order, Docket No. 529, April 6, 2010).

In support of its argument that construed claims can still be indefinite, Vita-Mix relies on Halliburton Energy Servs v. M-I LLC, 514 F.3d 1244 (Fed. Cir. 2008). In Halliburton, the Federal Circuit affirmed the lower court's decision that a patent term was indefinite under § 112. The court stated that even if a patentee had "articulate[d] a definition supported by the specification . . . the claim [could] still [be] indefinite if a person of ordinary skill in the art [could not] translate the definition into meaningfully precise claim scope." Halliburton, 514 F.3d at 1251. But Halliburton concerned a definition proposed by the patentee, not the court's claim construction. Id. Once the court has construed a claim, the claim is not invalid for lack of definiteness. Bancorp Servs 359 F.3d at 1371 (Fed. Cir. 2004). "[I]f the meaning of the claim is discernable, 'even though the task may be formidable and the conclusion may be one over which reasonable persons will disagree, [the Federal Circuit has] held the claim sufficiently clear to avoid invalidity on indefiniteness grounds.'" Id. quoting Exxon Research & Eng'g Co. v. United

3

States, 265 F.3d 1371, 1375 (Fed. Cir. 2001).

Here, not only has the court construed the term "truncated wall" in its claim construction order, but has also applied the construed terms in its infringement order. Therefore, the term "truncated wall" is not invalid for lack of definiteness.

Vita-Mix cannot save its invalidity contention from summary judgment on the grounds that its expert, Dr. Lee Swanger, testified that one skilled in the art could not construe the terms "in essence" or "typical corner," two terms used by the court in its claim construction order. "[A] court should discount any expert testimony that is clearly at odds with the claim construction mandated by the claims themselves, the written description, and the prosecution history, in other words, with the written record of the patent." Phillips v. AWH Corp., 415 F.3d 1303, 1318 (Fed. Cir. 2005) (internal quotation marks omitted). Further, if an expert merely makes conclusory statements about how a claim should be constructed, the court is permitted to disregard his testimony. Id. at 1318.

Dr. Swanger stated:

The phrase "in essence" subjects the "truncated wall to multiple and inconsistent interpretations. It could mean that the essence of the corner, i.e. perhaps the angle at which the side walls would intersect, is changed. Or it could mean that the truncated wall does not in fact truncate the corner. Alternatively it could mean that a sharp corner is rounded off for stress reduction, or for safety. Yet another interpretation might be that it shortens the vertical height of the corner, forming a
pouring spout.

(Mem. in Supp. of Pl.'s Mot. For Summ. J. at Ex. E, Report of Dr. Lee Swanger, Ph.D., P.E., Docket No. 477 at ¶ 119.) Based on these proposed interpretations of "in essence," Dr. Swanger stated that the claim as constructed by the court does not give one skilled in the art notice of the

scope of the claim. (Id.) Dr. Swanger further opined that one skilled in the art would understand the term "typical corner" to mean "a hypothetical corner that would have been formed by extrapolation of the two adjacent side walls, not by a comparison to different corners elsewhere on a blending container." (Id. ¶ 107.)

Taken in the context of the entire written record of the patent, the term "in essence" is not susceptible to the multiple meanings put forth by Dr. Swanger. The reexamination history of the K-TEC patents makes clear that the term "typical corner" refers to a corner that, but for the addition of the truncated wall, would otherwise be typical–or in other words identical–to the other corners of the blending jar. (Reply Mem. in Supp. of Pl.'s Mot. for Summ. J. at 6-7; see also, Pl.'s Claim Constr. Br., Dkt. No. 335, at 17-24.) Dr. Swanger's contrary testimony is at odds with the claim construction mandated by the written record of the patent. Accordingly, the terms "truncated wall," "in essence," and "typical corner," do not invalidate the K-TEC patents for lack of definiteness.

Vita-Mix also argues that the phrase "wall truncates, in essence, the typical corner" is a product-by-process claim. There is no evidence in the written record of the patent to support this interpretation.

Bottom Wall with a Central Axis

Vita-Mix next argues that the claim term "bottom wall with a central axis" is indefinite because a wall cannot have an axis. As proof of indefiniteness, Vita-Mix points to two different definitions that K-TEC has proposed for "central axis," one in the joint claim construction and prehearing statement in its claim construction brief. In the Joint Claim Construction and

5

Prehearing Statement, Docket No. 333 at 4, K-TEC proposed that a "central axis" means "an axis located equidistant from the four side walls and equidistant from corners formed <u>by</u> the four side walls." K-TEC altered the wording slightly in its claim construction brief, Docket No. 335 at 29-30, by substituting the word "between" for the word "by."[1] Contrary to Vita-Mix's argument, this change in proposed construction does not present two alternative interpretations of the term "central axis." The court has already expressly rejected Vita-Mix's attempted distinction of "by" and "between." (Claim Constr. Order, Docket No. 358 at 4 ("The court agrees with K-TEC that the words 'by' and 'between' are used interchangeably in the specification.").) Moreover, the court was able to apply the term "central axis" in its finding of infringement. (Mem. Decision and Order, Docket No. 529 at 5.) "Central axis" is not an indefinite term and does not invalidate the K-TEC patents.

<u>Intersecting Corners</u>

Finally, Vita-Mix argues that the term "intersecting corner" is inherently ambiguous because one corner cannot intersect with another corner. Vita-Mix takes the position that "intersecting corner" must mean something different from "corners" because the use of two different terms implies that the terms have different meanings. And according to Vita-Mix, the patent specification gives no guidance on the difference between the two terms.

In support of this argument, Vita-Mix relies on the decision in <u>Ethicon Endo-Surgery, Inc. v. U.S. Surgical Corp.</u>, 93 F.3d 1572 (Fed. Cir. 1998). In <u>Ethicon</u> the Federal Circuit examined

---

[1] After reviewing the claim construction briefs and listening to oral argument, the court found it unnecessary to construe "bottom wall with a central axis" in its claim construction order.

the meaning of the terms "pusher assembly" and "pusher bar." Id. at 1579. The district court had determined that the terms were equivalent, but the Federal Circuit disagreed. Id. Because using two different terms to mean the same thing within a single claim did not make sense, the Federal Circuit examined the patent prosecution history to determine that "pusher assembly" did not have the same meaning as "pusher bar." Id. at 1579-81.

Unlike the patent history in Ethicon, the written record of the K-TEC patents does not suggest that "intersecting corner" and "corners" have different meanings. An examiner interview summary from the patent examination indicates that the modifier "intersecting" was added to the existing claim term "corner" in order to distinguish the type of corner in the '117 patent from the prior art, not to distinguish one type of corner from another. (Reply Mem. in Supp. of Pl.'s Mot. for Summ. J. at Ex. H). In remarks accompanying the amendment, K-TEC specifically referred to Figure 11, stating that it "clearly shows intersecting corners formed by the four side walls at generally right angles." (Id. at Ex. I).

This intrinsic evidence confirms that "intersecting corners" and "corners" are used interchangeably in the claims of the '117 patent. (Mem. in Supp. of Pl.'s Mot. For Summ. J. at 9-10.) Because the meaning of "intersecting corners" is apparent to those of ordinary skill in the art, it is not indefinite as a matter of law.

Accordingly, the court GRANTS K-TEC's motion for summary judgment on Vita-Mix's 35 U.S.C. § 112 defenses.

DATED this  3  day of May, 2010.

                          BY THE COURT:

                          *Tena Campbell*

                          TENA CAMPBELL
                          United States District Judge