**L. Grant Foster, 7202**
gfoster@hollandhart.com
**Brett L. Foster, 6089**
bfoster@hollandhart.com
**Mark A. Miller, 9563**
mmiller@hollandhart.com
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84111
Telephone:  (801) 799-5800
Facsimile:  (801) 799-5700

*Attorneys for Plaintiff*
K-TEC, Inc.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **K-TEC, Inc.**, a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**Vita-Mix Corp.**, an Ohio corporation,<br><br>Defendant. | **PLAINTIFF'S COMBINED MOTION FOR ENTRY OF JUDGMENT ON THE JURY VERDICT AND FOR ENHANCED DAMAGES AND FOR ATTORNEYS' FEES**<br><br>Civil Case No. 2:06-cv-00108<br><br>Judge Tena Campbell |

Pursuant to Rules 54 and 58 of the Federal Rules of Civil Procedure, Plaintiff K-TEC, Inc. ("K-TEC") respectfully moves the Court to enter a final judgment based on the jury's verdict rejecting all of Defendant Vita-Mix Corporation's ("Vita-Mix") invalidity defenses, awarding K-TEC over $11 million in damages, and finding Vita-Mix liable for willful infringement.  K-TEC also moves the Court to enhance the damages awarded by the jury under 35 U.S.C. § 284 based on the jury's willful infringement verdict as well as other compelling

factors.  Finally, K-TEC moves the Court to find this to be an exceptional case under 35 U.S.C. § 285 and award K-TEC its attorneys fees.

Vita-Mix made a conscious business decision to infringe K-TEC's patents in order to maintain market share and customer accounts, hoping it would come out money ahead in the long run even if K-TEC were to successfully pursue its infringement claims.  During the 4 ½ year period of infringement, Vita-Mix enjoyed gross profits exceeding $23 million dollars from its infringing sales and denied K-TEC the ability to increase its market presence and customer base through its exclusive rights to its patented technology.  In this case, enhancing the damages to the fullest extent allowable by statute (treble damages) is the only way to achieve the primary goal of § 284, which is to punish and deter willful patent infringement.  In addition to the jury's willful infringement verdict, other recognized factors[1] further compel enhancement of the damages in this case.

Finally, the jury's willful infringement verdict and Vita-Mix's excessive litigation strategy prove this case to be exceptional under 35 U.S.C. § 285.  Thus, the Court should award K-TEC, as the prevailing party, its reasonable attorneys' fees.

Accordingly, K-TEC respectfully requests that the Court enter final judgment based on the jury's verdict with enhanced damages pursuant to § 284 and an award of attorneys' fees under § 285.

---

[1] *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 827 (Fed. Cir. 1992).

Dated this 16th day of July, 2009.

           Respectfully submitted,

           HOLLAND & HART LLP

           /s/ Mark A. Miller
           L. Grant Foster
           Brett L. Foster
           Mark A. Miller

           *Attorneys for Plaintiff*

4857295_1.DOC