Thomas D. Walk (#5555)
KIRTON & McCONKIE, PC
1800 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT 84145
Telephone: (801) 328-3600
Facsimile: (801) 321-4893

Michael L. Snyder (*pro hac vice*)
David T. Movius (*pro hac vice*)
David B. Cupar (*pro hac vice*)
McDONALD HOPKINS LLC
600 Superior Avenue, E., Suite 2100
Cleveland, OH 44114
Telephone: (216) 348-5400
Facsimile: (216) 348-5474

*Attorneys for Vita-Mix Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| K-TEC, INC.,<br><br>　　　　Plaintiff/Counter-Defendant,<br><br>　　v.<br><br>VITA-MIX CORPORATION,<br><br>　　　　Defendant/Counter-Plaintiff. | **VITA-MIX'S REPLY MEMORANDUM IN SUPPORT OF ITS CONDITIONAL MOTION FOR EVIDENTIARY HEARING**<br><br>Case No. 2:06cv00108<br><br>The Honorable Tena Campbell |

Vita-Mix Corporation respectfully submits this Reply Memorandum In Support Of Its Conditional Motion For Evidentiary Hearing.

**Procedural Background**

On August 16, 2010, Vita-Mix moved the Court to grant it an evidentiary hearing in the event that the Court was inclined to consider any or all of K-TEC,

{2342002:}

Inc.'s requests for enhanced damages, for attorneys' fees, or for permanent injunction. (Dkt. No. 809.) K-TEC opposed Vita-Mix's conditional motion on August 30, 2010. (Dkt. No. 813.)

On August 31, 2010, this Court set a hearing on September 10, 2010, for oral argument on K-TEC's motions for enhanced damages, for attorneys' fees, for permanent injunction, and for other post-judgment relief. (Dkt. No. 814.) The Court's docket entry stated that the "Court will hear oral argument. This will not be an evidentiary hearing." (*Id.*) Because Vita-Mix may not offer evidence at the September 10 hearing, Vita-Mix renews its request for an evidentiary hearing and hereby makes its "conditional" motion for such a hearing unconditional.

## Argument In Reply

### I. The Court Should Order An Evidentiary Hearing To Uphold Vita-Mix's Due Process Rights

K-TEC opposes an evidentiary hearing by arguing that the categories of evidence that Vita-Mix cites as justifying a hearing are irrelevant, or were previously offered at trial. (K-TEC Memo. at 1, Dkt. No. 813.) K-TEC is mistaken. The evidence cited by Vita-Mix is not redundant and is directly relevant to the disputed factual issues raised by K-TEC's post-trial motions. Indeed, due process mandates that Vita-Mix have a full and fair opportunity to present evidence to defend itself against K-TEC's post-trial demand that over $25 million be added to the jury's $11 million verdict.

"The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S.

319, 333 (1976) (internal quotation marks omitted). Accordingly, fundamental fairness and due process requires that a party have the opportunity to present evidence on the allegations of the complaint, a party's defenses, and other contested factual issues. *Girardi v. Heep*, 1999 U.S. App. LEXIS 34309, *11-12 (4th Cir. Dec. 30, 1999); *In re Complaint of Bankers Trust Co.*, 752 F.2d 874, 890 (3d Cir. 1985) ("Due Process mandates that a judicial proceeding give all parties an opportunity to be heard on the critical and decisive allegations which go to the core of the parties' claim or defense and to present evidence on the contested facts."); *Thompson v. Madison County Bd. of Educ.*, 476 F.2d 676, 678 (5th Cir. 1973) (noting the significance of allowing a party to present evidence and concluding that "a court can only render a judgment after the parties have been afforded a full and fair trial on the claims properly before the court").

Where, as here, the parties dispute facts relevant to a substantial issue, such as a request for an additional $25 million, due process requires an evidentiary hearing, especially since Vita-Mix was not allowed to present all of its relevant, material evidence on this issue at trial.[1]

## II. The Court Should Reject K-TEC's Arguments Opposing An Evidentiary Hearing

### A. Evidence Of Brent Miller's Design Work Is Not Duplicative

K-TEC argues that further evidence of former Vita-Mix employee Brent Miller's design work would be "unnecessarily duplicative" because, according to K-

---

[1] While A post-trial evidentiary hearing cannot cure the prejudice that Vita-Mix has already suffered by the exclusion of material evidence at trial, it will help mitigate further prejudice.

TEC, "Brent Miller's work at Vita-Mix has been thoroughly vetted." (K-TEC Memo. at 2.) That is not true. Although Mr. Miller told the jury about some of his design work, the Court sustained K-TEC's objection and barred Mr. Miller from telling the whole story. (Transcript at 101.) Because the jury heard only a portion of what Mr. Miller conceived of and designed, due process requires that Vita-Mix have the opportunity to present all of the relevant evidence on that subject.

K-TEC argues that Mr. Miller's excluded testimony is inadmissible because, according to K-TEC, Vita-Mix did not show that Vita-Mix used Mr. Miller's work when it designed the XP container. That also is not true. Mr. Miller was a Vita-Mix employee when he performed his design work. The drawings and other documents he created were owned by and in the possession of Vita-Mix at the time it designed the MP and XP containers. Moreover, Mr. Miller testified that he shared his design work with others at Vita-Mix, including John Barnard. (Transcript at 107-112.) Moreover, two other Vita-Mix employees who are still with the company, Rick Boozer and Michael Anton, are co-inventors on Mr. Miller's patent.

That is more than enough evidence for a reasonable jury to decide that Vita-Mix was in possession of and used Mr. Miller's designs when it created the MP and XP containers. Therefore, nothing remained for Vita-Mix to show at the time the Court excluded Mr. Miller's designs, including his "square within a square" drawings. Consequently, the testimony and documents relating to Mr. Miller's design work, which the Court excluded from trial, is relevant and should have been admitted at trial. Because that evidence rebuts K-TEC's copying claim, which is the

centerpiece of its post-trial demand for enhanced damages and attorneys' fees, an evidentiary hearing is warranted for the Court to receive and consider those documents in deciding whether to enhance damages and award attorneys' fees.

### B. Evidence Regarding K-TEC's '876 Patent Is Relevant

K-TEC also argues that any evidence about its '876 patent is irrelevant. Not so. K-TEC's post-trial motions argue that Vita-Mix had no credible grounds to doubt the validity of the '117 and '842 patents. (K-TEC Memo. in Sup. at 5, 14-15, Dkt. No. 785.) However, the '876 patent is related to the '117 and '842 patents and claims similar technology. That K-TEC sued Vita-Mix for infringement of the '876 patent, and then voluntarily dismissed the suit after Vita-Mix told it that K-TEC's own 4-sided jar invalidated the patent, shows Vita-Mix had a good faith belief that prior art invalidated K-TEC's similar patents in this action. Evidence about the '876 patent, therefore, is relevant to Vita-Mix's state of mind and the strength of its defenses, subjects that K-TEC's post-trial motions put directly at issue.

### C. Evidence That The USPTO Did Not "Consider" The Ash Patent Is Relevant

K-TEC says any evidence about the USPTO's analysis of Ash is irrelevant and duplicative. K-TEC is again mistaken. At trial, K-TEC repeatedly told the jury that the USPTO considered Ash, (*e.g.*, Transcript at 41), and Vita-Mix tried to correct that incorrect statement by having its expert Dr. Lee Swanger explain that the USPTO did not consider Ash (e.*g.*, *id.* at 293.) But the Court barred the parties from presenting further evidence on the issue. (*See id.* at 386-92, 1000.)

Given that one of Vita-Mix's principal invalidity defenses was that Ash invalidates the K-TEC patents, that the USPTO issued K-TEC's patents without considering Ash is directly relevant to the strength of Vita-Mix's invalidity defense. The evidence about the USPTO's consideration of Ash therefore is relevant to rebut K-TEC's arguments for enhanced damages and attorneys' fees. Indeed, K-TEC effectively conceded the relevance of the USPTO's review of Ash by trying to elicit testimony about it from K-TEC's officer, Richard Galbraith. (Transcript at 984.) (Q: "To your knowledge, did they review the Ash patent?") The jury heard only vague and conflicting references on this issue. Due process demands that Vita-Mix have the opportunity to present all of its evidence regarding the USPTO's review of Ash with regard to the K-TEC patents.

### D. Reexamination Is Relevant To Show The Strength Of Vita-Mix's Invalidity Defenses

K-TEC also claims that any evidence about reexamination of the K-TEC patents by the USPTO is irrelevant. However, K-TEC's argument contradicts its own use of the reexamination proceedings at trial. K-TEC elicited testimony from its witnesses about the reexamination proceedings. As an example, K-TEC officer Richard Galbraith testified that the USPTO had reaffirmed the patents through reexamination. (Transcript at 997-98.) K-TEC also asked Vita-Mix's expert, Dr. Lee Swanger, about his opinion on reexamination matters. (*Id.* at 409-15.) K-TEC's use of the reexamination proceedings at trial, through witnesses and attorney argument, effectively concedes those proceedings are relevant to the validity issue.

That the USPTO ordered reexamination and initially rejected all of the claims at issue as invalid is relevant to refute K-TEC's arguments that Vita-Mix's invalidity defenses were baseless. The USPTO evidently found merit in Vita-Mix's arguments because initially it rejected the patents' claims. Significantly, the Court agreed with the USPTO that Vita-Mix raised substantial questions regarding the validity of K-TEC's patents by staying this case pending reexamination. Because Vita-Mix relied on the Court's orders staying this case, K-TEC cannot legitimately dispute the relevancy of that fact. The Court should order an evidentiary hearing so Vita-Mix will have a full and fair opportunity to offer evidence about the reexamination and the grounds for the USPTO's initial rejections.

### E. Vita-Mix Should Have A Full Opportunity To Refute K-TEC's Claims About The Multiple Prototypes Of Blender Jars

Arguing in favor of enhanced damages, K-TEC claims that "Vita-Mix considered fourteen design around (i.e., non-infringing) options of all different geometries, but continued with its infringing XP container." (K-TEC Memo. in Sup. At 4, Dkt. No. 785.) Because K-TEC's motion puts the prototypes that Jonathan Katz testified about directly at issue, Vita-Mix's evidence that the prototypes described by Katz did not relate to the XP container is directly relevant.

While the Court permitted Robert Ulanski to testify a bit about those prototypes, the Court excluded him from testifying fully on the subject and barred Vita-Mix from offering exhibits relating to the prototypes. (*See* Transcript at 1540, 1542.) In particular, the Court precluded Mr. Ulanski from offering documents that would have conclusively demonstrated the fallacy of K-TEC's arguments regarding

the alleged prototypes. At that point, K-TEC dropped its spoliation claim. Now, however, K-TEC attempts to resurrect spoliation and its related arguments in support of its request for enhanced damages and attorneys' fees. Due process therefore dictates that Vita-Mix have an opportunity to present all of its evidence to show that the prototypes touted by K-TEC do not relate to the XP design.

### F. K-TEC's Reply Brief Further Shows The Need For An Evidentiary Hearing

Finally, K-TEC makes a number of arguments in its reply brief in support of its motion for enhanced damages and attorneys' fees (Dkt. No. 816) that further shows the necessity of an evidentiary hearing. That is because K-TEC raises a number of additional issues on which Vita-Mix was not allowed to present all of its evidence at trial, including the closeness of the infringement and claim construction issues and the reason why K-TEC dropped 48 of the 51 claims it initially asserted (including one for which the Court had already granted summary judgment of infringement). The Court therefore should afford Vita-Mix the opportunity to present all of this additional evidence to show that it is not a willful infringer and that an award of enhanced damages and attorneys' fees should be denied.

### Conclusion

For the foregoing reasons and for the reasons offered in Vita-Mix's memorandum in support of its motion, the Court should convene an evidentiary hearing.

Respectfully submitted,

DATED: September 9, 2010

   /s/ David T. Movius
Attorney for Vita-Mix Corporation

## CERTIFICATE OF SERVICE

I hereby certify that, on September 9, 2010, a copy of the foregoing ***Vita-Mix's Reply Memorandum In Support Of Its Conditional Motion For Evidentiary Hearing*** was electronically served using the Court's Electronic Case Filing (ECF) system and the parties have been served by electronic notice through the Court's ECF system.

          /s/ David T. Movius
      One of the Attorneys for Vita-Mix Corporation

{2342002:}