IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| K-TEC, INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>VITA-MIX CORP., an Ohio corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:06-cv-108<br><br>District Judge Tena Campbell |

Before the court are the parties' joint motion for entry of an amended judgment[1] and Vita-Mix Corp.'s ("Vita-Mix") motion for review of taxed costs.[2] The court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f). In their joint motion for entry of an amended judgment, the parties request that the court resolve the two remaining issues of taxable costs and post-verdict damages. The court will address each issue in turn.

## I. Taxable Costs

Soon after the filing of their joint motion for entry of an amended judgment, the Clerk of the Court entered a taxation of costs.[3] Although that appeared to resolve one of the two issues

---

[1] *See* docket no. 898.

[2] *See* docket no. 903.

[3] *See* docket no. 900.

referenced above, Vita-Mix subsequently filed its motion for review of taxed costs. The court turns to addressing that motion to resolve any remaining disputes about taxable costs.

> [T]he taxing of costs pursuant to Rule 54(d)(1) rests in the sound judicial discretion of the trial court, and an abuse of that discretion occurs only where the trial court bases its decision on an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling. The trial court's exercise of this discretionary power turns on whether or not the costs are for materials necessarily obtained for use in the case. Further, the burden is on the party seeking costs . . . to establish the amount of compensable costs and expenses to which it is entitled and assumes the risk of failing to meet that burden.

*Allison v. Bank One - Denver*, 289 F.3d 1223, 1248-49 (10th Cir. 2002) (quotations and citations omitted); *see also* 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d)(1).

Vita-Mix seeks review of costs awarded to K-TEC, Inc. ("K-TEC") in the following four categories: (A) overall taxation of costs, (B) stenographic and video deposition costs, (C) costs of daily transcripts, and (D) copying and exemplification costs.

### A. Overall Taxation of Costs

Vita-Mix argues that the court should defer a ruling on taxation of costs pending resolution of the appeal in this case because the outcome of the appeal may affect whether K-TEC is viewed as the "prevailing party." Fed. R. Civ. P. 54(d)(1); *see also* 28 U.S.C. § 1920. The court disagrees. K-TEC is the prevailing party at this point in the litigation and is entitled to recover its costs. *See* Fed. R. Civ. P. 54(d)(1); *see also* 28 U.S.C. § 1920.

B.  Stenographic and Video Deposition Costs

In the taxation of costs, the Clerk of the Court awarded costs to K-TEC for both stenographic and video copies for four depositions.  The Clerk of the Court determined that K-TEC had established the necessary use at trial for those four video depositions and, consequently, allowed costs for both methods of recording for those four depositions.

Pursuant to 28 U.S.C. § 1920, taxed costs may include "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  Vita-Mix argues that the use of the disjunctive in that statutory provision means that K-TEC may recover fees for a stenographic copy of a deposition or fees for a video copy of a deposition, but not fees for both.

While it is true that the statute is phrased in the disjunctive, the key issue is whether the stenographic copies and video copies at issue were "necessarily obtained for use in the case." *Id*.; *see also Allison*, 289 F.3d at 1248-49.  The court agrees with the Clerk of the Court's conclusion that K-TEC established the necessary use of the four video depositions at trial.  The court is also persuaded that the stenographic copies of those depositions were "necessarily obtained for use in the case."  28 U.S.C. § 1920(2); *see also, e.g.*, *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1478 (10th Cir. 1997) (concluding, under the former version of 28 U.S.C. § 1920, "that the district court did not abuse its discretion in taxing the costs of both the preparation and transcription of the seven videotaped depositions" and noting "that in most cases, a stenographic transcript of a videotaped deposition will be 'necessarily obtained for use in the case'").

### C. Costs of Daily Transcripts

Vita-Mix argues that K-TEC should not be allowed to recover costs for daily transcripts of the trial because they were not necessary, but instead were prepared for K-TEC's counsel's convenience. The court disagrees. As the Clerk of the Court noted in the taxation of costs, issues were briefed during trial that utilized trial testimony, and it appears that counsel for both parties made use of the daily transcripts during trial, for post-trial motions, and for the appeal. The court is persuaded that the daily transcripts were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2).

### D. Copying and Exemplification Costs

Vita-Mix asserts that the court should disallow the copying and exemplification costs allowed by the Clerk of the Court because K-TEC has not supported those costs with enough documentation to show the nature of the documents copied, how the documents were used, and why the copying was necessary for use in the case. In response, K-TEC contends that in litigation as complex and lengthy as this case, it is not feasible or possible to account for every single page copied. K-TEC also asserts that the requested costs are reasonable and sufficiently supported under the circumstances of this case.

The court agrees with both K-TEC and the Clerk of the Court. Under the circumstances of this complex, lengthy, and contentious litigation, the court finds the amount requested by K-TEC for copying and exemplification costs is reasonable and should be allowed.

The court has rejected all of Vita-Mix's arguments in support of its motion for review of taxed costs. Accordingly, that motion is denied, and the Clerk of the Court's taxation of costs is upheld in its entirety.

## II. Post-Verdict Damages

In a memorandum decision and order dated January 26, 2011, this court addressed multiple issues, including the issue of post-verdict damages.[4] In that order, this court denied Vita-Mix's request for a jury trial on that issue and determined that the language of the pretrial order was broad enough to encompass post-verdict damages.[5] In order to determine the appropriate amount of post-verdict damages, the court ordered Vita-Mix to submit an accounting of its infringing sales from the date of the jury verdict, June 17, 2010, through the date of the order and permanent injunction, January 26, 2011.[6] The court also ordered the parties to submit simultaneous memoranda, not to exceed five pages, on the appropriate amount of post-verdict damages.[7] The court has received and carefully considered all of the above-referenced submissions. Now being fully advised, the court is prepared to rule.

In its memorandum, K-TEC requests $97,349 in compensatory post-verdict damages. K-TEC also requests $194,698 in enhanced post-verdict damages and any further enhanced post-verdict damages the court deems appropriate.

---

[4] *See* docket no. 872.

[5] *See id*. at 15.

[6] *See id*.

[7] *See id*.

In its memorandum, Vita-Mix asserts that any post-verdict damages must be decided by a jury. Vita-Mix also argues that K-TEC cannot meet its burden of proving post-verdict damages because applying the damages model used by the jury to Vita-Mix's post-verdict sales would constitute impermissible speculation and guesswork.

For the following reasons, the court has determined that Vita-Mix's arguments are without merit. First, the court previously rejected Vita-Mix's argument concerning its right to a jury trial on the issue of post-verdict damages, and the court rejects it again here. Second, the court is not persuaded that applying the damages model used by the jury to Vita-Mix's post-verdict sales constitutes impermissible speculation and guesswork. Where, as here, the jury's verdict was based on a particular damages model, the court is convinced that same model can be applied to Vita-Mix's post-verdict sales with adequate specificity to determine post-verdict damages. *See, e.g.*, *i4i Ltd. P'ship v. Microsoft Corp.*, 670 F. Supp. 2d 568, 596-97 (E.D. Tex. 2009), *aff'd* 598 F.3d 831 (Fed. Cir. 2010), *cert. granted*, 131 S. Ct. 647 (2010). Finally, the court is persuaded that an award of post-verdict damages is necessary to compensate K-TEC for the entire period of infringement. *See, e.g.*, *Mikohn Gaming Corp. v. Acres Gaming, Inc.*, No. CV-S-98-1462-EJW (LRL), 2001 U.S. Dist. LEXIS 23416, *64-65 (D. Nev. Aug. 1, 2001) (unpublished).

The court has determined that K-TEC's requested award of $97,349 in compensatory post-verdict damages is appropriate. At the same time, the court concludes that its previous award of enhanced damages is more than adequate, and an enhancement of post-verdict damages will not be awarded.

III. Conclusion

In summary, IT IS HEREBY ORDERED:

1. Vita-Mix's motion for review of taxed costs[8] is DENIED.

2. The parties' motion for entry of an amended judgment[9] is GRANTED.

   a. K-TEC is awarded $97,349 in compensatory post-verdict damages.

   b. No enhanced post-verdict damages are awarded.

3. The Clerk of the Court is directed to enter an amended judgment consistent with this order, the original judgment, and all other orders of the court.

DATED this 18th day of May, 2011.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge

---

[8] *See* docket no. 903.

[9] *See* docket no. 898.